# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

YAACOV APELBAUM, a New York resident,
and XRVISION, LTD., a New York corporation,

    Plaintiffs,

v.

STEFANIE LAMBERT, a Michigan resident, and
THE LAW OFFICE OF STEFANIE L. LAMBERT,
PLLC, a Michigan professional limited liability company
and BILL BACHENBERG, a Pennsylvania resident,

    Defendants.

Case No. 2:23-cv-11718

Hon. Stephen J. Murphy, III
Hon. Anthony P. Patti

---

| BURNS LAW FIRM | STUART LAW, PLC |
|---|---|
| John C. Burns | Todd A. Stuart |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |
| PO Box 191250 | 429 Turner Ave. NW |
| St. Louis, Missouri 63119 | Grand Rapids, MI 49504 |
| P: (314) 329-5040 | Office: 616-284-1658 |
| F: (314) 282-8136 | tstuart@stuartlawplc.com |
| john@burns-law-firm.com | |

---

## **PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE**

    Plaintiffs, by their attorneys, pursuant to Rule 2.105(I) of the Michigan Court Rules of 1985 (MCR), made applicable to this proceeding by virtue of the Federal Rule of Civil Procedure 4(e), respectfully request entry of an order allowing alternative service as to Defendants Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC by stating as follows:

1. The Complaint in this matter was filed on July 18, 2023 (Dkt. #1).

2. The Complaint and Summons in this matter were forwarded to Ty Bailey of Motor City Legal Process Servers, LLC, for service.

3. The home address of Defendant Stefanie Lambert is unclear. Defendant Lambert has gone by at least four (4) known names, including but not limited to Stefanie Lambert, Stefanie Serafinski, Stefanie Junttila, and Stefanie Lynn. Using skip tracing databases, Plaintiffs determined there were likely four (4) possible home residences for Defendant Lambert, including:

    a) 6386 Thorncrest Dr., Bloomfield Hills, MI 48301;

    b) 1162 Horseshoe Dr. South Lyon, MI 48178;

    c) 1057 Country Club Dr. #61, Saint Clair Shores, MI 48082; and

    d) 19245 23 Mile Rd., Macomb, MI 48042.

4  As verified by the affidavit attached to this motion, Mr. Bailey unsuccessfully attempted service of defendant at 6836 Thorncrest Dr. on:

    i. July 23, 2023 at 7 p.m.  He received no answer.

    ii. July 28, 2023 at 8:30 a.m.  He received no answer.

    iii. August 1, 2023 at 11 a.m.  He received no answer.

    iv. August 3, 2023 at 4 p.m.  He received no answer.

    v. August 7, 2023 at 9 p.m.  He received no answer, and determined the Defendant was evading service.

5. Mr. Bailey is unable to ascertain when anyone from defendant will be at the registered office and residence location at 6836 Thorncrest Dr., who will respond to his attempt to make service.

6. As verified by the affidavit attached to this motion, Mr. Bailey unsuccessfully attempted service of defendant at 1162 Horseshoe Dr. on:

    i. October 3, 2023 at 6:30 a.m.  He received no answer.

    ii. October 6, 2023 at 11:30 a.m.  He received no answer.

    iii. October 10, 2023 at 8 p.m. He received no answer.

7. Mr. Bailey is unable to ascertain when anyone from defendant will be at the registered office and residence location at 1162 Horseshoe Dr., who will respond to his attempt to make service.

8. As verified by the affidavit attached to this motion, Mr. Bailey unsuccessfully attempted service of defendant at 1057 Country Club Dr. on:

    i.      October 13, 2023 at 6 p.m.  He received no answer.

    ii.     October 16, 2023 at 7:30 a.m. He received no answer.

    iii.    October 19, 2023 at 8:15 a.m. He received no answer.

9. Mr. Bailey is unable to ascertain when anyone from defendant will be at the registered office and residence location at 1162 Horseshoe Dr., who will respond to his attempt to make service.

10. As verified by the affidavit attached to this motion, Mr. Bailey unsuccessfully attempted service of defendant at 19245 23 Mile Rd. on:

    i.      October 21, 2023 at 7 p.m.  He received no answer.

    ii.     October 23, 2023 at 2 p.m.  He received no answer.

    iii.    October 25, 2023 at 9 a.m.  He received no answer.

11. Mr. Bailey is unable to ascertain when anyone from defendant will be at the registered office and residence location at 1162 Horseshoe Dr., who will respond to his attempt to make service.

12. Defendant Stefanie Lambert is listed as the registered agent on corporation DePerno Lambert, PLLC, with her registered agent office listed as 9089 Spencer Rd., South Lyon, MI 48178.  See Exhibit 2, attached.

13. As verified by the affidavit attached to this motion, Mr. Bailey unsuccessfully attempted service of defendant at 9089 Spencer Rd. on:

    i. August 10, 2023 at 8:15 a.m.  He received no answer.

    ii. August 13, 2023 at 1:20 p.m.  He received no answer.

    iii. August 16, 2023 at 8:30 p.m.  He received no answer.

    iv. August 20, 2023 at 7 a.m.  He received no answer.

14. Mr. Bailey is unable to ascertain when anyone from defendant will be at the registered office and residence location at 9089 Spencer Rd., who will respond to his attempt to make service.

15. Additionally, Mr. Bailey attempted to serve Defendant Lambert at the office of the registered agent for The Law Office of Stefanie L. Lambert, PLLC (Defendant Lambert is the registered agent – see Exhibit 3, attached) on November 11, 2023 at 500 Griswold Street, Ste. 2340, Detroit, MI 48226.

