UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| YAACOV APELBAUM, a New York resident, and XRVISION, LTD., a New York corporation,<br><br>Plaintiffs,<br>v.<br><br>STEFANIE LAMBERT, a Michigan resident, and THE LAW OFFICE OF STEFANIE L. LAMBERT, PLLC, A Michigan professional limited liability company And BILL BACHENBERG, a Pennsylvania resident,<br><br>Defendants. | Case No. 2:23-cv-11718<br><br>Hon. Stephen J. Murphy, III |

_____/

| | |
|---|---|
| **BURNS LAW FIRM**<br>John C. Burns*<br>Attorneys for Plaintiffs<br>PO Box 191250<br>St. Louis, Missouri 63119<br>(314) 329-5040<br>TBLF@pm.me<br>*admission to the Eastern District<br>Of Michigan pending<br><br>**STUART LAW, PLC**<br>Todd A. Stuart<br>Attorneys for Plaintiffs<br>429 Turner Ave. NW<br>Grand Rapids, MI 49504<br>(616) 284-1658<br>tstuart@stuartlawplc,com | **THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC**<br>Michael J. Smith (P36706)<br>Jacob A. Perrone (P71915)<br>Daniel L. Price (P60353)<br>Attorneys for Defendant, BILL BACHENBERG, ONLY<br>70 Macomb Place, Suite 200<br>Mt. Clemens, MI 48043<br>(586) 254-0200<br>msmith@mikesmithlaw.com<br>jperrone@mikesmithlaw.com<br>dprice@mikesmithlaw.com |

_____/

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

1

**NOW COMES** Defendant, **BILL BACHENBERG**, by and through his attorneys, **THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC.**, and for Defendant's Affirmative Defenses, states onto this Honorable Court as follows:

1. Defendant BACHENBERG asserts that the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b), and further provides that this defense is essentially never waived, as it may be asserted as late as trial, FED. R. CIV. P. 12(h).

2. Defendant BACHENBERG asserts that Plaintiff's claims may be barred, in whole or in part, by the statute of limitations.

3. Plaintiffs are estopped to assert any and all claims against Defendant BACHENBERG and may have waived "all or some" of those claims.

4. Defendant BACHENBERG asserts that Plaintiffs lack standing. Because of the case or controversy requirements of Article III of the Constitution, as well as the requirements of specific statutes, standing is a potential issue in any case. The burden of establishing standing is always on the plaintiff. See *Loren v. Blue Cross & Blue Shield of Mich.,* No. 06-2090, ___ F.3d ___, 2007 WL 2726704, at * 7 (6th Cir. Sept. 20, 2007).

5. Plaintiffs' claims are barred, in whole or in part, because Defendant BACHENBERG did not owe Plaintiff a duty, nor was there an agreement or a contract between Defendant BACHENBERG and Plaintiffs' relative to Plaintiffs' claims herein.

6. Plaintiffs' injuries are the result of a superseding cause not related to Defendant BACHENBERG action or inaction.  Plaintiffs' injuries and damages set forth in their Complaint were due to the negligent and/or intentional actions of Plaintiffs or others.

*The Law Firm of Michael J. Smith and Associates, PLLC (586) 254-0200*

7. There is no causal connection between the Plaintiffs' alleged injuries and damages and any conduct of Defendant, as the Defendant in no way contributed to the Plaintiffs' alleged injuries.

8. Defendant BACHENBERG asserts that Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

9. Plaintiffs' claims are barred by or reduced because of Plaintiffs' own negligence, comparative or contributory, which was the cause of the damages alleged.

10. All or part of Plaintiffs' alleged damages were directly or proximately caused by the Plaintiffs or persons other than the Defendant BACHENBERG.

11. Defendant BACHENBERG reserves the right to file any cross-claims, counter complaints, or third-party complaints, as deemed needed in this matter.

12. Plaintiffs' right to recovery, if any, must be offset by their failure to reasonably mitigate their alleged damages.

13. Any recovery by Plaintiffs is barred by their own improper conduct or "unclean hands," including conduct that caused or contributed to the damages Plaintiffs allege.

14. Plaintiff's claims are barred by the doctrine of laches.

15. Defendant BACHENBERG hereby incorporates and adopts by reference any and all defenses and affirmative defenses, whether factual or legal, which have been or may be raised by other Co-Defendants'.

16. Defendant BACHENBERG hereby asserts any and all affirmative defenses available under FED. R. CIV. P. 8(c)(1) as though fully restated herein.

17. Defendant BACHENBERG hereby asserts there are no genuine issues of material fact, and Defendant BACHENBERG is entitled to summary judgment as a matter of law as to all of Plaintiff's claims.

18. Defendant BACHENBERG hereby asserts any and all other affirmative defenses available at law or equity not otherwise stated herein.

19. Defendant BACHENBERG reserves the right to file additional affirmative defenses up until the date of trial.

20. Defendant BACHENBERG reserves the right to supplement these Affirmative Defenses as discovery, and this Honorable Court permits, up and until the trial in this matter.

WHEREFORE, Defendant BACHENBERG respectfully requests that this Honorable Court enter a dismissal with prejudice of the instant Complaint filed and further seeks an award for costs and attorney fees so wrongfully suffered.

Respectfully submitted,

THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC

Dated: November 16, 2023

/s/ Michael J. Smith_____

Michael J. Smith (P36706)
Jacob A. Perrone (P71915)
Daniel L. Price (P60353)
Attorney for Defendant BACHENBERG
70 Macomb Place, Suite 200
Mt. Clemens, Michigan 48043
(586) 254-0200

THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC (586) 254-0200