UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAACOV APELBAUM and XRVISION, LTD.,

          Plaintiffs,

v.

STEPHANIE LYNN LAMBERT, et al.,

          Defendants.

Case No. 2:23-cv-11718

HONORABLE STEPHEN J. MURPHY, III

/

**ORDER GRANTING MOTION FOR ALTERNATE SERVICE [6]**

Plaintiffs Yaacov Apelbaum and XRVision sued Defendants Stefanie Lambert, The Law Office of Stefanie L. Lambert, and Bill Bachenberg for libel, slander, breach of contract, tortious interference, promissory estoppel, and unjust enrichment claims. ECF 1. Despite countless attempts to serve the complaint on Defendants Lambert and The Law Office at multiple locations, Plaintiffs have been unable to do so. ECF 6. The Court will therefore permit alternate service on those Defendants for the following reasons.

First, Plaintiffs exhausted the federal and State procedures for serving Defendant Lambert in her personal capacity. An individual may be served by "following [S]tate law for serving a summons in an action brought in courts of general jurisdiction in the [S]tate where the district court is located or where service is made" or by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

1

Fed. R. Civ. P. 4(e)(1), 4(e)(2)(B). Plaintiffs unsuccessfully attempted the latter. Plaintiffs explained that Defendant Lambert's home address "is unclear" and that she "has gone by at least four known names." ECF 6, PgID 41 (alterations omitted). Plaintiffs identified four possible home residences and attempted service several times at each address. *Id*. at 41–43.

Alternatively, an individual may be served "by delivering [copies of the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. (4)(e)(2)(C). Plaintiffs asked attorney Michael J. Smith—who represents Defendant Bachenberg and who was believed to represent the other two Defendants—if he would accept service on Defendant Lambert's behalf, but Mr. Smith declined. ECF 6, PgID 44. It appears that Plaintiffs "exhausted attempt[s] to serve Defendant Lambert through normal means[] and have legitimate reason to believe that Defendant Lambert knows of this lawsuit and yet has evaded service." *Id.*

Next, Plaintiffs exhausted the federal and State procedures for serving Defendant The Law Office. Defendant Lambert is the registered agent for The Law Office. ECF 6-3, PgID 57. Professional limited liability companies may be served by "following [S]tate law" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B); *see also* Mich. Ct. R. 2.105(C) (permitting

2

service on limited partnerships by serving copies of the summons and complaint on "the person in charge of a partnership office" and by sending the same to "a general partner or agent for service of process at his or her usual residence or last known address"). Plaintiffs attempted service at the address registered to Defendant The Law Office, but a security guard informed the process server that Defendant Lambert's "name had been removed from the building's registry some time ago." ECF 6, PgID 43.

"On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). Although Defendant Lambert's address is unclear due to her various names and possible residences, the Court will permit service by the following method: (1) leaving copies of the summons, complaint, and this order with an adult at each of the four addresses associated with Defendant Lambert; (2) mailing copies of the summons, complaint and this order to each of the four locations; and (3) mailing copies of the summons, complaint, and this order to attorney Michael J. Smith. The Court believes that these three actions are "reasonably calculated to give [Defendant Lambert] actual notice of the proceedings." Mich. Ct. R. 2.105(J)(1).

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' motion for alternate service [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs must **SERVE** Defendants Stefanie L. Lambert and The Law Office of Stefanie L. Lambert as described above **no later than January 5, 2024.**

**IT IS FURTHER ORDERED** that Plaintiffs must **FILE** proof that service was made in accordance with this Order.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 12, 2023