UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAACOV APELBAUM and XRVISION, LTD.,

        Plaintiffs,

v.

STEPHANIE LYNN LAMBERT, et al.,

        Defendants.
_____/

Case No. 2:23-cv-11718

HONORABLE STEPHEN J. MURPHY, III

**ORDER REFERRING PARTIES**
**TO EARLY DISPUTE RESOLUTION**

    Plaintiffs Yaacov Apelbaum and XRVision sued Defendants Stephanie Lynn Lambert, The Law Office of Stefanie L. Lambert, and Bill Bachenberg for libel, slander, breach of contract, tortious interference, and promissory estoppel. ECF 1. Only Defendant Bachenberg accepted service and answered the complaint. ECF 9. The Lambert Defendants evaded service and are in default. ECF 16. After review of the allegations against Defendant Bachenberg and after meeting with Plaintiffs' counsel and Defendant Bachenberg's counsel during a Rule 16 Conference, the Court finds that the case is well suited for Early Dispute Resolution (EDR).[1] *See* E.D. Mich. L.R. 16.7. The Court believes that EDR will help resolve the case and is in the interest

---

[1] "Early Dispute Resolution or 'EDR' is a rigorous, comprehensive process for fairly and rapidly settling disputes, building on mediation and collaborative law practices that facilitate cooperation in an adversarial process. The goal of EDR is to resolve most disputes within 30 to 60 days from inception.'" *Early Dispute Resolution*, The EDR Institute, https://bit.ly/3GWW67o [https://perma.cc/Z5C7-5HJG].

1

of justice. The Court will therefore refer the parties to Mr. Michael G. Latiff for EDR.[2] The Court will refrain from ruling on Plaintiffs' motion for default judgment against the Lambert Defendants, ECF 17, until after Plaintiffs and Defendant Bachenberg engage in EDR.

Within three business days of this Order, the parties must arrange an initial phone call with Mr. Latiff. **All parties and their counsel must participate in the phone call.** During the phone call, the parties and Mr. Latiff must select a date that the EDR process will terminate. The termination date should be set **no later than May 10, 2024**.[3] All parties must exert best efforts to comply in good faith with the selected EDR deadlines.

The Court will also advise the parties that the EDR process may involve the exchange of limited discovery. Facilitated by an EDR neutral, the process allows for the exchange of information and documents so that each party has sufficient information to value the case and to make informed decisions on settlement. The EDR neutral will then work with each side to facilitate principled negotiation based on common risk-analysis factors.

---

[2] Mr. Latiff is a specially trained Early Dispute Resolution neutral. He can be reached by phone at (248) 220-1351 or by email at mlatiff@mcdonaldhopkins.com.

[3] The EDR process will usually last thirty to sixty days, depending on the complexity of the case. The process may be extended upon joint request by the parties. If the parties cannot resolve the case during the facilitated negotiations, the EDR neutral will conduct a formal mediation after the EDR termination date.

Last, the Court will stay the case until the EDR process is complete or until the Court otherwise finds that the stay should be lifted. The Court expects all parties to maintain the highest standards of civility and professionalism through the process.

**WHEREFORE** it is hereby **ORDERED** that the Court **REFERS** the parties to neutral Mr. Michael Latiff for Early Dispute Resolution and **ORDERS** the parties to proceed in compliance with Local Rule 16.4. The EDR process must terminate **no later than May 10, 2024**. The parties must contact the EDR neutral and provide the neutral with a copy of this order **no later than March 15, 2024** and must **NOTIFY** the Court of the termination date once it is set.

**IT IS FURTHER ORDERED** that the EDR neutral must **NOTIFY** the Court within seven days of completion of any EDR mediation, stating only the "date of completion, who participated, whether settlement was reached, and whether further [EDR] proceedings are contemplated." E.D. Mich. L.R. 16.4(e)(6). If a settlement is reached, the parties must **NOTIFY** the Court immediately upon completion of the EDR mediation and must **SUBMIT** a proposed order of dismissal within twenty-one days. *Id.* at 16.4(e)(7). If a settlement is not reached, the parties must **NOTIFY** the Court within seven days of the completion of the EDR mediation.

**IT IS FURTHER ORDERED** that the EDR neutral must be **COMPENSATED** by the parties at his usual rate and reimbursed for reasonable travel expenses. Both parties must split the costs and fees evenly, subject to redistribution by the Court. E.D. Mich. L.R. 16.4(d).

**IT IS FURTHER ORDERED** that the Clerk of the Court must **STAY** the case. The Court will lift the stay after the EDR process is completed.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 13, 2024