**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YAACOV APELBAUM, a New York resident, and
XRVISION, LTD., a New York corporation,

        Plaintiffs,             Case No. 2:23-cv-11718-SJM
                                                     Hon. Stephen J. Murphy

-v-

STEFANIE LAMBERT, a Michigan resident, and
THE LAW OFFICE OF STEFANIE L. LAMBERT,
PLLC, a Michigan Professional Limited Liability Company
And BILL BACHENBERG, a Pennsylvania resident,

        Defendants.
_____/

| | |
|---|---|
| THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC<br>Michael J. Smith (P36706)<br>Jamal R. Harris (P63835)<br>70 Macomb Place Suite 200<br>Mt. Clemens, MI 48043<br>P: (586) 254-0200<br>F: (586) 254-0201<br>mike@mikesmithlaw.com<br>jharris@mikesmithlaw.com | BURNS LAW FIRM<br>John C. Burns<br>Attorney for Plaintiffs<br>PO Box 191250<br>St. Louis, Missouri 63119<br>P: (314) 329-5040<br>F: (314) 282-8136<br>john@burns-law-firm.com |
| STUART LAW, PLC<br>Todd A. Stuart<br>Attorneys for Plaintiffs<br>429 NW Turner Ave.<br>Grand Rapids, MI 49504<br>P: 616-284-1658<br>tstuart@stuartlawplc.com | |

_____/

## DEFENDANT'S BILL BACHEBERG'S REQUEST FOR PRODUCTION OF DOCUMENTS

    NOW COMES Defendant BILL BACHENBERG, by and through his attorneys, THE

LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC, pursuant to Fed.R.Civ.P.

*THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC (586) 254-0200*

34, and for it's First Request for Production of Documents addressed to Plaintiffs, hereby requests Plaintiffs produce the following documents and things as follows:

## **GENERAL INSTRUCTIONS**

The following general instructions shall govern the interpretation and responses made to the Requests for Production:

1. The information sought herein must be given whether secured by Plaintiff's employee(s), representative(s), agent(s), and/or attorney(s), or by any other person having knowledge and from whom Plaintiff can get this information, and who is competent to testify to the facts stated.

2. These Requests for Production are deemed continuing, and Plaintiff is requested to provide, by way of supplementary responses, such additional information as may thereafter be obtained by Plaintiff or any other person on Plaintiff's behalf which will supplement and/or modify any responses now given to these Requests for Production.

3. Words importing the singular shall be construed to include the plural, and words importing the plural shall be construed to include the singular.

4. The phrases conjunctive shall be construed to include the disjunctive, and any phrases in the disjunctive shall be construed to include the conjunctive.

5. Any objection to any Request for Production or to any type or category of materials shall state specifically, as to each document or item, the reason for the objection and shall identify, by author, title, date, and subject matter, each individual document subject to objection.

6. You are cautioned to omit nothing by way of information or detail; Defendant will assume that, where documents are neither identified nor produced, nor other information stated, such do not exist and when detail is missing, it cannot be provided, and Defendant will urge the Court to rule that Plaintiff cannot use, in any manner in relation to this action, any information or detail not furnished in Plaintiff's Responses or in responsive documents.

7. Materials responsive to these Requests for Production which have been lost or destroyed shall be identified with particularity, including the date, last known location, and the last person in custody or control, and the reason for the materials' loss or destruction shall be stated.

8. Materials called for by these Requests for Production include all responsive items, regardless of whether they have been superseded, amended, revised, rewritten, redrafted, rejected, or rendered obsolete.

9. Materials or copies of materials otherwise identical shall be produced if they contain any communication, notion, or recording that does not appear on another copy or that does not appear on the original.

10. In these Requests for Production, a general or categorical description of materials is in no way limited or qualified by specific items that are mentioned as examples of the general category. The enumeration of specific items is for illustrative purposes only and is not to be considered as a limitation.

11. If there is any claim of privilege or work product in regard to any of the requested records, documents, or papers, please set forth fully in the objection the facts upon which Plaintiff relies as the basis for its objection; identify by author, title, date, and subject matter the documents or other items as to which any claim of privilege is made; and respond

*The Law Firm of Michael J. Smith and Associates, PLLC (586) 254-0200*

to the Request For Production to the extent that it calls for information as to which Plaintiff does not claim a privilege.

### ***DEFINITIONS***

1. As used herein, the term "documents" shall have its customary broad meaning of any and all written or graphic or printed matter of every kind and description, however produced or reproduced, however stored or kept, whether draft or final, original, facsimile, or reproduction, in the actual or constructive possession, custody, and/or control of Plaintiff, or its attorneys, agents, employees, and/or representatives, and shall include, without limitation, the following items: correspondence, records, memoranda, notes, letters, telegrams, e-mails, electronic communications, schedules, tables, charts, reports, files, invoices, statements, orders, order forms, receipts, minutes, inter-office communications, messages (including reports of telephone conversations or conferences), notices, brochures, pamphlets, books, transcripts of any and all oral communications, contracts, agreements, test results, data, and all other materials similar to any of the foregoing, however denominated by Plaintiff. The term "documents" also includes such non-printed matter as voice recordings and reproductions, film impressions, digital images, photographs, videotapes, negatives, slides, microfilm, microfiche, voice discs, and all other things that document or record ideas, words, or impressions. The term "documents" further includes all punch cards, tapes, discs, recordings, storage materials, and all other items used in electronic data processing and/or storage, together with the programming instructions and other materials necessary to understand or use such punch cards, tapes, discs, or other recordings, and also includes data in electronic or other form that can be

*The Law Firm of Michael J. Smith and Associates, PLLC (586) 254-0200*

printed out or reduced to readable or usable forms through proper programming or decoding of electronic or computer or other similar information.

