UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAACOV APELBAUM and
XRVISION, LTD.,

      Plaintiffs,

v.

STEFANIE LYNN LAMBERT, THE
LAW OFFICE OF STEFANIE L.
LAMBERT, PLLC, and BILL
BACHENBERG,

      Defendants.

Case No. 23-11718

Honorable Robert J. White

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT
JUDGMENT**

This matter is before the court on Plaintiffs' motion for default judgment as to

Defendants Stefanie Lambert and the Law Office of Stefanie L. Lambert, PLLC (the

Law Office). (ECF No. 17).  For the reasons explained below, Plaintiffs' motion is

denied without prejudice.

On July 18, 2023, Plaintiffs filed a verified complaint against Defendants,

asserting claims of libel, slander, breach of contract, tortious interference,

promissory estoppel, and unjust enrichment. (ECF No. 1, PageID.9-25).  The Clerk

entered default against Lambert and the Law Office after they failed to appear or defend this action. (ECF No. 16).

Lambert and the Law Office were properly served with the summons and complaint, and neither defendant is an infant, incompetent, or serving in the military. As a result of the entry of default, the factual allegations in the complaint may be established as true. Plaintiffs have thus generally established their entitlement to relief against Lambert and the Law Office based upon the verified complaint and additional supporting materials.

However, Plaintiffs argue that they "cannot seek a *sum certain* against the Lambert Defendants without risking inconsistent outcomes" because Lambert and the Law Office are "perhaps jointly and severally liable with Defendant Bachenberg." (emphasis in original). Plaintiffs therefore ask the Court to "stay the entry of judgment until trial, where precise evidence of damages can be assessed against all defendants." (ECF No. 17, PageID.234).

Where a plaintiff's request for default does not involve a claim for a sum certain, "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages[.]" Fed. R. Civ. P. 55(b)(2)(B). *See also Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010) ("Although the default establishes a defendant's liability,

the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain.")

More importantly, courts of this district, to avoid inconsistent judgments in multi-defendant actions, have postponed entering default judgments until the liability of the answering defendants is adjudicated. *See Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908-09 (E.D. Mich. 2005); *Garcia v. Beaumont Health*, No. 19-11673, 2020 U.S. Dist. LEXIS 160360, at *2 (E.D. Mich. Sept. 3, 2020). "When multiple defendants are jointly liable or have similar defenses, courts apply the same legal rulings to the defaulting defendants as to the answering defendants." *Garcia*, 2020 U.S. Dist. LEXIS 160360 at *2. "If an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Id.* at *3 (cleaned up).

"When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Id.* (quoting *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 329 (E.D. Mich. 2000)). The United States Supreme Court has stated:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court . . . [and] will not be entitled to service of notices in the cause, nor to appear in it in

3

any way. He can adduce no evidence, he cannot be heard at a final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

And the Sixth Circuit applied this rule from *Frow* in *Kimberly v. Coastline Coal Corp.*, No. 87-6199, 1988 U.S. App. LEXIS 12265 (6th Cir. Sept. 9, 1988), albeit as "a narrow one" that "applies in general when the liability of the defendants is joint." *Id.* at *6-8.

There critically has not yet been any trial or other formal presentation of evidence in this case to determine the merits of Plaintiffs' allegations. And Defendant Bachenberg, who may be jointly and severally liable with the other defendants for any damages, continues to defend in the action. Given the foregoing, although Lambert and the Law Office are in default, the Court concludes that it is premature to enter a default judgment against them. *See Garcia*, 2020 U.S. Dist. LEXIS 160360 at *8-9.

IT IS ORDERED that Plaintiffs' motion for a default judgment (ECF No. 17) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the hearing on Plaintiffs' motion for a default judgment is CANCELLED.

SO ORDERED.

Dated: November 15, 2024                              s/Robert J. White
                                                     Robert J. White
                                                     United States District Judge