## UNITED STATES DISTRICT
## IN THE EASTERN DISTRICT OF MICHIGAN

YAACOV APELBAUM, a New York
resident, and XR VISION, LTD., a New
York corporation,

        Plaintiffs,

v.

STEFANIE LAMBERT, a Michigan
Resident, THE LAW OFFICE OF
STEFANIE L. LAMBERT, PLLC, a
Michigan professional limited liability
Company, and BILL BACHENBERG, a
Pennsylvania resident,

        Defendants.

Case No. 2:23-cv-11718
Hon. Stephen J. Murphy, III

**PLAINTIFF'S MOTION TO
COMPEL DISCOVERY
RESPONSES**

---

BURNS LAW FIRM
John C. Burns
*Attorneys for Plaintiffs*
PO Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
john@burns-law-firm.com

STUART LAW PLC
Todd A. Stuart (P70187)
*Attorneys for Plaintiff*
5557 28th St SE, Ste. B-328
Grand Rapids, MI 49512
P: (616) 202-6541
tstuart@stuartlaw.com

THE LAW FIRM OF MICHAEL J. SMITH
AND ASSOCIATES, PLLC
Michael J. Smith (P36706)
Jacob A. Perrone (P71915)
Daniel L. Price (P60353)
*Attorneys for Defendant Bachenberg*
70 Macomb Place, Suite 200
Mt. Clemens, MI 48043
(586) 254-0200
msmith@mikesmithlaw.com
jperrone@mikesmithlaw.com
dprice@mikesmithlaw.com

---

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiffs, Yaacov Apelbaum and XR Vision, Ltd., by and through their attorneys move this Court pursuant to Fed. R. Civ. P. 34 and 37 for full and complete responses to their First Request for Production of Documents to Defendants.

In support of this Motion, Plaintiffs rely upon and incorporates by reference the facts, arguments, and legal authority set forth in the accompanying Brief in Support, as well as the pleadings on file with the Court.

Pursuant to Fed R. Civ. P. 37 and E.D. Mich. LR 7.1, an attempt at concurrence in the instant relief was requested from opposing counsel, but no such concurrence or meeting to concur was obtained.

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an order compelling Defendants to provide full and complete responses to Requests to Produce Nos. 1-37.

Respectfully Submitted,

Dated: May 28, 2025

/s/ Todd A. Stuart
Todd A. Stuart (P70187)
STUART LAW PLC
*Attorneys for Plaintiffs*
5557 28th St SE, Ste B-328
Grand Rapids, MI 49512
616-202-6541

John C. Burns
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
john@burns-law-firm.com

## UNITED STATES DISTRICT
## IN THE EASTERN DISTRICT OF MICHIGAN

YAACOV APELBAUM, a New York
resident, and XR VISION, LTD., a New
York corporation,

        Plaintiffs,

v.

STEFANIE LAMBERT, a Michigan
Resident, THE LAW OFFICE OF
STEFANIE L. LAMBERT, PLLC, a
Michigan professional limited liability
Company, and BILL BACHENBERG, a
Pennsylvania resident,

        Defendants.

Case No. 2:23-cv-11718
Hon. Stephen J. Murphy, III

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO
COMPEL DISCOVERY
RESPONSES**

---

BURNS LAW FIRM
John C. Burns
*Attorneys for Plaintiffs*
PO Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
john@burns-law-firm.com

STUART LAW PLC
Todd A. Stuart (P70187)
*Attorneys for Plaintiff*
5557 28th St SE, Ste. B-328
Grand Rapids, MI 49512
P: (616) 202-6541
tstuart@stuartlaw.com

THE LAW FIRM OF MICHAEL J. SMITH
AND ASSOCIATES, PLLC
Michael J. Smith (P36706)
Jacob A. Perrone (P71915)
Daniel L. Price (P60353)
*Attorneys for Defendant Bachenberg*
70 Macomb Place, Suite 200
Mt. Clemens, MI 48043
(586) 254-0200
msmith@mikesmithlaw.com
jperrone@mikesmithlaw.com
dprice@mikesmithlaw.com

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY
## RESPONSES

## INTRODUCTION AND STATEMENT OF FACTS

### A.  Introduction

On September 25, 2024, Plaintiffs served on Defendants their First Request for Production of Documents (the "Discovery"). See **Exhibit 1**. As pertinent to this Motion, Plaintiffs sought from Defendants the various documents and communications including, but not limited to, relevant contractual and engagement agreements, financials, information related to the 2020 Election, phone and text records, flight and gathering records, and various records related to Plaintiffs, Defendants and other relevant parties. On December 5, 2024, Defendant Bachenberg filed his Objection and Response to Plaintiff's First Request for Production of Documents seemingly objecting to all but one of Plaintiff's requests to produce. See **Exhibit 2**.

Plaintiffs' counsel has made diligent efforts to meet and confer with counsel for Defendant Bachenberg to resolve the discovery disputes that are the subject of this motion. Plaintiffs initially requested a meet and confer conference on January 13, 2025, at which time Defendant indicated an intention to seek a protective order. Following continued discussions between the parties, Plaintiffs made additional formal requests for a meet and confer on May 9, 12, and 13, 2025. On May 21, 2025, Plaintiffs sent correspondence to defense counsel, a copy of which is attached as **Exhibit 3**. Specifically, the email stated:

---------- Forwarded message ---------
From: **Todd Stuart** <tstuart@stuartlawplc.com>
Date: Wed, May 21, 2025 at 6:13 PM
Subject: Meet and Confer
To: Michael Smith <msmith@mikesmithlaw.com>, Jonathon Burns <john@burns-law-firm.com>, Hailey Adams <hadams@stuartlawplc.com>, <jharris@mikesmithlaw.com>, Rebecca Zampaglione <rzamp@mikesmithlaw.com>

Mike,
   I know you're working through the concerns we discussed, but with discovery closing soon, we need to schedule our "meet and confer" ASAP. Could you meet with Jonathan and me tomorrow afternoon to work through discovery issues?
   While we much prefer to resolve everything amicably between us (to be clear, you have been collegial working with us), we may need to file a motion to compel as a precaution, given the timeline, even as we continue our discussions. Our goal is to resolve this without court involvement before a hearing.  Thanks!

Todd

p.s. Feel free to call anytime tomorrow if you want to discuss.
--

| Todd A Stuart

Despite these efforts, the parties have been unable to conduct the requested meet and confer conference. On information and belief, default Defendant Lambert has been actively interfering with and obstructing the discovery process, as set forth more fully in Mr. Smith's Motion to Withdraw as Counsel, thereby preventing the resolution of these discovery matters through the customary meet and confer process.

### B.  Specific Discovery Requests at Issue

Plaintiffs seek to compel complete responses to the following Requests for Production:

1.  Request Nos. 1, 4, 5, 6-8, 10-12, 20, 23, 24, 30, and 31: Documents and communications with various parties including Plaintiffs, Defendants, Michael Smith, Thomas Carroll, Michael Maull, Steve Coughlin, etc.;

2.  Request Nos. 2, 3, 15, and 27: Documents and communications related to the 2020 Presidential Election;

3.  Request Nos. 9, 25, 26, and 36: Documents related to financials (i.e., bank statements, credits card statements, etc.);

4.  Request Nos. 13 and 14: Documents and communications as it relates to actions taken in differing counties;

5.  Requests Nos. 16, and 32-35: Documents and communications related to phone and text records;

6.  Request Nos. 17-19, 21, and 22: Documents and communications related to flights and gatherings;

7.  Request Nos. 28, 29, and 37: Documents and communications relating to engagement agreements, letter agreements, and contracts; and

8. Request Nos. 38-40: Production of witness statements, exhibits, and other similar materials to be introduced at Trial.

Instead of producing responsive documents, Defendants have asserted nearly identical boilerplate objections to each request, primarily claiming that the requests are overbroad, vague, ambiguous, unduly burdensome, a fishing expedition, irrelevant or claim privilege while failing to explain why or how. Additionally, Defendants frequently claim that requests are "duplicative" and direct Plaintiffs to responses to other requests without actually producing any documents. The minimal documents that have been produced in response to Request No. 10 fail to provide complete responses and appear to be only a partial production of what was requested, documents related to the factual allegations in the Complaint.

## ARGUMENT

### A. Legal Standard

Discovery under the Federal Rules of Civil Procedure (FRCP) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Under this standard, the Rules envision and require open, far-reaching discovery. See *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (citing *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)).

FRCP 26(b)(1) provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

FRCP 34 permits a party to serve on another party a request for production of documents. FRCP 34(B)(2)(b) states that the production of responsive documents "be completed no later than

the time for inspection specified in the request or another reasonable time specified in the response."

FRCP 37 permits a party to move for an order compelling the answer to discovery requests and the production of responsive documents in accordance with FRCP 34. Rule 37 provides that a party may seek to compel discovery when, as here, a responding party fails to answer an interrogatory or refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

**B. Defendants Should Be Required to Fully and Completely Respond to**

As a threshold matter, Defendants' boilerplate objections are legally insufficient and should be overruled. Courts have explicitly rejected such generic objections. See *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection").

In *Siser*, the court held that "objections that state that a discovery request is "vague, overly broad, or unduly burdensome' are, standing alone, meaningless, and are deemed without merit." *Id.*(internal citations omitted). Similarly, in *Wesley Corp. v. Zoom T.V. Prod., LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (**Exhibit 4**), the court held that general objections which are not tied to a particular discovery request are improper and should be disregarded by the Court.

Yet, Defendants' responses to nearly every request consists of virtually identical boilerplate objections without any explanation of how or why each specific request is objectionable.[1] This

---

[1] A vast majority of Defendants' responses include variations of a general objection, such as "Defendant objects as this Request as overbroad, vague, ambiguous, and unduly burdensome in the form and manner stated. Plaintiffs' request for [sic] is all-encompassing and does not specify what relevant evidence is requested. Additionally, the request is a compound request, as written. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine."

approach violates established precedent and constitutes a waiver of these objections. The repetitive nature of Defendants' objections demonstrates their improper, cookie-cutter approach to discovery responses.

