UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

YAACOV APELBAUM, a New York resident, and XRVISION, LTD., a New York corporation,

        Plaintiffs,

v.

STEPHANIE LAMBERT, a Michigan resident, and THE LAW OFFICE OF STEPHANIE L LAMBERT, PLLC, A Michigan professional limited liability company, and BILL BACHENBERG, a Pennsylvania resident,

        Defendants.

Case No. 2:23-cv-11718

Hon. Robert J. White

---

| | |
|---|---|
| **BURNS LAW FIRM** <br> John C. Burns <br> Attorneys for Plaintiffs <br> PO Box 191250 <br> St. Louis, Missouri 63119 <br> (314) 329-5040 <br> TBLF@pm.me | **THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC** <br> Michael J. Smith (P36706) <br> Jamal R. Harris (P63835) <br> John H. Mott (P81990) <br> Attorneys for Defendant Bill Bachenberg <br> 70 Macomb Place, Suite 200 <br> Mt. Clemens, MI 48043 <br> (586) 254-0200 <br> msmith@mikesmithlaw.com <br> jharris@mikesmithlaw.com <br> jmott@mikesmithlaw.com |
| **STUART LAW PLC** <br> Todd A. Stuart (P70187) <br> Attorneys for Plaintiff <br> 2851 Charlevoix Dr SE, STE 207 <br> Grand Rapids, MI 49546 <br> Mailing: 5557 28th Street SE <br> STE B 328, Grand Rapids, MI 49512 <br> (616) 209-9270 <br> tstuart@stuartlawplc.com | **SIVER AND ASSOCIATES, PLC** <br> Thomas D. Siver (P69751) <br> Attorneys for Defendant Bill Bachenberg <br> PO Box 3253 <br> Grand Rapids, MI 49501 <br> (616) 261-5800 <br> tsiver@siverlaw.com |

> THE TICKTIN LAW GROUP
> David L Perry II (1045902)
> Attorneys for Defendants, Stefanie Lambert, The Law Office of Stefanie L. Lambert, PLLC, and Bill Bachenberg.
> 270 SW Natura Avenue
> Deerfield Beach, FL 33441
> (954) 570-6757
> DPerry@LegalBrains.com
> Serv514@LegalBrains.com

**MOTION TO DISMISS DEFENDANT
BILL BACHENBERG WITH PREJUDICE**

Plaintiffs, Yaacov Apelbaum and XRVision, Ltd., by and through their undersigned counsel, respectfully move this Court pursuant to Federal Rule of Civil Procedure 41(a)(2) for an Order dismissing Defendant Bill Bachenberg from this action with prejudice.

Plaintiffs state the following grounds in support of this Motion:

1. This action was filed alleging claims against multiple defendants including Bill Bachenberg.

2. Plaintiffs and Defendant Bachenberg engaged in settlement negotiations and reached a resolution of all claims against Bachenberg only.

3. The parties entered into a settlement agreement whereby Defendant Bachenberg agreed to pay Plaintiffs the sum of $500,000.00 in exchange for dismissal of all claims against Bachenberg with prejudice. **EXHIBIT 1-A**.

4. Defendant Bachenberg has fully satisfied the settlement agreement by payment of the agreed-upon sum of $500,000.00. *See* Joint Declaration of Todd A. Stuart and John C. Burns, attached hereto as **Exhibit 1**.

5. The communications between counsel demonstrate that the settlement was fully consummated, with payment made and received, and that the parties had agreed on all essential terms.  See **Exhibit 1** (declaration) and **Exhibit 1-A** (emailed offer and acceptance).

6. After the agreement had been reached and Defendant Bachenberg had performed under the settlement agreement by making payment, Defendant Bachenberg subsequently tried to renegotiate the contract, seeking as additional consideration from Plaintiffs, a dismissal with prejudice as to the Lambert Defendants. This was beyond the scope of the settlement agreed to by Bachenberg and Plaintiffs, and would have improperly affected Plaintiffs' claims against the remaining defendants. This was not only a request of additional consideration but also made no sense as Plaintiffs and Defendant Bachenberg agreed that the dismissal was only as to Defendant Bachenberg.  See Communications between Counsel, attached hereto as **Exhibit 1-B**.

7. These communications are admissible because they relate to implementation of a completed settlement agreement rather than ongoing settlement negotiations.

8. The communications are necessary to demonstrate the parties' performance of the settlement and the procedural impediments to stipulated dismissal that necessitate court intervention.

9. The communications show agreement on all essential terms with disagreement only on language that would affect non-settling parties. See **Exhibit 1-A**.

10. Dismissal of Defendant Bachenberg will not prejudice the remaining defendants or complicate this litigation, as the dismissal applies solely to Defendant Bachenberg and claims against other defendants remain unaffected.

11.     Federal Rule of Civil Procedure 41(a)(2) permits voluntary dismissal by court order "on terms that the court considers proper," and dismissal serves the interests of judicial economy by resolving settled claims and narrowing the scope of remaining litigation.

12.     The settlement agreement provides that dismissal shall be with prejudice unless and until the settlement agreement is vacated or voided by a court of competent jurisdiction.

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion and enter an Order dismissing Defendant Bill Bachenberg from this action with prejudice, subject to reinstatement of claims in the event the underlying settlement agreement is vacated or voided by a court, with such dismissal not affecting the claims against the remaining defendants.

Respectfully Submitted

/s/ John C. Burns
John C. Burns
Attorneys for Plaintiffs
PO Box 191250
St. Louis, Missouri 63119
(314) 329-5040
TBLF@pm.me

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 18, 2025, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.

/s/ John C. Burns