IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO.   2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

      Plaintiffs,

v.

STEFANIE LAMBERT, THE
LAW OFFICE OF STEFANIE
L.  LAMBERT, PLLC, and
BILL BACHENBERG,

      Defendants.
_____/

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

    The Defendants, Stefanie Lambert, The Law Office Of Stefanie L. Lambert, PLLC, and Bill Bachenberg, by and through their undersigned counsel, hereby files this Motion to Enforce Settlement Agreement, and in support thereof states:

    1.    On June 11, 2025, the parties reached a settlement agreement whereby the Defendant, Bill Bachenberg, would pay the Plaintiffs, Yaacov Apelbaum and XRVision, Ltd. the Plaintiffs' Complaint Demand of $500,000.00 in exchange for dismissal of the case with prejudice.

    2.    The Approved Proposed Order, sent by Thomas Siver on behalf of the

Defendant, Bill Bachenberg, on June 11, 2025, explicitly stated: "This Court finds that Defendant Bill Bachenberg has satisfied the $500,000.00 demand, and this case is now closed and dismissed with prejudice."

3.     The Plaintiffs' counsel, Jonathon Christian Burns, agreed to this language, requesting only changes to attorney names and addresses in the caption.

4.     On June 12, 2025, in reliance on this agreement, the Defendant, Bill Bachenberg, wire transferred the full $500,000.00 settlement amount to the Plaintiffs.

5.     After receiving payment, the Plaintiffs unilaterally modified the terms of the settlement agreement by submitting a revised order that would dismiss the case only as to the Defendant, Bill Bachenberg, while keeping the case open against the Defendants, Stefanie Lambert and The Law Office Of Stefanie L. Lambert, PLLC.

6.     The communications between counsel demonstrate that on June 11, 2025, the parties had reached a meeting of the minds on all essential terms of the settlement agreement before payment was made, specifically that the entire case would be dismissed with prejudice upon payment of $500,000.00.

7.     On June 12, 2025, the Defendant, Bill Bachenberg, performed the Defendants' obligations pursuant to the agreement.

8.     This Court has the authority to enforce settlement agreements.

*Bamerilease Capital Cor*p. *v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992)

9. Federal courts have broad authority under F.R.Civ.P. 16 to facilitate and enforce settlements.

10. Where a party has performed its obligations under a settlement agreement, as Defendant Bachenberg has done by paying $500,000.00, the Court may order specific performance of the other party's obligations.  F.R.Civ.P. 70.

11. F.R.Civ.P. 41 provides for dismissal of actions by stipulation of the parties, and courts have the authority to enforce such stipulations when the parties have reached a binding agreement.

12. The Plaintiffs' attempt to modify the terms of the settlement agreement after receiving payment is a breach of the agreement and violates the principles of good faith and fair dealing.

13. Enforcement of the original settlement agreement is appropriate because: 1) the agreement was clear and unambiguous; 2) consideration was paid and accepted; 3) the parties had a meeting of the minds on all essential terms before payment was made; and 4) the Defendant, Bill Bachenberg, fully performed the Defendants' obligations under the agreement.

WHEREFORE, the Defendants, Stefanie Lambert, The Law Office Of Stefanie L. Lambert, PLLC, and Bill Bachenberg, respectfully requests that this Court  grant this Motion, dismiss the Plaintiffs' Complaint pursuant to the original

settlement agreement between the parties; or alternatively, enter an Order requiring the Plaintiffs to return the $500,000 paid by the Defendant Bill Bachenberg pursuant to the Plaintiffs' Complaint Demand, and grant such further and other relief as this Honorable Court may deem just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to L.R. 7.1.(a) I hereby certify that on June 20, 2025, the undersigned counsel conferred with counsel for the Plaintiffs, regarding the issues presented, and the relief sought in this Motion. Counsel for the Plaintiffs, Jonathon Burns, stated that the Plaintiffs' opposed the relief sought in this Motion.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.


*/s/ David L. Perry II*
David L. Perry II , Esquire
Fla Bar No. 1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO.  2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

      Plaintiff,

v.

STEFANIE LAMBERT, THE
LAW OFFICE OF STEFANIE
L. LAMBERT, PLLC, and
BILL BACHENBERG,

      Defendants.
_____/

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION TO ENFORCE SETTLEMENT AGREEMENT

    The Defendants, Stefanie Lambert, The Law Office Of Stefanie L. Lambert, PLLC, and Bill Bachenberg, by and through their undersigned counsel, hereby files this Brief in Support of Motion to Enforce Settlement Agreement, and in support thereof states:

**Background**

    The Plaintiffs filed a Complaint alleging breach of contract, demanding $500,000.  The Defendant, Bill Bachenberg, represented by attorney Thomas Siver, engaged in settlement negotiations with the Plaintiffs.

