IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO.  2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

        Plaintiff,

v.

STEFANIE LAMBERT, THE
LAW OFFICE OF STEFANIE
L.  LAMBERT, PLLC, and
BILL BACHENBERG,

        Defendants.

_____/

## STEFANIE LAMBERT AND THE LAW OFFICE OF STEFANIE L. LAMBERT, PLLC'S MOTION TO VACATE CLERKS DEFAULT

The Defendants, Stefanie Lambert, The  Law Office Of Stefanie L.  Lambert, PLLC, and Bill Bachenberg, by and through their undersigned counsel, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and hereby respectfully move this Court to vacate the Clerk's Default entered against them,  and in support of this Motion state:

1.      The Plaintiffs Yaacov Apelbaum and XRVision, Ltd. filed a Complaint against the Defendants Stefanie Lambert, The Law Office of Stefanie L. Lambert, PLLC, and Bill Bachenberg, alleging claims of libel, slander, tortious interference,

breach of contract, and quantum meruit.

2.     On December 12, 2023, this Court entered an Order Granting Alternative Service (herein after referred to as the "Order"), which required the Plaintiffs to leave "copies of the summons, complaint, and this order with an adult **at each** [meaning all] of the [following addresses:  6386 Thorncrest Dr. Bloomfield Hills, MI 48301; 1162 Horseshoe Dr. South Lyon, MI 48178; 1057 Country Club Dr. #61, Saint Clair Shores, MI 48082; or 19245 23 Mile Rd., Macomb, MI 48042.]"

3.     The Plaintiffs served only an adult at 19245 23 Mile Rd., Macomb, MI 48042, which is an address Mrs. Lambert does not know, and failed to serve anyone at any of the remaining three addresses as required by this Court's Order.

4.     The Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC, were never served pursuant to this Court's Order, or in any other way.

5.     The Co-Defendant Bill Bachenberg's prior counsel, Michael J. Smith, filed an Answer to the Complaint for Mr. Bachenberg.

6.     Notwithstanding that Mrs. Lambert was never served, she became aware of the lawsuit, and was under the mistaken belief that she and The Law Office of Stefanie L. Lambert, PLLC, were being represented by Michael J. Smith in the above styled lawsuit, and that he would file a Motion to Dismiss on their behalf.

7.     Due to this misunderstanding, no responsive pleading was filed on

2

behalf of the Defendants Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC.

8.      A Clerk's Default was entered against the Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC, on February 27, 2024.

9.      The Plaintiffs have not yet obtained a Default Judgment against the Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC.

10.      Because service of process was never proper, the Clerks Default is invalid for lack of jurisdiction.

11.      The Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC, have good cause for their conduct and have meritorious defenses to the claims asserted in the Complaint. See Declaration of Stefanie Lambert.  See also the Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC's Answer and Affirmative Defenses attached hereto and marked as Exhibit "B."

12.      The Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC, wish to defend this matter on the merits.

13.      The Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC, rely on the accompanying brief, Declaration of Stefanie Lambert, and Answer and Affirmative Defenses, for their good cause and meritorious defense.

WHEREFORE, the Defendants, Stefanie Lambert, The  Law Office Of

3

Stefanie L. Lambert, PLLC,  respectfully requests that this Honorable Court grant this Motion to Vacate Clerk's Default, set aside the Clerk's Default entered against Defendants Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC; enter the attached Answer and Affirmative Defenses as a separate docket entry; and grant such other and further relief as this Honorable Court may deem just and proper.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 1, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L. Perry II*
David L. Perry II , Esquire
Fla Bar No. 1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendants*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO. 2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

        Plaintiff,

v.

STEFANIE LAMBERT, THE
LAW OFFICE OF STEFANIE
L.  LAMBERT, PLLC, and
BILL BACHENBERG,

        Defendants.

_____/

## **BRIEF IN SUPPORT OF MOTION TO VACATE CLERKS DEFAULT**

The Defendants, Stefanie Lambert, The  Law Office Of Stefanie L. Lambert, PLLC, by and through their undersigned counsel, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and hereby respectfully submit this Brief in Support of Motion to Vacate Clerks Default, and in support of therof state:

## **Background**

The Plaintiffs, Yaacov Apelbaum and XRVision, Ltd., filed a Complaint alleging libel, slander, tortious interference, breach of contract, and quantum meruit, against the Defendants, Stefanie Lambert, The Law Office of Stefanie L. Lambert,

PLLC, and Bill Bachenberg.

The Plaintiffs claims relating to libel, slander, and tortious interference, are all alleged to relate to matters of public interest, namely the 2020 Presidential Election, and the statements as alleged by the Plaintiffs, directed towards state representatives acting in their official capacity.  No Request for Retraction was sent by the Plaintiffs to the Defendants.

The Plaintifs remaining claims relate to breach of a non-existent contract, and alleged work that the Plaintiffs claim to have performed in analyzing voter data regarding the 2020 Presidential Election.

On December 12, 2023, the Court entered an Order Granting Motion For Alternate Service (hereinafter referred to as the "Order"), which required that:

> Although Defendant Lambert's address is unclear due to her various names and possible residences, the Court will permit service by the following method: (1) ***leaving copies of the summons, complaint, and this order with an adult at each of the four addresses associated with Defendant Lambert***; (2) mailing copies of the summons, complaint and this order to each of the four locations; ***and*** (3) mailing copies of the summons, complaint, and this order to attorney Michael J.  Smith.  (emphasis added.)

(ECF 10, PageID 175).

The Order is unambiguous, and requires service of the Complaint, Summons, and Order on an adult at each of the four aforementioned addresses.  (ECF 10, PageID 175).   However, service was affected only at the 19245 23 Mile Rd.,

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Macomb, MI 48042 address, where the documents given to an adult.[1]  Moreover, as the Plaintiffs did not require a signature for delivery of the documents, it is unknown whether anyone received any of the mailings.  Contrary to this Court's Order, the Plaintiffs did not serve an adult or anyone else at each of the four addresses specified in this Court's Order, and the Plaintiffs have not submitted any proof of service on an anyone at the remaining three addresses.

Although the Defendant, Stefanie Lambert, was later informed that a Complaint had been filed, at no point were the Defendants, Stefanie Lambert or The Law Office of Stefanie L. Lambert, PLLC, served with a copy of the Complaint and Summons.

Upon becoming aware that a suit had been filed, the Defendants, Stefanie Lambert (for herself and for The Law Office of Stefanie L. Lambert, PLLC) asked Attorney Michael J. Smith, who was retained to defend her on a different lawsuit, to file  a Motion to Dismiss in the above styled case.

After the Default was entered, Stefanie Lambert was shocked to learn that no such Motion to Dismiss had ever been filed.  Moreover, Mr. Smith was never authorized to accept service on the behalf of either Ms. Lambert or for her law office.

---

[1] The service affidavit for alternative service merely states "I attempted to serve upon Stefanie Lambert, Attorney…" and makes no reference to whether the Complaint, Summons, and Order Granting Alternative Service were served.  (ECF 11-1).

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Meanwhile, Co-Defendant Bill Bachenberg, through the same attorney, Michael J. Smith, filed an Answer to the Complaint. The dual representation further confused Mrs. Lambert, as Mr. Smith was working well for Mr. Bachenberg, but neglected Mrs. Lambert and her law firm.

## **Legal Standard**

In determining whether to vacate a Clerks Default, a court must first establish whether service of process was proper. *Canaday v. Anthem Cos*., 9 F.4th 392, 395 (6th Cir. 2021). "If service of process was not proper, the court must set aside an entry of default.'" *Id*. Actual knowledge of the law suit does not substitute for proper service of process under Rule 4(c)(2)(C)(ii). *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991).

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause. *Kaufman Payton & Chapa, P.C. v. Bilanzich*, No. 11-15563, 2013 U.S. Dist. LEXIS 43128, at *4 (E.D. Mich. Mar. 27, 2013); *See also, Saint-Gobain Autover USA, Inc. v. Fuyao Glass Indus. Grp. Co.,* No. 05-71079, 2005 U.S. Dist. LEXIS 38111, at *3 (E.D. Mich. Dec. 16, 2005).

The Sixth Circuit has identified three factors to determine whether "good cause" exists: (1) whether the default was the result of the defendant's willful or culpable conduct; (2) whether the plaintiff would be prejudiced if the default is set aside; and (3) whether the defendant has a meritorious defense to the claims. *Makris*

*v. Ebay, Inc*., No. 22-3775, 2023 U.S. App. LEXIS 4419, at *2-3 (6th Cir. Feb. 23, 2023); *See also, Raimondo v. Vill. of Armada*, 197 F. Supp. 2d 833, 837 (E.D. Mich. 2002).

To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. *Shepard Claims Serv., Inc. v. William Darrah & Assocs*., 796 F.2d 190, 194 (6th Cir. 1986).

The relevant inquiry when evaluating whether a plaintiff would be prejudiced if a default is set aside is concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011). "Delay alone is not a sufficient basis for establishing prejudice." *Invst Fin. Grp. v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987). Nor does increased litigation cost generally support maintaining entry of default. *United States v. $ 22,050.00 United States Currency*, 595 F.3d 318, 325 (6th Cir. 2010).

The test of whether a defendant has a meritorious defense is whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006).

The "good cause" standard under Rule 55(c) is more lenient than the

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

"excusable neglect" standard for setting aside a default judgment under Rule 60(b). Courts also employ a lenient standard when evaluating a request to set aside a default that has not yet reached judgment. *Roles v. Henry Ford Hosp*., No. 24-cv-11455, 2024 U.S. Dist. LEXIS 157937, at *3 (E.D. Mich. Sep. 3, 2024); *See also Lee v. Rd. Runner Auto Sales, Inc.,* No. 24-10258, 2024 U.S. Dist. LEXIS 72878, at *2 (E.D. Mich. Apr. 22, 2024). This leniency reflects the strong policy favoring decisions on the merits rather than procedural defaults. *Jackson v. City of Detroit,* No. 18-14009, 2019 U.S. Dist. LEXIS 44280, at *7 (E.D. Mich. Mar. 19, 2019). Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co. v. Seaboard Coastline R.R*., 705 F.2d 839, 846 (6th Cir. 1983) (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951).

## <u>Argument</u>

**Default Must Be Set Aside for Improper Service**

The Court's Order for Alternative Service required that the Order Granting Alternative Service, Complaint, and Summons be served on an adult at each of the four addresses which the Plaintiffs believed that the Defendant, Stefanie Lambert resided at. However, pursuant to the process server affidavit, only at the 19245 23 Mile Rd., Macomb, MI 48042, address was anyone served.

The Court's Order for Alternative Service was clear and unambiguous, copies

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

of the Order for Alternative Service, Complaint, and Summons, were to be served on an adult at each of the addresses where Stefanie Lambert was believed to be residing. Nonetheless, the Plaintiffs failed to serve an adult at each address and instead served an adult at only one of the four addresses required.[2]

Here, the issue with serving Stefanie Lambert was not one of her own doing, rather it was by the Plaintiffs' failure to identify Stefanie Lambert's residential address.

Regardless of whether Stefanie Lambert could have had notice, improper service of the Complaint bars valid entry of a Default. Actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown. *Russell v. Tribley*, No. 2:10-CV-14824, 2011 U.S. Dist. LEXIS 107335, at *23 (E.D. Mich. Aug. 10, 2011). "Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Fisher v. Lynch*, 531 F. Supp. 2d 1253,

---

[2] Although the Plaintiffs claim that Michael Smith agreed to accept service (ECF 13-1, PageID. 223), the Plaintiffs' January 17, 2024, email to Michael Smith does not indicate manifestation of agreement on behalf of Mr. Smith to accept service of process on behalf of the Defendants, Stefanie Lambert or The Law Office of Stefanie Lambert, PLLC. Moreover, Mr. Smith, was neither counsel of record for the Defendants, Stefanie Lambert or The Law Office of Stefanie Lambert, PLLC, nor was Mr. Smith granted such authority to accept service on the behalf of Ms. Lambert or her law firm, as required by F.R.Civ.P. 4(e)(2). No notice of appearance was filed by Mr. Smith on behalf of Ms. Lambert or her law firm as is required by L.R. 83.25(a).

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

1269 n.2 (D. Kan. 2008).

In light of the Plaintiffs failure to effectuate proper service, the Clerks Default as to the Defendants, Stefanie Lambert and The Law Office of Stefanie Lambert, PLLC, must be vacated.

**The Defendants Have Good Cause to Set Aside Clerks Default**

The Clerks Default in this case was not the result of willful or culpable conduct by the Defendants. *Bowens v. Aftermath Entm't*, 254 F. Supp. 2d 629, 645 (E.D. Mich. 2003). Rather, the Clerks Default arose from a misunderstanding regarding legal representation. The Stefanie Lambert believed that co-Defendant Bill Bachenberg's counsel, Michael J. Smith, was also representing both Mrs. Lambert and her law firm and would file a responsive pleading on their behalf. This misunderstanding is excusable neglect, rather than a willful disregard of the legal process. Courts have recognized that defaults caused by procedural errors or misunderstandings, rather than intentional conduct, do not constitute willful default. *Makris v. Ebay, Inc.*, No. 22-3775, 2023 U.S. App. LEXIS 4419, at *3 (6th Cir. Feb. 23, 2023).

No default judgment has been entered meaning that F.R.Civ.P. 60(c)(1)'s 1-year time bar is inapplicable. The claims at issue regard slander, libel, breach of contract, tortious interference, and quantum meruit. Such evidence would be recorded in audio or written word and unlikely to be destroyed with the passage of

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

time. Setting aside the default will not prejudice the Plaintiffs.

Courts have consistently held that the absence of prejudice to the Plaintiff weighs in favor of vacating a default. *Makris v. Ebay, Inc.,* No. 22-3775, 2023 U.S. App. LEXIS 4419, at *2 (6th Cir. Feb. 23, 2023). Moreover, the Plaintiffs have conducted extensive discovery through the Defendant, Bill Bachenberg in addition to third party discovery.

**Meritorious Defenses**

The Defendants, Stefanie Lambert and The Law Office of Stefanie Lambert, have meritorious defenses to the Plaintiffs' claims. Specifically, the Defendants deny the existence of any contract or agreement for the Plaintiffs to perform services.

In regard to the Plaintiffs' claims for libel, slander, and tortious interference, the Defendants, Stefanie Lambert and The Law Office of Stefanie Lambert, deny making the alleged defamatory statements and argue, that to the extent any statements were made, those statements were either truthful or substantially truthful.

To the extent that the Plaintiffs' claims of torts (slander, libel, and tortious interference) relate to the the Defendants', Stefanie Lambert and The Law Office of Stefanie Lambert, activites which the Plaintiffs allege are aimed at influencing government action through government officials in legislative, executive, judicial, and/or administrative bodies, and the Plaintiffs' claimed harm is either directly as a result of, or incidental to, such governmental action, the Defendants', Stefanie

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Lambert and The Law Office of Stefanie Lambert, are immunized from liability pursuant to the *Noerr-Pennington* Doctrine.

Michigan courts have applied the *Noerr-Pennington* doctrine outside the antitrust context. *Geomatrix, LLC v. NSF Int'l*, 82 F.4th 466, 487 (6th Cir. 2023). While the *Noerr-Pennington* Doctrine "has been applied mainly in antitrust matters," it "is a principle of constitutional law that bars litigation arising from injuries received as a consequence of First Amendment petitioning activity, regardless of the underlying cause of action asserted by the plaintiffs." *Azzar v. Primebank,* FSB, 198 Mich. App. 512, 499 N.W.2d 793, 796 (Mich. Ct. App. 1993) (per curiam) (emphasis added).

Furthermore, the Plaintiffs' claims for libel, slander, and tortious interference, against the Defendants, Stefanie Lambert and The Law Office of Stefanie Lambert, relate to statements made by the Defendants in good faith, to state representatives acting in their official capacities, and made in regard to a matter of great public interest, the 2020 Presidential Election, at or during the time that the 2020 Presidential Election was contested. Hence, if any statements made by the Defendants, Stefanie Lambert and The Law Office of Stefanie Lambert, are incorrect, those statements relate to a qualified privilege. *Everett v. UAW Local* 699, 594 F. Supp. 3d 861, 865 (E.D. Mich. 2022).

Moreover, the alleged defamatory statements by the Defendants, Stefanie

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Lambert and The Law Office of Stefanie Lambert, relate to a matter of public interest, the 2020 Presidential Election, were believed to be true, and made by the Defendants in good faith. As such, any alleged defamatory statements by the Defendants, are protected by the privilege of fair comment. *Orr v. Argus-Press Co.*, 586 F.2d 1108, 1113 (6th Cir. 1978)

The alleged defamatory statements also do not fall into Michigan's definition of libel or slander per se as codified by Michigan Staute § 600.2911(1) which limits defamation per se to words imputing lack of chastity and uttering or publishing words imputing commission of a criminal offense.

Furthermore, pursuant to Michigan Staute § 600.2911(2)(a):

> (a) Except as provided in subdivision (b), in actions based on libel or slander the plaintiff is entitled to recover only for the actual damages which he or she has suffered in respect to his or her property, business, trade, profession, occupation, or feeling.

Here, the Plaintiffs have failed to provide notice to the Defendants to publish a retraction or allow a reasonable time to do so. Therefore, the Plaintiffs are prohibited from recovery of exemplary or punitive damages pursuant to Michigan Statute 600.2911 (2)(b).

As for the alleged statements to representatives of the Pennsylvania Senate, the Wisconsin State Legislature, and the Arizona Senate, that the Plaintiffs were allegedly "incompetent, secretly working as malicious operatives of the federal

11

government, and entirely lacking any ability in the fields of cybersecurity and forensic analysis," those statements are capable of non-defamatory meanings and/or statements of opinion rather than fact.

The Defendants' denial of the allegations, substantial truth of statements, qualified privilege, fair comment, and the Plaintiffs' failure to provide Notice of Retraction defenses meet this standard in regards to the Plaintiffs' claims regarding libel, slander, and tortious interference.

In regards to the Plaintiffs' claims for breach of contract and quantum meruit, the Defendants deny the existence of any such contract, a fact further supported by the Plaintiffs' failure to attach the claimed contract to the Complaint. To be enforceable, Michigan law requires a contract to be a signed writing, regardless of duration necessary to complete. Therefore, the statute of frauds shields the Defendants, Stefanie Lambert and the Law Office of Stefanie L. Lambert, PLLC, from the Plaintiffs' claims for breach of contract.

Additionally, even if there was a signed writing, any such contract, as alleged by the Plaintiffs, would relate to unauthorized access of voting data, which itself would be an illegal act. As such, the Defendants, Stefanie Lambert and the Law Office of Stefanie L. Lambert, PLLC, further assert that to the extent that any breach of contract or quantum meruit claim exists, such claims as alleged would nonetheless be barred by illegality.

12

Furthermore, as it relates to the Plaintiffs' breach of contract and quantum meruit claims, the Defendants, Stefanie Lambert and the Law Office of Stefanie L. Lambert, PLLC, assert that the Plaintiffs fraudulently misrepresented their findings, and are therefore barred from recovery.

A meritorious defense need not be proven at this stage but must be plausible and supported by facts. *In re Park Nursing Ctr.,* 766 F.2d 261, 264 (6th Cir. 1985); See also, *United States v. 1130 Prince St.,* No. 91-1084, 1991 U.S. App. LEXIS 19071, at *6 (6th Cir. Aug. 9, 1991). The Defendants' defenses meet this standard.

In light of the foregoing, the Defendants, Stefanie Lambert and the Law Office of Stefanie L. Lambert, PLLC, have good cause for vacating the clerks Default. As such, this court should vacate the clerks default, and permit the claims against the Defendants to be decided on their merits.

**Conclusion**

For the foregoing reasons, the Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC, respectfully request that the Court vacate the Clerk's Default entered against them on February 27, 2024, enter the accompanying Answer and Affirmative Defenses as a separate docket entry. This relief is warranted as the Defendants were improperly served, and good cause exists for the default. The default was not willful, the Plaintiffs will not be unfairly prejudiced, and the Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert,

13

PLLC, have meritorious defenses to the claims. *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006); See also *Acceptance Indem. Ins. Co. v. Shepard*, No. 19-cv-12777, 2020 U.S. Dist. LEXIS 161196, at *7 (E.D. Mich. Sep. 3, 2020).

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to L.R. 7.1.(a) I hereby certify that on June 30, 2025, the undersigned counsel conferred with counsel for the Plaintiffs, regarding the issues presented, and the relief sought in this Motion. Counsel for the Plaintiffs, Jonathan Burns, stated that the Plaintiffs' opposed the relief sought in this Motion.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 1, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

<u>/s/ David L.  Perry II</u>
David L.  Perry II , Esquire
Fla Bar No. 1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Serv608@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendants*

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAACOV APELBAUM,
and XRVISION, LTD.,

        Plaintiffs,

v.

STEFANIE LAMBERT, THE
LAW OFFICE OF STEFANIE
L. LAMBERT, PLLC, and
BILL BACHENBERG,

        Defendants.

Case No. 2:23-cv-11718-RJW-APP

Honorable Robert J. White

---

## BRIEF FORMAT CERTIFICATION FORM

---

    I, David L. Perry II, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (<u>not</u> "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

16

☒ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

/s/ David L. Perry II
David L. Perry II, Esquire
*Attorney for Defendants Stefanie Lambert,*
*The Law Office of Stefanie L. Lambert, PLLC,*
*and Bill Bachenberg.*