16. As seen in a forthcoming affidavit (Plaintiffs are awaiting receipt and will file with the Court immediately upon receipt), Mr. Bailey spoke with a security guard at the Griswold location.  The guard informed him that Ms. Lambert's name had been removed from the building's registry some time ago.  Nevertheless, Mr. Bailey will continue to make a further two (2) attempts at service at this location. Should service be effected, Plaintiffs will notify the Court immediately. However, given the representations of the guard, Plaintiffs do not expect they will have success here, either.

17. According to numerous recent media reports, Defendant Lambert is represented by attorney Michael J. Smith. See exhibits 4-7, attached.  Mr. Smith is quoted in many media outlets commenting on his representation of Defendant Lambert.

18. On or about July 31, 2023, Plaintiffs' counsel emailed Attorney Smith and asked him if he he was representing Defendant Lambert in this matter and if he would be able to accept service

of process on behalf of Defendant Lambert. Mr. Smith did not respond.

19. On or about July 31, 2023, Plaintiff's counsel called Attorney Smith's office and placed a message with Mr. Smith's assistant. This assistant eventually returned Plaintiffs' counsel's call, informing Plaintiffs' counsel that Attorney Smith could not accept service.

20. On or about October 2, 2023, Defendant Bill Bachenberg was served in Pennsylvania. (Dkt. #4).

21. On or about October 20, 2023, Attorney Smith contacted Plaintiffs' counsel and indicated he would be representing Defendant Bill Bachenberg.

22. Attorney Smith requested a 30-day extension on the deadline to respond to Plaintiffs' Complaint.

23. Plaintiffs' counsel initially granted a 7-day extension on October 20, 2023, followed by a 23-day extension on October 25, 2023. See Exhibit 9, attached.

24. Plaintiffs have exhausted attempted to serve Defendant Lambert through normal means, and have legitimate reason to believe that Defendant Lambert knows of this lawsuit and yet has evaded service.

25. Because of this, Plaintiffs request that the Court make and enter an order permitting alternate service.

26. Federal Rule of Civil Procedure 4(e)(1) and 4(h)(1) provides that service of the summons and complaint may be made on domestic corporations pursuant to the law of the state in which the district court is located. MCR 2.105(D) provides that process may be served on a private corporation by serving a summons and a copy of the complaint on an officer or resident agent.

27. For the reasons stated herein, plaintiffs are unable to serve defendant in the manner provided in the applicable court rules. It appears that defendant is attempting to evade service by refusing to answer the door and/or respond to requests to call Mr. Bailey.

28. MCR 2.105(I)(l) permits the Court to enter an order allowing service of process to be made in any manner reasonably calculated to give a defendant actual notice of the proceedings and an opportunity to be heard, upon a showing that service cannot be reasonably made as otherwise provided by the court rules.

29. Plaintiffs respectfully request that they be permitted to serve defendant in the following alternative manner: the process server would post copies of the Summons, Complaint and Order Granting Plaintiffs' Motion for Alternative Service on the front door of the Defendant The Law Office of Stefanie L. Lambert, PLLC registered office location at 500 Griswold Street, Ste. 2340, Detroit Michigan, 48226, or, alternatively, by leaving said Summons, Complaint and Order Granting Plaintiffs' Motion for Alternative Service with any responsible adult at that location, and also by mailing a copy of said documents to defendant by certified and regular mail to defendant at the same address.

30. Plaintiffs respectfully request that they be permitted to serve defendant in the following alternative manner: the process server would post copies of the Summons, Complaint and Order Granting Plaintiffs' Motion for Alternative Service on the front door of the Defendant Lambert at the four locations previously attempted (see immediately below) or, alternatively, by leaving said Summons, Complaint and Order Granting Plaintiffs' Motion for Alternative Service with any responsible adult at that location, and also by mailing a copy of said documents to defendant by certified and regular mail to defendant at the same address. Locations:

  i.   6386 Thorncrest Dr., Bloomfield Hills, MI 48301;

  ii.  1162 Horseshoe Dr. South Lyon, MI 48178;

  iii. 1057 Country Club Dr. #61, Saint Clair Shores, MI 48082; and

  iv.  19245 23 Mile Rd., Macomb, MI 48042.

31. Should the Court permit plaintiffs to serve defendant in the manner requested, it is a

virtual certainty that the manner will give Defendant actual notice of the proceedings and an opportunity to be heard – despite the fact that Defendant Lambert likely already has actual notice of the proceedings, since she presumably was contacted by Attorney Smith, her counsel in other matters, who would have been ethically bound to ask Defendant Lambert if he could accept service on her behalf upon being questioned directly by Plaintiffs' counsel.

WHEREFORE, Plaintiffs move that this Court enter an order permitting them to obtain service on Defendants Stefanie Lambert and The Law Office of Stefanie Lambert, PLLC by posting copies of the Summons, Complaint, and Order Granting Plaintiffs Motion for Alternative Service as more fully described herein.

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

NOW COMES PLAINTIFFS, by and through their attorneys, and for their Brief in Support of their Motion for Alternative Service, rely on their Motion and Rule 2.105(I) of the Michigan Court Rules of 1985 (MCR), made applicable to this proceeding by virtue of Federal Rule of Civil Procedure 4(e).

Dated:	November 13, 2023

Respectfully submitted,
BURNS LAW FIRM

/s/ *John C. Burns*
John C. Burns
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
john@burns-law-firm.com

STUART LAW, PLC
Todd A. Stuart
429 Turner Ave. NW
Grand Rapids, MI 49504
Office: 616-284-1658
tstuart@stuartlawplc.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 13, 2023, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.

/s/ John C. Burns