2. As used herein, "Plaintiff" includes Plaintiff, Plaintiff's attorneys, and Plaintiff's representatives.

3. The term "occurrence" as used herein is defined to refer to the occurrence averred in the Complaint.

4. The term "photographs" is intended to include black and white or color photographs, slides, prints of transparencies, digital or electronic images, videotapes, and/or motion pictures.

5. The phrase "documents relating to" is intended to refer to documents which, in whole or in part, relate to the designated category of information described.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Request to Produce No. 1: Please produce the written agreement which you allege in Paragraph 21 of your Complaint evidences a One-million-dollar ($1,000,000) line of credit for Lambert and the PLLC.

RESPONSE:

Request to Produce No. 2: Please produce all documents which you contend establish, support, relate to or comprise the alleged damages sought by Plaintiff Yaacov Apelbaum individually as alleged in your Complaint.

RESPONSE:

*The Law Firm of Michael J. Smith and Associates, PLLC (586) 254-0200*

Request to Produce No. 3: Please produce all documents which you contend establish, support, relate to or compromise the alleged damages sought by Plaintiff XR Vision, Ltd. As alleged in your Complaint.

RESPONSE:

Request to Produce No. 4: Please produce a copy of the one payment (whether by check, wire, etc.) for one project received by you on December 29, 2021, as alleged in paragraph 29 of your complaint.

RESPONSE:

Request to Produce No. 5: For the period of time May 1, 2021, to June 30, 2021, please produce all engagement agreements, letter agreements and/or contracts between any Plaintiff and Defendant the Law Office Of Stefanie L. Lambert, PLLC and/or Defendant Stefanie L. Lambert.

RESPONSE:

Request to Produce No. 6: For the period of time May 1, 2021, to the present, produce all correspondence, e-mails, Electronically Stored Information and documents between any Plaintiff and Defendant The Law Office of Stefanie L. Lambert, PLLC and/or Defendant Stefanie L. Lambert.

RESPONSE:

Request to Produce No. 7: For Text messages sent and/or received between the period of time May 1, 2021 to July 18, 2023, produce for inspection and copying your phone number so that all text messages between any Plaintiff and Defendants Stefanie Lambert, The Law Office Of Stefanie Lambert, The Law Office of Stefanie L. Lambert, PLLC and Bill Bachenberg may be copied and produce.

RESPONSE:

Request to Produce No. 8: For the period of time May 1, 2021, to July 18, 2023, please produce a copy of all invoices, statements, correspondence, or documents requesting payment issued by Plaintiffs to any Defendant in this action.

RESPONSE:

Request to Produce No. 9: Please produce a copy of the Project Sampson document specifically referenced and incorporated into the March 8, 2022, agreement between XR Vision and the Defendant Law Office of Stefanie L. Lambert, PLLC.

RESPONSE:

Request to Produce No. 10: Please produce all documents provided by you to Defendant Bachenberg at the April 22, 2022, meeting you allege occurred at the April 22, 2022, meeting you allege occurred in Paragraph 47 of your Complaint.

RESPONSE:

Request to Produce No. 11:  Please produce all documents provided by you to Defendant Bachenberg at the April 22, 2022, meeting to discuss your Fulton County analysis as alleged by you in paragraph 48 of your Complaint.

RESPONSE:

Request to Produce No. 12: Please produce all your forensic analysis and all other documents related to the Fulton County analysis provided by you to Defendant Bachenberg on or about June 22, 2022, as alleged in paragraph 51 of your Complaint.

RESPONSE:

Request to Produce No. 13: Please produce any written document in which you contend that Defendant Bachenberg guaranteed the payment of any portion of any Plaintiffs' fees and costs.

RESPONSE:

Request to Produce No. 14: Please produce all documents which you contend support the allegations contained within paragraph 54 of your Complaint.

RESPONSE:

Request to Produce No. 15: Please produce all documents, text messages, Electronically Stored Information, and other communications which you contend support the allegations in paragraph 59 of your Complaint.

RESPONSE:

Request to Produce No. 16: Please produce all contracts, subcontractor agreements, letter agreements, letters of intent, engagement agreements and all other documents relating to the Pennsylvania Senate which you contend support the allegation within paragraph 62 of the complaint.

RESPONSE:

17. Request to Produce No. 17: Produce copies of all payments, whether by check, wire transfer or otherwise, of all payments you received in the amount of $200,000 for work on the Initial Antrim County Projects between May and December 2021 as alleged in paragraph 32 of your complaint.

RESPONSE:

Request to Produce No. 18: Produce all documents which you contend support the allegations contained within paragraph 32 of your Complaint.

RESPONSE:

Request to Produce No. 19: Please produce all audio or voice recordings and/or audio files and related documents made by you of any phone or personal conversations between Defendant Bachenberg and yourself.

RESPONSE:

Request to Produce No. 20: Produce all witness statements made, taken, recorded by any Plaintiff and all other documents relative to any potential witness in this action.

RESPONSE:

Request to Produce No. 21: Produce all documents, exhibits and summaries that you intend to use or introduce at the Trial of this action.

RESPONSE:

        THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC

        Respectfully submitted,

        /s/ Michael J. Smith
        Michael J. Smith (P36706)
        Attorney for Bill Bachenberg
        70 Macomb Place Suite 200
        Mt. Clemens, Michigan 48043
        (586) 254-0200

Dated: September 20, 2024.

*THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC (586) 254-0200*