### C.  The Requested Documents Are Relevant and Proportional to the Needs of the Case

The documents sought are directly relevant to the central issues in this case. This dispute concerns breach of contract and related claims stemming from agreements between Plaintiffs and Defendants for forensic services related to the 2020 Presidential Election. The documents produced with Defendants' responses demonstrate the existence of these agreements and show that there is a genuine dispute regarding payment and performance.

#### 1.  *Documents and Communications with Key Individuals (Request Nos. 1, 4, 5, 6-8, 10-12, 20, 23, 24, 30, and 31)*

These requests seek communications with various parties who appear to be directly involved in or connected to the business relationship and agreements at issue. The engagement letters and email exchanges show that multiple individuals were involved in the contracting process and performance of services. communications with these individuals are relevant to understanding the full scope of the parties' relationship, the work performed, and any disputes that arose.

#### 2.  *Documents Related to the 2020 Presidential Election (Request Nos. 2, 3, 15, and 27)*

These requests seek documents and communications related to the subject matter of the parties' agreements and forensic analysis of election-related data. The engagement letters explicitly state that XRVision was retained to provide "forensic evaluation of data and materials pertaining to Fulton Co. November 2020 election." **Exhibit 2 at p. 24.** These documents are directly relevant

to determining whether Plaintiffs performed the contracted services and the scope of work undertaken.

### 3. *Documents Related to Financials (Request Nos. 9, 25, 26, and 36)*

These requests seek financial records including bank statements, credit card statements, and documents related to financial dealings between the parties. The email communications demonstrate a dispute over an "outstanding $350K balance on the contract." **Exhibit 2 at p. 33.** These financial records are essential to determining whether Defendants fulfilled their payment obligations under the agreements and to trace the flow of funds related to the contracted services.

### 4. *Documents and Communications for County-Related Actions (Request Nos. 13 and 14)*

These requests seek documents related to actions taken in different counties related to the election-related forensic work that was the subject of the parties' agreements.

### 5. *Documents and Communications of Phone and Text Records (Request Nos. 16 and 32-35)*

These requests seek phone and text message records between the parties. Given the business relationship and the payment disputes evidenced in the email communications, phone and text records are likely to contain relevant communications about the agreements, work performance, and payment issues that supplement the written record.

### 6. *Travel and Meeting Documentation and Communication (Request Nos. 17-19, 21, and 22)*

These requests relate to flights and gatherings, which appear relevant to the performance of services under the agreements. The nature of forensic consulting work may have required travel and in-person meetings, making such documentation relevant to proving the scope of services provided.

### 7. *Contract-Related Documents and Communications (Request Nos. 28, 29, and 37)*

These requests seek communications and documents relating to engagement agreements, letter agreements, and contracts between the parties. Such communications are plainly relevant to ascertain the terms of the agreements, the parties' understanding of their obligations, and whether those obligations were fulfilled. The documentary evidence already produced shows multiple engagement letters between the parties and email exchanges regarding payment disputes. **Exhibit 2**.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court compel Defendants to produce full and complete responses to Plaintiffs' Requests for Production Nos. 1-37 (excluding Nos. 38-40, which received substantive responses). At minimum, we respectfully request that this Honorable Court order production of all documents and communications related to the present action. Plaintiff also seek such further and additional relief as deemed just by this Court.

**[Intentionally Left Blank]**

Respectfully Submitted,

Dated: May 28, 2025

/s/ Todd A. Stuart
Todd A. Stuart (P70187)
STUART LAW PLC
*Attorneys for Plaintiffs*
5557 28th St SE, Ste B-328
Grand Rapids, MI 49512
616-202-6541

John C. Burns
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
john@burns-law-firm.com

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YAACOV APELBAUM, a New York resident, and
XRVISION, LTD., a New York corporation,

                    Plaintiffs,                Case No. 2:23-cv-11718-SJM
                                             Hon. Stephen J. Murphy

-v-

STEFANIE LAMBERT, a Michigan resident, and
THE LAW OFFICE OF STEFANIE L. LAMBERT,
PLLC, a Michigan Professional Limited Liability Company
And BILL BACHENBERG, a Pennsylvania resident,

                    Defendants.

_____/

| | |
|---|---|
| THE LAW FIRM OF MICHAEL J. SMITH | BURNS LAW FIRM |
| AND ASSOCIATES, PLLC | John C. Burns |
| Michael J. Smith (P36706) | Attorney for Plaintiffs |
| Jamal R. Harris (P63835) | PO Box 191250 |
| 70 Macomb Place Suite 200 | St. Louis, Missouri 63119 |
| Mt. Clemens, MI 48043 | P: (314) 329-5040 |
| P: (586) 254-0200 | F: (314) 282-8136 |
| F: (586) 254-0201 | john@burns-law-firm.com |
| mike@mikesmithlaw.com | |
| jharris@mikesmithlaw.com | |

STUART LAW, PLC
Todd A. Stuart
Attorneys for Plaintiffs
429 NW Turner Ave.
Grand Rapids, MI 49504
P: 616-284-1658
tstuart@stuartlawplc.com

_____/

**PLAINTIFFS YAACOV APELBAUM AND XRVISION, LTD.'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS**

      NOW COMES Plaintiffs Yaacov Apelbaum and XRVision, Ltd., by and through

undersigned counsel, pursuant to Fed.R.Civ.P. 34, and for their First Request for Production of

Documents addressed to Defendant Bill Bachenberg ("Defendant"), requests Defendant produce

1

the following documents and things:

## GENERAL INSTRUCTIONS

The following general instructions shall govern the interpretation and responses made to the Requests for Production:

1.      The information sought herein must be given whether secured by Defendant's employee(s), representative(s), agent(s), and/or attorney(s), or by any other person having knowledge and from whom Defendant can get this information, and who is competent to testify to the facts stated.

2.      These Requests for Production are deemed continuing, and Defendant is requested to provide, by way of supplementary responses, such additional information as may thereafter be obtained by Plaintiff or any other person on Defendant's behalf which will supplement and/or modify any responses now given to these Requests for Production.

3.      Words importing the singular shall be construed to include the plural, and words importing the plural shall be construed to include the singular.

4.      The phrases conjunctive shall be construed to include the disjunctive, and any phrases in the disjunctive shall be construed to include the conjunctive.

5.      Any objection to any Request for Production or to any type or category of materials shall state specifically, as to each document or item, the reason for the objection and shall identify, by author, title, date, and subject matter, each individual document subject to objection.

6.      You are cautioned to omit nothing by way of information or detail; Plaintiffs will assume that, where documents are neither identified nor produced, nor other information stated, such do not exist and when detail is missing, it cannot be provided, and Plaintiffs will urge the Court to rule that Defendant cannot use, in any manner in relation to this action, any information or detail not furnished in Defendant's Responses or in responsive documents.

7.      Materials responsive to these Requests for Production which have been lost or destroyed shall be identified with particularity, including the date, last known location, and the last person in custody or control, and the reason for the materials' loss or destruction shall be stated.

8.      Materials called for by these Requests for Production include all responsive items, regardless of whether they have been superseded, amended, revised, rewritten, redrafted, rejected, or rendered obsolete.

9.      Materials or copies of materials otherwise identical shall be produced if they contain any communication, notion, or recording that does not appear on another copy or that does not appear on the original.

10.     In these Requests for Production, a general or categorical description of materials is in no way limited or qualified by specific items that are mentioned as examples of the general category. The enumeration of specific items is for illustrative purposes only and is not to be considered as a limitation.

11.     If there is any claim of privilege or work product in regard to any of the requested records, documents, or papers, please set forth fully in the objection the facts upon which Defendant relies as the basis for its objection; identify by author, title, date, and subject matter the documents or other items as to which any claim of privilege is made; and respond

to the Request For Production to the extent that it calls for information as to which

Defendant does not claim a privilege.

## ***DEFINITIONS***

1.    As used herein, the term "documents" shall have its customary broad meaning of

any and all written or graphic or printed matter of every kind and description, however produced

or reproduced, however stored or kept,  whether draft or final, original, facsimile, or reproduction,

in the actual or constructive possession, custody, and/or control of Plaintiff, or its attorneys, agents,

employees, and/or representatives, and shall include, without limitation, the following items:

correspondence, records, memoranda, notes, letters, telegrams, e-mails, electronic

communications, schedules, tables, charts, reports, files, invoices, statements, orders, order forms,

receipts, bank statements, bank records, credit card statements, credit card records, financial

statements, financial records, minutes, inter-office communications, messages (including reports

of telephone conversations or conferences), notices, brochures, pamphlets, books, transcripts of any

and all oral communications, contracts, agreements, test results, data, and all other materials similar

to any of the foregoing, however denominated by Plaintiff.  The term "documents" also includes

such non-printed matter as voice recordings and reproductions, film impressions, digital images,

photographs, videotapes, negatives, slides, microfilm, microfiche, voice discs, and all other things

that document or record ideas, words, or impressions. The term "documents" further includes all

punch cards, tapes, discs, recordings, storage materials, and all other items used in electronic data

processing and/or storage, together with the programming instructions and other materials necessary

to understand or use such punch cards, tapes, discs, or other recordings, and also includes data in

electronic or other form that can be

printed out or reduced to readable or usable forms through proper programming or decoding of electronic or computer or other similar information.

2.      As used herein, "Plaintiff" includes Plaintiff, Plaintiff's attorneys, and Plaintiff's representatives.    "Defendant" includes Defendant, Defendant's attorneys, and Defendant's representatives.

3.      The term "occurrence" as used herein is defined to refer to the occurrence averred in the Complaint.

4.      The phrase "documents relating to" is intended to refer to documents which, in whole or in part, relate to the designated category of information described.

5.      "Things" include objects, specimens, samples, products, labels, advertising, promotional materials, packaging, and related items.

6.      "Communications" as used herein means any electronic, oral or written intercourse or interchange of any and all information by whatever means including but not limited to sms/ text messages, message applications, carrier pigeon, letter, phone/ smart phone, and/or social media application.

7.      "You," "Your," and "Defendant" refers to Defendant Bill Bachenberg, including your employees, attorneys, contractors, companies and/or entities owned by you, and/or agents.

8.      "Plaintiffs" shall refer to Yaacov Apelbaum, and/or XRVision, Ltd., including their employees, contractors, and/or agents.

9.      "2020 Presidential Election" shall mean the 2020 federal general election, and any aspect of the election or election process related thereto at each and every jurisdictional level, as well as subsequent public and private investigations into the propriety of the elections process during that election.

10.      "Lambert Defendants" shall mean Defendants Stefanie Lambert, including any

name by which You have known her and/or communicated with her, as well as Defendant The Law

Office of Stefanie Lambert, PLLC.

11.    "January 6th" shall mean and refer to the events of January 6, 2021, including

President Trump's rally, the riot at the Capitol, and any activities related to, in preparation for,

and/or in response to events on that date at and near the Capital.

### TIME PERIOD

Unless otherwise stated, the operative time period is January 1, 2020 through the present.

### REQUEST FOR PRODUCTION OF DOCUMENTS

**Request to Produce No. 1:** Please produce all documents and communications exchanged by and

between You and Stefanie Lambert and/or any corporate entity owned and/or controlled by her.

RESPONSE:


**Request to Produce No. 2:** Please produce all documents and communications exchanged by and

between you and any other person or entity relating to the 2020 Presidential Election.

**RESPONSE:**


**Request to Produce No. 3:**  Please produce all documents and communications relating to any

project and/or investigation into any aspect of the 2020 Presidential Election.

RESPONSE:


**Request to Produce No. 4:**  For the period of the past 8 years, please produce all documents and

communications relating in any way to Plaintiffs.

**RESPONSE:**

**Request to Produce No. 5:**  For the period of the past 8 years, please produce all documents and communications relating in any way to the Lambert Defendants.

**RESPONSE:**


**Request to Produce No. 6:**  Please produce all documents and communications exchanged with and/or relating to Captain Walt Speck relating to any work performed on you relating to air transport.

**RESPONSE:**


**Request to Produce No. 7:**  Please produce all documents and communications by and between You and Michael Smith relating to meetings between you and Mr. Smith and Stefanie Lambert and/or Yaacov Apelbaum.

**RESPONSE:**


**Request to Produce No. 8:**  Please produce all documents and communications by and between You and Thomas Carroll relating to meetings between you and Mr. Carroll and/or Stefanie Lambert and/or Yaacov Apelbaum.

**RESPONSE:**


**Request to Produce No. 9:**  Please produce all bank and credit card statements.

**RESPONSE:**

**Request to Produce No. 10:** Please produce all documents and communications related in any way to the factual allegations in the Complaint.

**RESPONSE:**

**Request to Produce No. 11:** Please produce all documents and communications relating to Michael Maull and/or Steve Coughlin.

**RESPONSE:**

**Request to Produce No. 12:**  Please produce all documents and communications relating to Antrim County, Michigan.

RESPONSE:

**Request to Produce No. 13:**  Please produce all documents and communications relating to Fulton County, Pennsylvania and/or any actions you have taken relating to Fulton County, Pennsylvania.

RESPONSE:

**Request to Produce No. 14:**    Please produce all documents and communications relating to any actions you have taken relating to election integrity and/or election fraud, and/or  Dominion Voting Systems, and/or paper and/or electronic voting systems.

RESPONSE:

8

**Request to Produce No. 15:**    Please produce all social media posts and communications relating to the 2020 Presidential Election.

RESPONSE:


**Request to Produce No. 16:**  Please produce all phone bills and records.

RESPONSE:


**Request to Produce No. 17:**    Please produce all flight records for all planes in which you have traveled and/or provided to others for their travel use.

RESPONSE:


**Request to Produce No. 18:**    Please produce all documents and communications relating to all planes in which you have traveled and/or provided to other for their travel use.

RESPONSE:


**Request to Produce No. 19:**  Please produce all documents and communications relating to all guests and gatherings you have hosted at your homes in Pennsylvania.

RESPONSE:


**Request to Produce No. 20:**  Please produce all documents and communications exchanged between you and Patrick Byrne, and/or Michael Flynn.

RESPONSE:

9

**Request to Produce No. 21:**  Please produce all documents and communications relating to Willow Run Airport.

RESPONSE:


**Request to Produce No. 22:**  Please produce all documents and communications relating to all guests and gatherings you have hosted at your homes in Pennsylvania between June, 2021 and September, 2022.

RESPONSE:


**Request to Produce No. 23:**  Please produce all documents and communications relating to Mike Lindell.

RESPONSE:


**Request to Produce No. 24:**  Please produce all documents and communications relating to Ruth's Chris Steak Houses in New York.

RESPONSE:


**Request to Produce No. 25:**  Please produce all documents and communications relating to any financial dealings with Plaintiffs and/or contractors associated with Plaintiffs.

RESPONSE:

**Request to Produce No. 26:**  Please produce all documents and communications relating to any financial dealings with  Stefanie Lambert and/or the Lamber Defendants.

RESPONSE:


**Request to Produce No. 27:**  Please produce all documents and communications relating to any and all payments You made to all persons and entities relating to the 2020 Presidential Election and/or any subsequent investigation related thereto.

RESPONSE:


**Request to Produce No. 28:**  Please produce all documents and communications including and relating to all engagement agreements, letter agreements, and/or contracts between You and Stefanie Lambert and/or the Lambert Defendants.

RESPONSE:


**Request to Produce No. 29:**  Please produce all documents and communications including and relating to all engagement agreements, letter agreements, and/or contracts between You and Mike Smith and/or Thomas Carroll.

RESPONSE:


**Request to Produce No. 30:**  Please produce all documents and communications between you and Mike Smith relating to Stefanie Lambert and/or the Lambert Defendants.

RESPONSE:


11

**Request to Produce No. 31:**  Please produce all documents and communications between you and Thomas Carroll relating to Stefanie Lambert and/or the Lambert Defendants.

RESPONSE:


**Request to Produce No. 32:**  For phone records and text messages sent and/or received during the period, produce for inspection and copying your phone number so that all text messages and records between You and Stefanie Lambert may be copied and produced.

RESPONSE:


**Request to Produce No. 33:**  For phone records and text messages sent and/or received during the period, produce for inspection and copying your phone number so that all text messages and records between You and the Lambert Defendants may be copied and produced.

RESPONSE:


**Request to Produce No. 34:**  For phone records and text messages sent and/or received during the period, produce for inspection and copying your phone number so that all text messages and records between You and Plaintiffs may be copied and produced.

RESPONSE:


**Request to Produce No. 35:**  For phone records and text messages sent and/or received during the period, produce for inspection and copying your phone number so that all text messages and records between You and any person and/or entity relating to the 2020 Presidential Election may be copied and produced.

RESPONSE:

**Request to Produce No. 36:**  Please produce all documents and communications relating to any and all payments and/or collaborations and/or financial dealings between you and any other person and/or entity (including but not limited to Stefanie Lambert and/or the Lambert Defendants) relating to the 2020 Presidential Election.

RESPONSE:


**Request to Produce No. 37:**  Please produce all documents and communications including and/or related to all contracts, subcontractor agreements, letter agreements, letters of intent, engagement agreements and all other documents relating to the 2020 Presidential Election.

RESPONSE:


**Request to Produce No. 38:**  Please produce all witness statements made, taken, recorded by any Plaintiff and all other documents relative to any potential witness in this action.

RESPONSE:


**Request to Produce No. 39:**  Please produce all documents, exhibits and summaries that you intend to use or introduce at the Trial of this action.

RESPONSE:


**Request to Produce No. 40:**  Please produce all expert reports, including documents, exhibits and summaries, and all other related materials that you intend to use or introduce at the Trial of this action.

RESPONSE:

13

Respectfully submitted,

BURNS LAW FIRM

/s/ *John C. Burns*
John C. Burns
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
john@burns-law-firm.com

STUART LAW, PLC
Todd A. Stuart
429 Turner Ave. NW
Grand Rapids, MI 49504
Office: 616-284-1658
tstuart@stuartlawplc.com

*Attorneys for Plaintiffs*

14

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

YAACOV APELBAUM, a New York resident,      Case No. 2:23-cv-11718-SJM
And XRVISION, LTD., a New York corporation,   Hon. Robert White

      Plaintiffs,

-v-

STEFANIE LAMBERT, a Michigan resident, and
THE LAW OFFICE OF STEFANIE L. LAMBERT,
PLLC, a Michigan professional limited liability company
And BILL BACHENBERG, a Pennsylvania resident,

      Defendants.

_____/

## DEFENDANT BACHENBERG'S OBJECTION AND RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW COMES** Defendant BILL BACHENBERG, by and through undersigned counsel, pursuant to Fed.R.Civ.P. 34(b)(2)(C), and for his Objection and Response To Plaintiffs' First Request For Production Of Documents, hereby objects and responds as follows:

## OBJECTION AND RESPONSE TO REQUEST
## FOR PRODUCTION OF DOCUMENTS

Request To Produce No. 1:  Please produce all documents and communications exchanged by and between You and Stefanie Lambert and/or any corporate entity owned and/or controlled by her.

RESPONSE:  Defendant objects as this Request as overbroad, vague, ambiguous, and unduly burdensome in the form and manner stated. Plaintiffs' request for "all documents and communications exchanged by and between You and Stefanie Lambert and/or any corporate entity owned and/or controlled by her" is all-encompassing and does not specify what relevant evidence is requested. Additionally, the request is a compound request, as written. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request To Produce No. 2:  Please produce all documents and communications exchanged by and between you and/or any other person relating to the 2020 Presidential Election.

RESPONSE:   Defendant objects as this Request as overbroad, vague, ambiguous, and unduly burdensome in the form and manner stated. Plaintiffs' request for "*all*

documents and communications exchanged by and between you and/or *any other person* relating to the 2020 Presidential Election" is all-encompassing and does not specify what relevant evidence is requested. Moreover, this request appears to be an unwarranted fishing expedition. By way of further objection, this Request involves communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request To Produce No. 3:  Please produce all documents and communications relating to any project and/or investigation into any aspect of the 2020 Presidential Election.

RESPONSE:  Defendant objects as this Request as overbroad, vague, ambiguous, and unduly burdensome in the form and manner stated. Plaintiffs' request for "*all* documents and communications relating to *any* project and/or investigation into *any aspect*" is all-encompassing and does not specify what relevant evidence is requested. Moreover, this request appears to be an unwarranted fishing expedition. By way of further objection, this Request involves communications and documents protected by the attorney-client privilege and/or work product doctrine.

4. Request to Produce No. 4: For the period of the last 8 years, please produce all documents and communications relating in any way to Plaintiffs.

RESPONSE:    Defendant objects as this Request is overbroad and unduly burdensome to the extent it seeks 8 years' worth of documents relating 'in any way' to Plaintiffs. Plaintiffs' request for "*all* documents and communications relating in *any way* to Plaintiffs" is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer. By way of further objection, this Request involves, in part, communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 5: For the period of the past 8 years, please produce all documents and communications relating in any way to the Lambert Defendants.

RESPONSE:    Defendant objects as this Request is overbroad and unduly burdensome to the extent it seeks 8 years' worth of documents relating 'in any way to the Lambert Defendants'. Plaintiffs' request for "*all* documents and communications relating in *any way* to the Lambert Defendants" is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently

answer. By way of further objection, this Request involves substantial communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 6:  Please produce all documents and communications exchanged with and/or relating to Captain Walt Speck relating to any work performed on you relating to air transport.

RESPONSE:    Defendant objects as this Request as overbroad and not proportional to the needs of this action.  This Request is irrelevant to the underlying contractual dispute, and any information pertaining to the same is also irrelevant and outside the scope of discovery.

Request to Produce No. 7:  Please produce all documents and communications exchanged by and between You and Michael Smith relating to meetings between you and Mr. Smith and Stefanie Lambert and/or Yaacov Apelbaum.

RESPONSE:    Defendant objects as this Request as overbroad, vague, ambiguous, and unduly burdensome in the form and manner stated. Plaintiffs' request for "all documents and communications exchanged by and between You and Michael Smith relating to meetings between you and Mr. Smith and Stefanie Lambert and/or

Yaacov Apelbaum" is all-encompassing and does not specify what relevant evidence is requested. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 8: Please produce all documents and communications by and between You and Thomas Carroll relating to meetings between you and Mr. Carroll and/or Stefanie Lambert and/or Yaacov Apelbaum.

RESPONSE: Defendant objects as this Request as overbroad, vague, ambiguous, and unduly burdensome in the form and manner stated. Plaintiffs' request for "all documents and communications exchanged by and between You and Thomas Carroll relating to meetings between you and Mr. Carroll and/or Stefanie Lambert and/or Yaacov Apelbaum" is all-encompassing and does not specify what relevant evidence is requested. Defendant further objects as this Request is not proportional to the needs of this action. This Request is irrelevant to the underlying contractual dispute, and any information pertaining to the same is also irrelevant and outside the scope of discovery. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 9:  Please produce all bank and credit card statements.

RESPONSE:  Defendant objects as this Request is grossly overbroad, irrelevant to plaintiffs' claims and the issues involved in this action and not proportional to the needs of this action.  Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.

Request to Produce No. 10:  Please produce all documents and communications related in any way to the factual allegations in the Complaint.

RESPONSE:  Defendant objects as this Request as grossly overbroad, vague and unduly burdensome.  Plaintiffs' request for "all documents and communications related in any way to the factual allegations in the Complaint" is all-encompassing and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer. By way of further objection, this Request involves, in part, communications and documents protected by the attorney-client privilege and/or work product doctrine. To that end, without waiving said objections, Defendant directs Plaintiffs to the attached documents.

Request to Produce No. 11: Please produce all documents and communications relating to Michael Maull and/or Steve Coughlin.

RESPONSE: Defendant objects as this Request is grossly overbroad, irrelevant to plaintiffs' claims and the issues involved in this action and not proportional to the needs of this action. Furthermore, this Request is all-encompassing, does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 12: Please produce all documents and communications relating to Antrim County, Michigan.

RESPONSE: Defendant objects as this Request is grossly overbroad, irrelevant to plaintiffs' claims and the issues involved in this action and not proportional to the needs of this action. Furthermore, this Request is all-encompassing, does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.

Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 13:  Please produce all documents and communications relating to Fulton County, Pennsylvania and/or any actions you have taken relating to Fulton County, Pennsylvania.

RESPONSE:  Defendant objects as this Request is grossly overbroad, irrelevant to plaintiffs' claims and the issues involved in this action and not proportional to the needs of this action.  Furthermore, this Request is all-encompassing, does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 14:  Please produce all documents and communications relating to any actions you have taken relating to election integrity and/or election

fraud, and/or Dominion Voting Systems, and/or paper and/or electronic voting systems.

RESPONSE: Defendant objects as this Request is grossly overbroad as it involves nonparties unrelated to plaintiff's claims, irrelevant to plaintiffs' claims and not proportional to the needs of this action and unduly burdensome. Furthermore, this Request is all-encompassing, does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 15: Please produce all social media posts and communications relating to the 2020 Presidential Election.

RESPONSE: Defendant objects as this Request is grossly overbroad as it seeks "all social media posts" which are publicly available to plaintiffs, not proportional to the needs of this action and unduly burdensome. Furthermore, this Request is all-encompassing, does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.

Request to Produce No. 16:  Please produce all phone bills and records.

RESPONSE:  Defendant objects as this Request is grossly overbroad, irrelevant to plaintiffs' claims and the issues involved in this action and not proportional to the needs of this action.  Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.

Request to Produce No. 17:  Please produce all flight records for all planes in which you have traveled and/or provided to others for their travel use.

RESPONSE:  Defendant objects as this Request is grossly overbroad, irrelevant to plaintiffs' claims and the issues involved in this action and not proportional to the needs of this action.  Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.

Request to Produce No. 18:  Please produce all documents and communications relating to all planes in which you have traveled and/or provided to other for their travel use.

RESPONSE:  Defendant objects as this Request is grossly overbroad, irrelevant to plaintiffs' claims and the issues involved in this action and not proportional to the needs of this action.  Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.


Request to Produce No. 19:  Please produce all documents and communications relating to all guests and gatherings you have hosted at your homes in Pennsylvania.

RESPONSE:  Defendant objects as this Request is grossly overbroad, irrelevant to plaintiffs' claims and it involves nonparties having no relation to plaintiffs' claims, not proportional to the needs of this action and unduly burdensome.  Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer. Furthermore, given the manner in which the

request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 20:  Please produce all documents and communications exchanged between you and Patrick Byrne, and/or Michael Flynn.

RESPONSE:   Defendant objects as this Request as overbroad, irrelevant to plaintiffs' claims as it involves nonparties having no relation to plaintiffs' claims, not proportional to the needs of this action and unduly burdensome. Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.

Request to Produce No. 21:  Please produce all documents and communications relating to Willow Run Airport.

RESPONSE:  Defendant objects as this Request is grossly overbroad, irrelevant to plaintiffs' claims and the issues involved in this action and not proportional to the needs of this action.  Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.

Request to Produce No. 22:  Please produce all documents and communications relating to all guests and gatherings you have hosted at your homes in Pennsylvania between June, 2021 and September, 2022.

RESPONSE:  Defendant objects as this Request is unnecessarily duplicative and requests the very same documents as Request No. 19, is overbroad, irrelevant to plaintiffs' claims as it has no relation to plaintiffs' claims, is not proportional to the needs of this action and unduly burdensome.  Therefore, Defendant directs Plaintiffs to his response to Request No. 19.

Request to Produce No. 23:  Please produce all documents and communications relating to Mike Lindell.

RESPONSE:   Defendant objects as this Request as overbroad, irrelevant to plaintiffs' claims as it involves a nonparty having no relation to plaintiffs' claims, not proportional to the needs of this action and unduly burdensome. Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.

Request to Produce No. 24:  Please produce all documents and communications relating to Ruth's Chris Steak Houses in New York.

RESPONSE:  Defendant objects as this Request is overbroad, irrelevant to plaintiffs' claims as it involves a nonparty having no relation to plaintiffs' claims, is not proportional to the needs of this action and unduly burdensome.   Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.

Request to Produce No. 25:  Please produce all documents and communications relating to any financial dealings with Plaintiffs and/or contractors associated with Plaintiffs.

RESPONSE:  Defendant objects as this Request is overbroad, irrelevant to plaintiffs' claims, vague in part as the identity of "contractors associated with Plaintiffs" are undefined, is not proportional to the needs of this action and unduly burdensome. Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer.

Request to Produce No. 26:  Please produce all documents and communications relating to any financial dealings with Stefanie Lambert and/or the Lamber[t] Defendants.

RESPONSE:   Defendant objects as this Request is overbroad, not proportional to the needs of this action Furthermore, this Request is all-encompassing and does not specify what relevant evidence is requested and is an unwarranted fishing expedition. Defendant seeks a more specific request in order to sufficiently answer. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 27:  Please produce all documents and communications relating to any and all payments You made to all persons and entities relating to the 2020 Presidential Election and/or any subsequent investigation related thereto.

RESPONSE:   Defendant objects as this Request is a compound request and is overbroad as political contributions are publicly available, not proportional to the needs or issues involved in this action and is unduly burdensome. Furthermore, this Request is an unwarranted fishing expedition.

Request to Produce No. 28:  Please produce all documents and communications including and relating to all engagement agreements, letter agreements, and/or contracts between You and Stefanie Lambert and/or the Lambert Defendants.

RESPONSE:  Defendant objects as this Request is unnecessarily duplicative and requests the very same documents as Request Nos. 1 and 5. Defendant directs Plaintiffs to his response to Request Nos. 1 and 5. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 29:  Please produce all documents and communications including and relating to all engagement agreements, letter agreements, and/or contracts between You and Mike Smith and/or Thomas Carroll.

RESPONSE:  Defendant objects as this Request as overbroad, vague, ambiguous, and unduly burdensome in the form and manner stated. Plaintiffs' request for "all documents and communications including and relating to all engagement agreements, letter agreements, and/or contracts between You and Mike Smith and/or Thomas Carroll" is all-encompassing and does not specify what relevant evidence is requested. Defendant further objects as this Request arguably seeks the same information as requested in multiple prior requests.  Furthermore, given the manner

in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 30:  Please produce all documents and communications between you and Mike Smith relating to Stefanie Lambert and/or the Lambert Defendants.

RESPONSE:  Defendant objects as this Request is unnecessarily duplicative and requests the very same documents as Request No.7.  Defendant directs Plaintiffs to his response to Request No.7. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 31:  Please produce all documents and communications between you and Thomas Carroll relating to Stefanie Lambert and/or the Lambert Defendants.

RESPONSE:  Defendant objects as this Request is unnecessarily duplicative and requests the very same documents as those in a multitude of prior requests. Furthermore, given the manner in which the request is written, the request seeks

communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 32: For phone records and text messages sent and/or received during the period, produce for inspection and copying your phone number so that all text messages and records between You and Stefanie Lambert may be copied and produced.

RESPONSE: Defendant objects as this Request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 33: For phone records and text messages sent and/or received during the period, produce for inspection and copying your phone number so that all text messages and records between You and the Lambert Defendants may be copied and produced.

RESPONSE: Defendant objects as this Request is unnecessarily duplicative and seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 34:  For phone records and text messages sent and/or received during the period, produce for inspection and copying your phone number so that all text messages and records between You and Plaintiffs may be copied and produced.

RESPONSE:   Defendant objects as this Request is overbroad and unduly burdensome, and designed as a fishing expedition intended to harass Defendant, as this information is already in the possession of and accessible to Plaintiffs.


Request to Produce No. 35:  For phone records and text messages sent and/or received during the period, produce for inspection and copying your phone number so that all text messages and records between You and any person and/or entity relating to the 2020 Presidential Election may be copied and produced.

RESPONSE:   Defendant objects as this Request is grossly overbroad, requests documents unrelated to plaintiffs' claims, is not proportional to the needs of this action and is unduly burdensome. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.

Request to Produce No. 36:  Please produce all documents and communications relating to any and all payments and/or collaborations and/or financial dealings between you and any other person and/or entity (including but not limited to Stefanie Lambert and/or the Lambert Defendants) relating to the 2020 Presidential Election.

RESPONSE:   Defendant objects as this Request is unnecessarily duplicative and requests the very same documents as Request No.22.  Defendant directs Plaintiffs to his response to Request No. 22. Furthermore, given the manner in which the request is written, the request seeks communications and documents protected by the attorney-client privilege and/or work product doctrine.


Request to Produce No. 37:  Please produce all documents and communications including and/or related to all contracts, subcontractor agreements, letter agreements, letters of intent, engagement agreements, and all other documents relating to the 2020 Presidential Election.

RESPONSE:   Defendant objects as this Request is unnecessarily duplicative as Request No.3.  Defendant directs Plaintiffs to his response to Request No.3.

Request to Produce No. 38:  Please produce all witness statements made, taken, recorded by any Plaintiff and all other documents relative to any potential witness in this action.

RESPONSE:  Defendant is not aware of any witness statement that was made, taken or recorded by any Plaintiff.

Request to Produce No. 39:  Please produce all documents, exhibits and summaries that you intend to use or introduce at the Trial of this action.

RESPONSE:  As discovery remains ongoing and the Scheduling Order has been amended, Defendant has not yet identified each document, exhibit and summary that it tends to use or introduce at the Trial of this action.  Upon the completion of discovery and in accordance with the Scheduling Order, as amended, Defendant will produce said documents as requested.

Request to Produce No. 40:  Please produce all expert reports, including documents, exhibits and summaries, and all other related materials that you intend to use or introduce at the Trial of this action.

RESPONSE:  As discovery remains ongoing and the Scheduling Order has been amended, Defendant has not yet identified each testifying expert report, document, exhibit and summary and other materials that it intends to use or introduce at the

Trial of this action.  Upon the completion of discovery and in accordance with the

Scheduling Order, as amended, Defendant will produce each expert report, including

documents, exhibits and summaries, for each testifying expert, if any, as requested.


                                        Respectfully submitted,
                                        THE LAW FIRM OF MICHAEL J. SMITH
                                        AND ASSOCIATES, PLLC

Dated: December 5, 2024                 /s/ Michael J. Smith
                                        Michael J. Smith (P36706)
                                        Jamal R. Harris (P63835)
                                        John H. Mott (P81990)
                                        Attorney for Defendant BACHENBERG
                                        70 Macomb Place, Suite 200
                                        Mt. Clemens, Michigan 48043
                                        (586) 254-0200



**Law Office of Stefanie L. Lambert, PLLC**

500 GRISWOLD STREET • SUITE 2340 • DETROIT, MICHIGAN 48226
FEDERALATTORNEY@PROTONMAIL.COM • WWW.STEFANIELAMBERT.COM

March 28, 2022

XRVision will provide cyber and forensic evaluation of data and materials pertaining to Fulton Co. November 2020 election. XRVision will analyze the Fulton Co. election equipment that was used or ready for use in the November 2020 election.

XRVision shall produce all findings to the Law Office of Stefanie L. Lambert PLLC within seven days of acquisition of data, materials, and equipment.

XRVision shall provide a report detailing its findings related to the analysis of the Fulton Co. November 2020 election equipment, data, and materials within 2 weeks of acquisition of data, materials and equipment.

Payment in the amount of $200,000 shall be paid within two weeks of acquisition by the Law Office of Stefanie L. Lambert PLLC to XRVision. In the event the scope of work exceeds $200,000, XRVision will notify the Law Office of Stefanie L. Lambert PLLC, and payment will be provided within 30 days of notification.

Stefanie Lambert has authority to sign on behalf of the Law Office of Stefanie L. Lambert PLLC and Yaacov Appelbaum has authority to sign on behalf of XRVision.

Yaacov Appelbaum
CEO XRVISION

Stefanie Lambert                    3/29/22
Law Office of Stefanie L. Lambert PLLC

March 8, 2022

XRVision will provide forensic evaluation of data and material pertaining to Nov 2020 election equipment and contents to the Law Office of Stefanie L. Lambert PLLC. Cyber/Forensic evaluation shall include any and all analysis of data, material, equipment, and contents previously obtained pursuant to NDA and analysis projects pursued for the Law Office of Stefanie Lambert. XRVision shall produce any and all work product within 8 weeks of receipt of payment in the amount of $350k down payment, and $150k due for stage II. Additional details can be located in the Project Sampson document which is incorporated in this contract between the Law Office of Stefanie L. Lambert PLLC and XRVision.

Stefanie Lambert has authority to sign on behalf of Law Office of Stefanie L. Lambert PLLC and Yacov Appelbaum has authority to sign on behalf of XRVision.

_____ 03/08/22       _____ 3/8/22
CEO YRVision              Stefanie Lambert
                          Law Office of Stefanie Lambert

DocuSign Envelope ID: 79015BAF-8072-4F85-AC7C-5C0593FC98C9

This engagement letter dated May 30, 2021 is between the Law Office of Stefanie Lambert, PLLC and XRVision, Ltd a New York Corporation, "Company" for the following services:

- Hardware forensics/acquisition
- Firmware forensics/acquisition
- Extraction of firmware
- Simulation of firmware in emulator for follow-on analysis
- Reverse engineering of hardware and firmware at direction of law firm
- Full readout and explanation of process of forensics

The Company is retained as a "consultant expert" according to the Federal Rules of Procedure, at FRCP 26(b)(4)(D).

Fees:
The fee is a total of $70,000 for the services. The following payment schedule will be followed:

- $20,000 upon execution of the agreement
- $20,000 15 business days from execution
- $35,000 upon completion

Terms:

Payment will be in arrears on a monthly basis.

Travel, food, and IT, and incidental expenses shall be reimbursed separately on a monthly basis, or alternatively the law firm will purchase necessary equipment to support authorized activities. IT purchases in excess of $500 must be pre-approved.

DocuSigned by:

*Yaacov Apelbaum*

04D98DE1837841C

Name: Yaacov Apelbaum

Date: 6/1/2021



Name: Stefanie Lambert, PLLC

Date:

DocuSign Envelope ID: 3348B66D-BFB7-4279-BDC5-3A5426E59069

This engagement letter dated May 31, 2021 is between the Law Office of Stefanie Lambert, PLLC and XRVision, Ltd a New York Corporation, "Company" restates and amends the previous engagement letter dated May 30, 2021 and is for the following services:

Litigation Support

- Litigation Support
- Cyber Investigations
- Personnel security investigations
- Insider threat investigations

The Company is retained as a "consultant expert" according to the Federal Rules of Procedure, at FRCP 26(b)(4)(D).

Fees:

The fee will be assessed on a day rate basis as follows:

$250/hour

Terms:

Payment will be in arrears on a monthly basis.

Travel, food, and IT, and incidental expenses shall be reimbursed separately monthly, or alternatively the law firm will purchase necessary equipment to support authorized activities.

DocuSigned by:

*Yaacov Apelbaum*

94D9BDE1637841C...

Name: Yaacov Apelbaum

Date: 5/31/2021

_____

Name: Stefanie Lambert, PLLC

Date:

DocuSign Envelope ID: 470E3504-7890-43C4-BFC7-19B8B00224A8

This engagement letter dated May 30, 2021 is between the Law Office of Stefanie Lambert, PLLC and XRVision, Ltd a New York Corporation, "Company" for the following services:

Litigation Support

- Litigation Support
- Cyber Investigations
- Personnel security investigations
- Insider threat investigations

The Company is retained as a "consultant expert" according to the Federal Rules of Procedure, at FRCP 26(b)(4)(D).

Fees:

The fee will be assessed on a day rate basis as follows:

$500/day

Terms:

Payment will be in arrears on a monthly basis.

Travel, food, and IT, and incidental expenses shall be reimbursed separately monthly, or alternatively the law firm will purchase necessary equipment to support authorized activities.



DocuSigned by:

B4D9BDE1637841C...

Name: Yaacov Apelbaum

Date: 5/30/2021

_____

Name: Stefanie Lambert, PLLC

Date:

**Michael Smith**

| | |
|---|---|
| **From:** | Federalattorney <Federalattorney@protonmail.com> |
| **Sent:** | Wednesday, July 13, 2022 1:56 PM |
| **To:** | Yaacov Apelbaum |
| **Subject:** | Re: FW: Fulton County Forensic Analysis Report |

Dear Yaacov,

I am unable to use you as an expert in any matter given your gross misrepresentation of conversations and agreements.

I cannot ethically put a liar on a witness stand.

It was my understanding that no further fees were owed to your form and you were doing FC "pro bono."

Please immediately refund all fees provided to your firm. You have not timely completed work to the detriment of the cases.

Best regards,

Stefanie

Sent from ProtonMail for iOS


On Wed, Jul 13, 2022 at 1:06 PM, Yaacov Apelbaum <YApelbaum@XRVision.com> wrote:

Dear Stefanie,


There is an outstanding $350K balance on the contract. As a reminder (see attached contract), the condition for the engagement was full payment in advance.


We have discussed the issue of outstanding payment several times and you committed/guaranteed the full payment before beginning the work. As a sign of good faith, we already delivered the report even though the payment is three months overdue (images were collected in April 13).


Please pay the outstanding balance at your earliest convenience.

Best regards,


Yaacov

631-951-8008

---

**From:** Federalattorney <Federalattorney@protonmail.com>
**Sent:** Wednesday, July 13, 2022 7:57 AM
**To:** Yaacov Apelbaum <YApelbaum@XRVision.com>
**Subject:** RE: Fulton County Forensic Analysis Report


Good morning,


I did not receive a response about your subsequent report.


It is needed immediately.


Please advise when I will receive it.


Thank you,


Stefanie


Sent from ProtonMail for iOS


On Fri, Jul 8, 2022 at 10:34 PM, Federalattorney <Federalattorney@protonmail.com>
wrote:

Please send Sampson. I'm reading this one now.

Thank you.

Sent from ProtonMail for iOS

On Fri, Jul 8, 2022 at 10:32 PM, Yaacov Apelbaum
<YApelbaum@XRVision.com> wrote:

> No, Samson is separate.
>
> **From:** Federalattorney <Federalattorney@protonmail.com>
> **Sent:** Friday, July 8, 2022 10:31 PM
> **To:** Yaacov Apelbaum <YApelbaum@XRVision.com>
> **Subject:** Re: Fulton County Forensic Analysis Report
>
> Thank you. Does this report include Sampson??
>
> Sent from ProtonMail for iOS
>
> On Fri, Jul 8, 2022 at 10:19 PM, Yaacov Apelbaum
> <YApelbaum@XRVision.com> wrote:
>
>> Hi Stefanie,
>>
>> Find attached the Fulton County Forensic
>> Analysis Report.
>>
>> Yaacov
>>
>> 631-951-8008

**Michael Smith**

| | |
|---|---|
| **From:** | Federalattorney <Federalattorney@protonmail.com> |
| **Sent:** | Saturday, July 23, 2022 11:48 AM |
| **To:** | Yaacov Apelbaum |
| **Subject:** | (No Subject) |

Hi Yaacov,

I haven't heard from you but I just wanted to say that all communication from your firm need to be directed to me and my firm.

I have an unusual number of deadlines over the next 3 weeks on my cases. All of my time will be consumed on these other matters.

Let's connect in a few weeks to see how we can resolve outstanding issues.

Best,

Stefanie

Sent from ProtonMail for iOS

Sent from ProtonMail for iOS

On Wed, Jul 13, 2022 at 1:06 PM, Yaacov Apelbaum <YApelbaum@XRVision.com> wrote:

Dear Stefanie,

There is an outstanding $350K balance on the contract. As a reminder (see attached contract), the condition for the engagement was full payment in advance.   Because this email was sent to me there was no contract attachment

We have discussed the issue of outstanding payment several times and you committed/guaranteed the full payment before beginning the work. As a sign of good faith, we already delivered the report even though the payment is three months overdue (images were collected in April 13).

Please pay the outstanding balance at your earliest convenience.

est regards,

Yaacov

631-951-8008

**From:** Federalattorney <Federalattorney@protonmail.com>
**Sent:** Wednesday, July 13, 2022 7:57 AM
**To:** Yaacov Apelbaum <YApelbaum@XRVision.com>
**Subject:** RE: Fulton County Forensic Analysis Report

Good morning,

I did not receive a response about your subsequent report.

It is needed immediately.

Please advise when I will receive it.

Thank you,

Stefanie

Sent from ProtonMail for iOS

On Fri, Jul 8, 2022 at 10:34 PM, Federalattorney <Federalattorney@protonmail.com> wrote:

Please send Sampson. I'm reading this one now.

Thank you.

Sent from ProtonMail for iOS

On Fri, Jul 8, 2022 at 10:32 PM, Yaacov Apelbaum <YApelbaum@XRVision.com> wrote:

No, Samson is separate.

**From:** Federalattorney <Federalattorney@protonmail.com>
**Sent:** Friday, July 8, 2022 10:31 PM
**To:** Yaacov Apelbaum <YApelbaum@XRVision.com>
**Subject:** Re: Fulton County Forensic Analysis Report

Thank you. Does this report include Sampson??

Sent from ProtonMail for iOS

On Fri, Jul 8, 2022 at 10:19 PM, Yaacov Apelbaum <YApelbaum@XRVision.com> wrote:

Hi Stefanie,

Find attached the Fulton County Forensic Analysis Report.

Yaacov

631-951-8008

on the contents of this information is strictly prohibited.

**From:** Yaacov Apelbaum <YApelbaum@XRVision.com>
**Sent:** Friday, September 23, 2022 12:24 PM
**To:** Bill Bachenberg <Bill@lvsclays.com>
**Subject:** FW: Text Message Follow-up

Hi Bill,

I hope you and family are doing well.

I wanted to follow-up on my July 22 email regarding the outstanding $350K payment for the Fulton county forensic services. Shortly after my email to you, Stefanie's followed up with an email promising to settle the payment (see attached), but, again, two months later she has failed to do so.

I read the latest Fulton County vs. Dominion complaint and it uses materials created by XRVision. Stefanie is also is adversely impacting XRVision's business by making false/misleading statements, which I will not tolerate!

FYI, the Fulton County vs. Dominion complaint contains <u>false</u> claims and if it has indeed been filed, it is perpetrating <u>fraud</u> on the court.

Best regards,

Yaacov
631-951-8008

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

YAACOV APELBAUM, a New York resident,       Case No. 2:23-cv-11718
and XRVISION, LTD., a New York corporation,

                                                         Hon. Stephen J. Murphy, III

                   Plaintiffs,

v.

STEFANIE LAMBERT, a Michigan resident, and
THE LAW OFFICE OF STEFANIE L. LAMBERT, PLLC,
A Michigan professional limited liability company
And BILL BACHENBERG, a Pennsylvania resident,

                   Defendants.

                                                                             /

**BURNS LAW FIRM**
John C. Burns*
Attorneys for Plaintiffs
PO Box 191250
St. Louis, Missouri 63119
(314) 329-5040
TBLF@pm.me
*admission to the Eastern District
Of Michigan pending

**STUART LAW, PLC**
Todd A. Stuart
Attorneys for Plaintiffs
429 Turner Ave. NW
Grand Rapids, MI 49504
(616) 284-1658
tstuart@stuartlawplc,com

**THE LAW FIRM OF MICHAEL J.
SMITH AND ASSOCIATES, PLLC**
Michael J. Smith (P36706)
Jacob A. Perrone (P71915)
Daniel L. Price (P60353)
Attorneys for Defendant Bachenberg
70 Macomb Place, Suite 200
Mt. Clemens, MI 48043
(586) 254-0200
msmith@mikesmithlaw.com
jperrone@mikesmithlaw.com
dprice@mikesmithlaw.com

                                                                              /

*THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC (586) 254-0200*

## PROOF OF SERVICE

I certify that I served ***Defendant Bachenberg's Answers to Plaintiffs' Request for Production of Documents*** and this ***Proof of Service***, upon the attorney for the Plaintiff via email at the above noted email address on December 6, 2024.

By:    ☒ First Class Mail      ☒ Facsimile and/or Email

☐ Hand Delivery      ☐ Fed-Ex Overnight Mail

I declare that the statements above are true to the best of my information, knowledge and belief.

/s/ John H. Mott (P81990)
John H. Mott

*THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC (586) 254-0200*

2

# EXHIBIT 3

Tuesday, May 27, 2025 at 3:39:07 PM Eastern Daylight Time

---

**Subject:** Fwd: Meet and Confer
**Date:** Tuesday, May 27, 2025 at 3:29:14 PM Eastern Daylight Time
**From:** Todd Stuart
**To:** Rawan Hider

---------- Forwarded message ---------
From: **Todd Stuart** <tstuart@stuartlawplc.com>
Date: Wed, May 21, 2025 at 6:13 PM
Subject: Meet and Confer
To: Michael Smith <msmith@mikesmithlaw.com>, Jonathon Burns <john@burns-law-firm.com>, Hailey Adams <hadams@stuartlawplc.com>, <jharris@mikesmithlaw.com>, Rebecca Zampaglione <rzamp@mikesmithlaw.com>

Mike,

    I know you're working through the concerns we discussed, but with discovery closing soon, we need to schedule our "meet and confer" ASAP. Could you meet with Jonathan and me tomorrow afternoon to work through discovery issues?

    While we much prefer to resolve everything amicably between us (to be clear, you have been collegial working with us), we may need to file a motion to compel as a precaution, given the timeline, even as we continue our discussions. Our goal is to resolve this without court involvement before a hearing.  Thanks!

Todd

p.s. Feel free to call anytime tomorrow if you want to discuss.
--



**Todd A Stuart**
Founder and Managing Member
Stuart Law, PLC
Appointments: 2851 Charlevoix Dr SE #207, Grand Rapids, MI 49546
Mailings: 5557 28th Street SE, STE B 328, Grand Rapids, MI 49512
(616) 202-6541
Stuart Law PLC


Notice of Confidentiality: This message, including any attachments, is confidential and may be

privileged. If you have received it by mistake, please notify the sender by return email or by telephone at (616) 202-6541, and delete this message from your system.  Your assistance in correcting this error is appreciated.

IRS Required Notice: To ensure compliance with IRS regulations, we inform you that any tax advice contained in this communication, including any attachments, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
.

--



**Todd A Stuart**

Founder and Managing Member

Stuart Law, PLC

Appointments: 2851 Charlevoix Dr SE #207, Grand Rapids, MI 49546

Mailings: 5557 28th Street SE, STE B 328, Grand Rapids, MI 49512

(616) 202-6541

Stuart Law PLC



Notice of Confidentiality: This message, including any attachments, is confidential and may be privileged. If you have received it by mistake, please notify the sender by return email or by telephone at (616) 202-6541, and delete this message from your system.  Your assistance in correcting this error is appreciated.

IRS Required Notice: To ensure compliance with IRS regulations, we inform you that any tax advice contained in this communication, including any attachments, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
.

# EXHIBIT 4

Case 2:23-cv-11718-RJW-APP ECF No. 46, PageID.401 Filed 05/28/25 Page 69 of 73

Wesley Corporation v. Zoom T.V. Products, LLC, Not Reported in Fed. Supp. (2018)

2018 WL 372700
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

**WESLEY CORPORATION**, et al., Plaintiffs,

v.

**ZOOM T.V.** PRODUCTS, **LLC**, et al., Defendants.

Case No.



17

-

10021

|

Signed 01/11/2018

**Attorneys and Law Firms**

Frank Frisenda, Frisenda Quinton & Nicholson, David M. Dudley, Los Angeles, CA, Stephen T. Padgett, Debrincat, Padgett, Kobliska & Zick, Farmington Hills, MI, for Plaintiffs.

Steven James Kustra, Daniel J. Scully, Jr., Joshua G. Latzman, Clark Hill, PLLC, Detroit, MI, Frank M. Smith, FMS Lawyer PL, Cooper City, FL, Emil Edward Braca, Delarosa & Associates, New York, NY, for Defendants.

**OPINION AND ORDER EXTENDING DEADLINES, GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER, AND ORDERING FURTHER BRIEFING**

ROBERT H. CLELAND, UNITED STATES DISTRICT JUDGE

**\*1** This is not the first time these parties have been before the court. In July 2015, Plaintiffs brought suit against Defendant Zoom TV Products ("Zoom TV") for patent infringement and breach of contract. See Wesley Corp. v. Zoom TV Prods., No. 15-12449 (Cleland, J.). The parties settled that case on July 22, 2016. (See Settlement Agreement Dkt. #1-1 Pg. ID 12.) The court entered a stipulated order of dismissal about a month later. See Wesley Corp., No. 15-12449, Dkt. #30.

But Defendant Zoom TV and its marketing affiliate, Defendant Ideavillage Products Corporation ("Ideavillage"), have allegedly breached the settlement

agreement. (See Dkt. #1.) They have also—along with ten John Doe Defendants—allegedly infringed on Plaintiffs' federally-registered trademark and patents since the effective date of the settlement. (Id.) Though a scheduling order was entered in this action in June, the parties have now—over five months later—brought rudimentary discovery disputes to the court. Presently before the court are three motions: a motion for protective order filed by Defendants (Dkt. #36) and two motions to compel filed by Plaintiffs (Dkt. ##41, 42). Plaintiffs responded to Defendants' motion for a protective order. (Dkt. #39.) The court held a hearing on December 12, 2017. For the following reasons, the court will extend the deadlines in this case, limit the applicable discovery period, and order further submission from Plaintiffs.

**I. STANDARD**

The scope of discovery is within the sound discretion of the court. Anwar v. Dow Chem. Co., 876 F.3d 841, 854 (6th Cir. 2017); Surles v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007). Unless the court limits discovery, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Among the court's powers to regulate discovery is the authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for good cause shown by the moving party. See Fed. R. Civ. P. 26(c). "[T]o justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Serrano v. Cintas Corp., 699 F.3d 884, 901 (6th Cir. 2012). The party requesting a protective order must, therefore, point to facts showing that some discovery would cause annoyance, embarrassment, oppression, or undue burden or expense sufficient to justify entry of a protective order. Id.

**II. DISCUSSION**

Defendants ask for a protective order limiting discovery to the time after the settlement agreement took effect. According to Defendants, any information or documents from before the settlement agreement would be irrelevant. They also ask that Plaintiffs' counsel follow the Federal Rules of Civil Procedure and the Local Rules when setting depositions. (Dkt. #36.)

Plaintiffs, in response, argue that they are entitled to discovery covering at least some time period before the settlement agreement and propose a little over seven months' worth, as they request discovery dating back to January 1, 2016. (Dkt. #39 Pg. ID 205–06.) They also argue that they properly noticed the depositions of which Defendants complain, and they point out that Defendants failed to attach to their motion the allegedly noncompliant deposition notices.

**\*2** Plaintiffs, on the other hand, request an order compelling Defendants to produce documents in response to Plaintiffs' requests (Dkt. #42) and an order compelling Defendants to amend their interrogatory responses (Dkt. #41). To date, Defendants have not produced a single document. Instead, Defendants repeat the same objection to nearly every request for production. (*See* Dkt. ##42-1, 42-2.) Defendants also repeat the same objection to nearly every interrogatory. (*See* Dkt. ##41-1, 41-2.)

Plaintiffs also ask the court to order Defendants to verify their interrogatory answers and verify, as to their document production, "that a diligent search has been made by the custodians for responsive documents and ESI." (Dkt. #42 Pg. ID 365.) Plaintiffs request that this latter verification include "the date of such search; the name and address of such custodian; [and a statement that] the ESI search was made in accordance with best practices for each repository[,] including cell phones." (*Id.*) Defendants did not respond in briefing to these motions. At the hearing, Defendants represented that they had no responsive documents and that the appropriate verifications had been sent to Plaintiffs' counsel.

The court addresses each of these requests in turn.

### A. Protective Order

Defendants assert that they should not have to respond to discovery requests relating to a time before the court's entry of dismissal in the prior case. Anything prior to the entry of that dismissal, according to Defendants, would be irrelevant because Plaintiffs only seek relief "for activities of Defendants subsequent to the prior case." (Dkt. #36 Pg. ID 193.) Defendants argue that discovery should be limited to the period after the court's entry of dismissal in August 2016. It is a minor detail, but nonetheless unclear why that date would be identified and not the date of the settlement agreement, July

22. In any event, the court agrees with Plaintiffs that such a limitation is not warranted in this case.

Defendants have not, in their one page argument, offered a "specific demonstration of fact" that discovery of information prior to the settlement agreement would cause "annoyance, embarrassment, oppression, or undue burden or expense." Information and documents dating before the settlement agreement are not, as Defendants would have it, inherently irrelevant. It is entirely plausible that discovery sought by Plaintiffs could provide necessary or helpful context to the settlement, or could demonstrate that Defendants never intended to abide by the settlement agreement at all. The court will not speculate on as-yet unknown facts of this case, but only notes that these easily imagined possibilities make Defendants' claim of per se irrelevance unpersuasive.

The court will, however, impose a reasonable restriction on how far back discovery may extend. Because the parties' discovery is most obviously and appropriately directed to providing context for the settlement, discovering activity for approximately three months before the agreement should sufficiently set the stage for Plaintiffs' claims in this case. Discovery, therefore, should not be sought for information or documents dating to before *on or about* April 22, 2016.

Defendants have also requested that the court order Plaintiffs to abide by both federal and local rules when setting depositions. The court, as noted below, will extend the deadline for Plaintiffs to take depositions. Given this extension—and given the parties' avowals in filing (Dkt. #45 Pg. ID 426) and at the hearing that they will coordinate depositions among themselves—the court need not address the propriety of Plaintiffs' earlier deposition notices.

### B. Motions to Compel

**\*3** Plaintiffs attached to their motion Defendants' responses to interrogatories and requests for production. (*See* Dkt. ##41-1, 41-2, 42-1, 42-2.) They paint a bleak picture of Defendants' attitude in discovery as they robotically recite the same "objection" to each of Plaintiffs' sixteen interrogatories, save two. Defendants' refrain is this:

> **ZOOM** [or IDV] objects to this interrogatory as vague, overly broad, unduly burdensome, harassing, and/or

seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving its objection,...

Defendants do not explain why an interrogatory is vague, in what way it is overly broad, or provide any explanation of undue burden or harassment. No information is given in support of the claim that an interrogatory seeks irrelevant information. Defendants merely assert the "objection" and leave it to Plaintiffs—and the court—to try to sort out how and why the interrogatory is somehow improper.

Perhaps unsurprisingly, the court has found no even arguable deficiency with many of the interrogatories it has reviewed. Interrogatory 6, for example, asks: "If you contend that you ceased advertising and/or promotion of the Accused Products, describe in detail the factual and legal bases for such contention." (Dkt. #41-1 Pg. ID 323; Dkt. #41-2 Pg. ID 335.) This request merely asks Defendants to describe the bases for their belief (if they have one) that they ceased advertising and promotion of Plaintiffs' products. It is in no way vague. Neither is it overly broad, or unduly burdensome. Or harassing. Or seeking information that is irrelevant.

Defendants' foot-dragging obstructionism continues in its responses to Plaintiffs' requests for production. Again, the court could use any one of Defendants' responses as an example because each is identical.[1] Defendants' responses to requests for production provide:

> **ZOOM** [or IDV] objects to this request as vague, overly broad, unduly burdensome, harassing, and/or seeking information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving its objection, **ZOOM** [or IDV] indicates it does not have any responsive documents within its possession, custody and control.

Defendants' objections to these requests similarly lack any explanation.

Based on Defendants' representations at the hearing, the court will not now order Defendants to provide verifications for their discovery responses. Should the need arise later, Plaintiffs are invited to make an appropriate motion. The court will, however, turn to the substance—or lack thereof—in Defendants' discovery responses.

### i. The Problem of Boilerplate

**\*4** Defendants' "objections" to these discovery requests are the typical boilerplate objections known and detested by courts and commentators—and receiving parties—around the nation. A "boilerplate" objection is one that is invariably general; it includes, by definition, "[r]eady-made or all-purpose language that will fit in a variety of documents." *Boilerplate*, Black's Law Dictionary (10th ed. 2014). Thus, "[a]n objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request." Jarvey, Matthew L., *Boilerplate Discovery Objections: How They Are Used, Why They Are Wrong, and What We Can Do About Them*, 61 Drake L. Rev. 913, 914 (2013).

Boilerplate objections to interrogatories and requests for production are not permitted under the Federal Rules of Civil Procedure. Rule 33(b)(4) requires that objections to interrogatories be made "with specificity" and provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Rule 34(b)(2)(B) requires that objections to requests for production "state with specificity the grounds for objecting to the request." Rule 34(b)(2)(C) further demands that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."

When objections lack specificity, they lack effect: an objection that does not explain its grounds (and the harm that would result from responding) is forfeited. "Boilerplate or generalized objections are tantamount to no objection at all and will not be considered...." *Strategic Mktg. & Research Team, Inc. v. Auto Data Solutions, Inc.*, 15-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (Murphy III, J.)

(quoting *Nissan N. Am., Inc. v. Johnson N. Am., Inc.*, No. 09-11783, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011) (Majzoub, M.J.)). Lawyers who purport to "preserve" an objection by including it in a boilerplate statement must be prepared to face the fact that the result of a substance-free objection is generally "the opposite of preservation[,]" i.e., forfeiture. Jarvey, *Boilerplate, supra*, at 925. Similarly, the common "notwithstanding-the-above" designations that frequently follow a boilerplate objection and precede a more substantive response also fail to preserve objections. *Id.* The idea that boilerplate in some talismanic way preserves an objection is fallacy. It has been fairly styled an "urban legend," one that promotes the misuse of the objection process and amounts to nothing less than "a waste of effort and the resources of both the parties and the court." *Id.* (quoting *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fl. 2008)).

This court is not the first—nor will it be the last—to condemn the use of boilerplate objections. Indeed, perhaps the only thing more surprising than the pervasive reliance on boilerplate is the practice's continued existence in the face of strong and widespread criticism by federal courts. *See, e.g.*, *Black v. Pension Benefit Guar. Corp.*, No. 09-13616, 2014 WL 3577949, at *2 (E.D. Mich. July 21, 2014) (Tarnow, J.) ("The Court strongly condemns the practice of asserting boilerplate objections to every discovery request."); *Kristensen v. Credit Payment Servs., Inc.*, No. 12-0528, 2014 WL 6675748, at *4 (D. Nev. Nov. 25, 2014) (describing a party's "general and additional objections" as "boilerplate objections which are designed to evade, obfuscate, and obstruct discovery"); *Lowe v. Vadlamudi*, No. 08-10269, 2012 WL 3731781, at *3 (E.D. Mich. Aug. 28, 2010) (Lawson, J.) (noting that a party's boilerplate objections "do not gain in substance through repetition"); *Marti v. Baires*, No. 08-00653, 2012 WL 2029720, at *11 (E.D. Cal. June 5, 2012) ("The Court will not countenance any party's effort to obstruct discovery through objections or evasive responses which lack any good faith basis."); *Near v. Eli Lilly & Co.*, No. 07-00006, 2008 WL 11334459, at *1 (S.D. Iowa July 16, 2008) ("[T]he use of boilerplate, unsubstantiated objections is rejected by federal courts."). These cases, in their interpretation of the discovery rules and their denunciation of boilerplate, "are not aspirational, they are the law." *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 191 (N.D. Iowa Mar. 13, 2017).

### ii. Attorney Fees

**\*5** Courts and commentators have called on courts to deter boilerplate by imposing sanctions with their inherent power and under Federal Rule of Civil Procedure 26. *See, e.g.*, *id.* at 187–88; Jarvey, *Boilerplate, supra*, at 932 ("In order to curb boilerplate objections, judges should be more willing to dole out sanctions against lawyers who abuse the discovery process by issuing these objections."). The advisory committee notes to Rule 26 also contemplate sanctions as a solution to discovery abuses. Fed. R. Civ. P. 26(g) Advisory Committee's Note to 1983 Amendment ("Thus the premise of Rule 26(g) is that imposing sanctions on attorneys who fail to meet the rule's standards will significantly reduce abuse by imposing disadvantages therefor.")

Plaintiffs have requested their reasonable attorney fees incurred in connection with their motions to compel. (Dkt. #41 Pg. ID 309; Dkt. #42 Pg. ID 365.) The court agrees that in light of Defendants' conduct in discovery, and in light of the need to deter future use of boilerplate, a sanction in the form of attorney fees is warranted. Plaintiffs are not entirely blameless in this proceeding, however, as they delayed—without explanation so far as the court knows—for more than four months before serving their first discovery requests. The court will take Plaintiffs' delay into account when fashioning an appropriate sanction in this case. But the court will wait to decide the exact parameters of a fee shifting sanction until after Plaintiff has had an opportunity to be heard on what fees are warranted and the parties have had the opportunity to consult and agree.

### C. Discovery Deadlines

In light of the foregoing, the parties agreed at the hearing that a limited extension of discovery deadlines is warranted. They suggested to the court that Defendants should have 45 days to amend their responses to Plaintiffs' discovery requests, and Plaintiffs should have 60 days to complete their depositions. The court agrees that these extensions are appropriate and will grant them. Because Defendants will amend their discovery responses, the court will not grant Plaintiffs' motions to compel at this time. Should Defendants' amended responses continue to appear facially deficient, however (especially if they again embrace unexplained boilerplate), Plaintiffs may file another motion to compel.

WESTLAW © 2025 Thomson Reuters. No claim to original U.S. Government Works. 4

Case 2:23-cv-11718-RJW-APP ECF No. 46, PageID.405 Filed 05/28/25 Page 73 of 73

Wesley Corporation v. Zoom T.V. Products, LLC, Not Reported in Fed. Supp. (2018)

### III. CONCLUSION

Discovery is a matter that should be directed and controlled by attorneys in accordance with the federal rules and their professional and ethical obligations. The court does not enjoy stepping in to regulate the process where attorneys engage in foot-dragging and obstructionism. The court enjoys imposing sanctions even less. But here the parties have demonstrated that intervention is necessary, and the court has fashioned this order accordingly. Further intervention will no doubt be accompanied by more significant sanctions, all as may be justified by subsequent events. Accordingly,

IT IS ORDERED that Defendants' Motion for Protective Order (Dkt. #36) is GRANTED IN PART. Discovery in this matter will be limited to the period of approximately April 22, 2016 to the present.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel Defendants' Responses to Plaintiffs' Interrogatories (Dkt. #41) and Plaintiffs' Motion to Compel Defendants' Responses to Plaintiffs' Document Requests (Dkt. #42) are DENIED WITHOUT PREJUDICE. Defendants will have

until **January 25, 2018** to amend their responses to Plaintiffs' Interrogatories and Requests for Production.

IT IS FURTHER ORDERED that Plaintiffs have until **February 9, 2018** to complete their depositions.

IT IS FURTHER ORDERED that the dispositive motion cutoff is reset for **March 9, 2018**.

 **\*6** IT IS FURTHER ORDERED that Plaintiffs file a concise but explanatory memorandum of no more than about seven pages requesting attorney fees related to these motions by **January 19, 2018**; the request should take into account a reasonable reduction for Plaintiffs' delay in commencing discovery. Plaintiffs should attach to their brief a reasonably detailed proposed invoice for attorney fees. Plaintiffs are expected to abide by E.D. Mich. L.R. 7.1(a)—which requires that they seek concurrence from Defendants and provide Defendants an opportunity to respond—before filing their request. Agreement between the parties on the details of a fees sanction obviates the need for Plaintiffs' memorandum.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 372700

---

### Footnotes

1    With one exception: Defendants' response to Request for Production 12 includes the addition of one sentence. For Zoom TV: "ZOOM notes, it provided documents previously to counsel for Defendants on this topic." (Dkt. #42-1 Pg. ID 382.) For Ideavillage: "IDV notes, it provided documents previously to counsel for Defendants on this topic." (Dkt. #42-2 Pg. ID 396.) The court doubts that Defendants meant to say that they provided documents to their own counsel; it seems more likely that Defendants simply referred to counsel for "Defendants" instead of "Plaintiffs" as a typographical error. Whether erroneously or correctly stated, this one sentence addition in no way cures the deficiencies and obstructionist behavior identified by the court.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.