On June 11, 2025, the parties reached an agreement whereby the Defendant, Bill Bachenberg, would pay $500,000 in exchange for dismissal of the case with prejudice. Counsel for the Defendant, Thomas D. Siver, sent a a Proposed Order (hereinafter referred to as the "Agreed Proposed Order") the counsel for the Plaintiffs, Jonathon Burns, who agreed with the Agreed Proposed Order and requested that only the contact information in the caption be changed. On June 12, 2025, the Defendant, Bill Bachenberg, performed his obligations pursuant to the agreement when he wired the agreed-upon amount to the Plaintiffs.

After receiving payment, the Plaintiffs submitted a revised order to the court, seeking to dismiss the case only as to the Defendant, Bill Bachenberg, leaving the claims against the other Defendants ongoing. The Defendants now seek to enforce the original settlement terms, which provided for dismissal of the case with prejudice as to all defendants.

**Legal Standards**

Settlement agreements are governed by contract law. A valid agreement requires offer, acceptance, consideration, and mutual assent on all essential terms. *Effyis, Inc. v. Kelly*, 821 F. App'x 614, 620 (6th Cir. 2020). Mutual assent is judged objectively based on the parties' express words and visible acts. *McCormack v. City of Westland*, No. 15-cv-14507, 2018 U.S. Dist. LEXIS 126663, at *16 (E.D. Mich. July 30, 2018).

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Courts must enforce settlement agreements as agreed by the parties and cannot alter their terms. *Lowman v. GMC*, Civil Action No. 20-12515, 2021 U.S. Dist. LEXIS 251553, at *10 (E.D. Mich. Nov. 19, 2021). Once the essential terms are agreed upon, the agreement is binding, even if not yet memorialized in writing. *Lowman v. GMC*, Civil Action No. 20-12515, 2021 U.S. Dist. LEXIS 251553, at *10 (E.D. Mich. Nov.19, 2021).

A district court may dismiss claims while retaining jurisdiction to enforce a settlement agreement, provided the settlement terms are incorporated into the dismissal order or the court explicitly retains jurisdiction. *Rhodes v. City of Dearborn Police & Fire Revised Ret. Sys.*, No. 15-13805, 2024 U.S. Dist. LEXIS 177482, at *6 (E.D. Mich. Sep. 30, 2024). *See also Limbright v. Hofmeister*, 553 F. Supp. 2d 886, 893 (E.D. Mich. 2008).

**Argument**

The agreement to satisfy the Demand between the Plaintiffs and the Defendant, Bill Bachenberg, satisfies the requirements of a valid contract under Michigan law. There was an offer (payment of $500,000 in exchange for dismissal of the case), acceptance (the Plaintiffs' agreement to the terms), consideration (the $500,000 payment), and mutual assent on all essential terms. *Effyis, Inc. v. Kelly*, 821 F. App'x 614, 620 (6th Cir. 2020).

The objective evidence, including email communications and the transfer of

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

funds, demonstrates a meeting of the minds. *McCormack v. City of Westland*, No. 15-cv-14507, 2018 U.S. Dist. LEXIS 126663, at *16 (E.D. Mich. July 30, 2018).

The court is obligated to enforce the settlement agreement as agreed by the parties and cannot modify its terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). The original agreement provided for dismissal of the case with prejudice, as to all Defendants, and this term was agreed upon before payment was made. *Lowman v. GMC*, Civil Action No. 20-12515, 2021 U.S. Dist. LEXIS 251553, at *10 (E.D. Mich. Nov. 19, 2021). The Plaintiffs' attempt to revise the terms after receiving payment is breach of the agreement and violates principles of good faith and fair dealing.

The court has the authority to dismiss the case with prejudice as to all defendants and retain jurisdiction to enforce the settlement agreement if necessary. Incorporating the settlement terms into the dismissal order would ensure compliance and finality. *Rhodes v. City of Dearborn Police & Fire Revised Ret. Sys.*, No. 15-13805, 2024 U.S. Dist. LEXIS 177482, at *6-7 (E.D. Mich. Sep. 30, 2024).

**Conclusion**

The agreement between the Plaintiffs and the Defendant, Bill Bachenberg, is valid and enforceable. The court should enforce the original terms of the agreement, which provided for dismissal of the case with prejudice as to all defendants. The Plaintiffs' attempt to unilaterally modify the agreement after receiving payment is

4

improper and should be rejected. Accordingly, the court should grant the motion to enforce the settlement agreement and dismiss the case with prejudice as to all Defendants

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L.  Perry II*
David L.  Perry II , Esquire
Fla Bar No.  1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendants*