IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO.  2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

    Plaintiffs,

v.

STEFANIE LAMBERT, THE
LAW OFFICE OF STEFANIE
L.  LAMBERT, PLLC, and
BILL BACHENBERG,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO MOTION TO DISMISS BILL BACHENBERG

The Defendants, Stefanie Lambert, The Law Office Of Stefanie L. Lambert, PLLC, and Bill Bachenberg, by and through their undersigned counsel, hereby files this Response in Opposition to Motion to Dismiss Bill Bachenberg, and in support thereof states:

## Background

The Plaintiffs filed a Complaint alleging breach of contract, demanding $550,000, though the initial docket report sought $500,000. In any event, the Defendant, Bill Bachenberg, represented by attorney Thomas Siver, engaged in

settlement negotiations with the Plaintiffs.

On June 11, 2025, the parties reached an agreement whereby the Defendant, Bill Bachenberg, would pay $500,000 in exchange for dismissal of the case with prejudice. Counsel for the Defendant, Thomas D. Siver, sent a a Proposed Order (hereinafter referred to as the "Agreed Proposed Order") to the Plaintiffs' attorney, Jonathan Burns.[1] The Agreed Proposed Order stated:

<u>ORDER OF DISMISSAL WITH PREJUDICE</u>

> This Court finds that Defendant Bill Bachenberg has satisfied the $500,00.00 demand, and ***<u>this case is now closed</u>*** and dismissed with prejudice. (Emphasis added.)

(ECF 52-2, PageID 442).

On June 11, 2025, the Plaintiffs through Mr. Burns, accepted the agreement to pay the $500,000 demand, close the case, and dismiss the case with prejudice. (ECF 52-2, PageID 443). Although the Plaintiffs' attorneys represented that they would change the case caption, the understanding at that time was that the entire case would be dismissed, and no material alterations to the ORDER OF DISMISSAL was sought.[2]

---

[1] The document name of the Agreed Proposed Order in the chain as evidence by Mr. Siver's June 11 email is "David – Order of Dismissal ver 2.pdf." (ECF 52-2, PageID 440).

[2] The Plaintiffs claim in the Joint Declaration Of John C. Burns And Todd A. Stuart, ¶ 4, that Plaintiffs' counsel informed Siver that edits would be made to make clear

2

On June 12, 2025, the Defendant, Bill Bachenberg, performed his obligations pursuant to the agreement by wiring the $500,000 to the Plaintiffs.

Then, on July 13, 2025, after the formation of a valid contract, and the acceptance of the funds, the Plaintiffs' counsel, Todd Stuart, changed everything by sending a modified version a new "STIPULATED ORDER OF DISMISSAL" to Mr. Siver (hereinafter referred to as the "Materially Altered Order."). It stated:

> STIPULATED ORDER OF DISMISSAL
>
> In consideration of Defendant Bill Bachenburg's payment of $500,000.00 to satisfy the demand against him, Plaintiffs Yaacov Apelbaum and XRVision Ltd. and Defendant Bill Bachenberg stipulate to the dismissal of this case, with prejudice, **as to Defendant Bill Bachenberg only.**
>
> IT IS ORDERED this case is dismissed, with prejudice, **as to Defendant Bill Bachenberg.**
>
> **This order does not resolve the last pending claim or close the case**. (Emphasis added.)

The document name for the Materially Altered Order sent from Mr. Stuart to Mr. Siver 1t 1:47 pm on June 13, 2025, was "Apelbaum v. Lambert – Stipulated Dismissal of Bachenburg." (ECF 52-3, PageID 469 – 70).

---

that the stipulation only affected Defendant Bill Bachenberg. However, the Plaintiffs' Exhibit 1-B makes no reference to any agreement to change the terms, and only supports the position that the original agreement was for all parties and for the case to be dismissed in its entirety. (ECF 52-3)

3

The Plaintiffs later filed their Motion seeking to dismiss the case only as to the Defendant, Bill Bachenberg, leaving the claims against the other Defendants ongoing. In support of the Plaintiffs' Motion, counsel for the Plaintiffs' erroneously state:

> Attorney Siver, on behalf of Defendant Bachenberg, fully agreed to these edits both verbally and in writing. See, for e.g., **Exhibit 1-A** at p. 16. ("this order is only for Bill, and he doesn't speak for attorney Lambert and doesn't need to make any reference to her case").

*See*

The Joint Declaration of John C. Burns and Todd A. Stuart removes Mr. Siver's statements from context. Mr. Siver's 1:55 pm June 13, 2025, email is a reply to Todd Stuart's 1:47 pm email with the attached Materially Altered Order, and stated:

> Good day!
>
> First the 500k needs to reference it is being paid pursuant to the demand. My initial proposed order was sufficient and John agreed to it with only attorney names and addresses being changed.
>
> Second this order is only for bill and he doesn't speak for attorney lambert and doesn't need to make reference to her case.
>
> Therefore please immediately make the changes and forward for approval. Finally, judge requires this order in word not pdf.

(ECF 52-3, PageID 459).

Despite the existence of an offer to settle the case in its entirety for $500,000; payment of the $500,000 by the Bill Bachenberg; and mutual assent as evidenced by the parties June 11, 2025, emails; the Plaintiffs now seek to unjustly dismiss only Bill Bachenberg and maintain their case against Stefanie Lambert and The Law Office of Stefanie L. Lambert.

## Legal Standards

Settlement agreements are governed by contract law. "Whether a settlement agreement is a valid contract between the parties is determined by reference to state substantive law governing contracts generally." *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). A valid agreement requires offer, acceptance, consideration, and mutual assent on all essential terms. *Effyis, Inc. v. Kelly*, 821 F. App'x 614, 620 (6th Cir. 2020). An offer is defined as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Cheydleur v. Hills*, 415 F. Supp. 451, 453 (E.D. Mich. 1976). Acceptance must be unambiguous and in strict conformance with the offer. *Lowman v. GMC*, Civil Action No. 20-12515, 2021 U.S. Dist. LEXIS 251553, at *11 (E.D. Mich. Nov. 19, 2021). Mutual assent, or a "meeting of the minds," is judged by an objective standard, looking to the express words of the parties and their visible acts, not their

5

subjective states of mind. *Kamalnath v. Mercy Mem'l Hosp. Corp.*, 194 Mich. App. 543, 487 N.W.2d 499, 503 (Mich. Ct. App. 1992). However, under Michigan law, a "unilateral mistake" is not "sufficient to modify a previously negotiated agreement." *Hilley v. Hilley*, 140 Mich. App. 581, 364 N.W.2d 750, 753 (Mich. App. 1985).

Courts must enforce settlement agreements as agreed by the parties and cannot alter their terms. *Lowman v. GMC*, Civil Action No. 20-12515, 2021 U.S. Dist. LEXIS 251553, at *10 (E.D. Mich. Nov. 19, 2021). Once the essential terms are agreed upon, the agreement is binding, even if not yet memorialized in writing. *Lowman v. GMC*, Civil Action No. 20-12515, 2021 U.S. Dist. LEXIS 251553, at *10 (E.D. Mich. Nov.19, 2021).

Once a settlement agreement is reached, it is binding, conclusive, and final, as if it had been incorporated into a judgment. *Clinton St. Greater Bethlehem Church v. Detroit,* 484 F.2d 185, 189 (6th Cir. 1973). A party may not unilaterally modify the terms of a settlement agreement to obtain more favorable terms. *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 364, 666 N.W.2d 251, 253 (2003)

A district court may dismiss claims while retaining jurisdiction to enforce a settlement agreement, provided the settlement terms are incorporated into the dismissal order or the court explicitly retains jurisdiction. *See Limbright v.*

*Hofmeister*, 566 F.3d 672, 674 (6th Cir. 2009).

A district court may, on motion by a party and without the filing of a new suit, summarily enforce a settlement agreement if the court has ancillary jurisdiction over the claim. *Limbright v. Hofmeister*, 566 F.3d 672, 674 (6th Cir. 2009).

## Argument

### The Settlement Agreement Required Dismissal of the Entire Case with Prejudice

The agreement to satisfy the Demand between the Plaintiffs and the Defendant, Bill Bachenberg, satisfies the requirements of a valid contract under Michigan law. There was an offer (payment of $500,000 in exchange for dismissal of the case), acceptance (the Plaintiffs' agreement to the terms), consideration (the $500,000 payment), and mutual assent on all essential terms. *Effyis, Inc. v. Kelly*, 821 F. App'x 614, 620 (6th Cir. 2020).

The parties reached a clear and unambiguous agreement on June 11, 2025, that the entire case would be dismissed with prejudice upon payment of $500,000.00.

The Approved Proposed Order sent by Defendant Bill Bachenberg's attorney, Thomas Siver, explicitly stated that the case would be dismissed with prejudice, and Plaintiffs attorney, Jonathan Burns, agreed to this language, requesting only minor changes to attorney names and addresses in the caption. The objective evidence, including email communications and the transfer of funds, demonstrates a meeting

7

of the minds on all essential terms of the settlement agreement. *Innotext, Inc. v. Petra'Lex USA Inc*., 694 F.3d 581, 588 (6th Cir. 2012).

## The Plaintiffs Unilateral Modification Of the Settlement Agreement is Unenforceable

The Plaintiffs submission of a revised order dismissing the case only as to Bill Bachenberg, while keeping it open against Stefanie Lambert and The Law Office of Stefanie L. Lambert, constitutes an impermissible unilateral modification of the settlement agreement. The original agreement required dismissal of the entire case with prejudice, and the Plaintiffs attempt to alter this term is unenforceable.

## The Defendants Fully Performed Their Obligations Under The Settlement Agreement

The Defendant, Bill Bachenberg, fully performed the Defendants obligations under the settlement agreement by wire transferring the full $500,000.00 settlement amount to the Plaintiffs on June 12, 2025. Performance of the agreed-upon terms by one party obligates the other party to fulfill their corresponding obligations under the agreement. *Nur v. Stewart,* No. 19-cv-10102, 2019 U.S. Dist. LEXIS 142681, at *7 (E.D. Mich. Aug. 22, 2019).

## A Party in Clerks Default Can Be Included in a Settlement Agreement

Michigan law does not preclude a party in clerks default from being included in a settlement agreement. Settlement agreements are contracts, and the parties to a

lawsuit have the inherent power to settle their disputes, including claims against parties in default.³ *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). The settlement agreement in this case explicitly included Stefanie Lambert and The Law Office of Stefanie L. Lambert, as evidenced by the language of the Approved Proposed Order and the communications between counsel. The Plaintiffs attempt to exclude these Defendants from the settlement agreement is contrary to the terms of the agreement and the parties intent.

## The Settlement Agreement Is Enforceable Under Michigan Law

Courts have inherent power to enforce settlement agreements entered into in litigation pending before them. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). The court is obligated to enforce the settlement agreement as agreed by the parties and cannot modify its terms. *Id*. The original agreement provided for dismissal of the case with prejudice, as to all Defendants, and this term was agreed upon before payment was made. *Lowman v. GMC*, Civil Action No. 20-12515, 2021 U.S. Dist. LEXIS 251553, at *10 (E.D. Mich. Nov. 19, 2021).

---

³ Because settlement agreements are contracts, a party's status as default is irrelevant to the litigation, however, this Court does have ancillary jurisdiction over the ability to enforce a settlement agreement in that the contract relates to the claims at issue in the litigation. Hence, there no case law directly addresses whether a defaulting party can or cannot settle a lawsuit. Nonetheless, settlement of lawsuits against defaulting Defendants are a commonplace.

9

Under Michigan law, a settlement agreement is enforceable if there is a meeting of the minds on all essential terms, and the agreement is supported by consideration. *Innotext, Inc. v. Petra'Lex USA Inc.*, 694 F.3d 581, 588 (6th Cir. 2012). Here, the settlement agreement is enforceable because the parties agreed to all essential terms, including dismissal of the entire case with prejudice, and Bill Bachenberg provided consideration in the form of the $500,000.00 payment.

The Plaintiffs' attempt to revise the terms after receiving payment is breach of the agreement and violates principles of good faith and fair dealing. The court has the authority to dismiss the case with prejudice as to all defendants and retain jurisdiction to enforce the settlement agreement. Incorporating the settlement terms into the dismissal order would ensure compliance and finality. *Rhodes v. City of Dearborn Police & Fire Revised Ret. Sys.*, No. 15-13805, 2024 U.S. Dist. LEXIS 177482, at *6-7 (E.D. Mich. Sep. 30, 2024).

## Meeting of Minds Required

There are 3 possibilities, as to what happened in regard to the negotiations in the case at bar. Either there was a meeting of the minds where the Plaintiffs were correct or there was a meeting of the minds in which the Defendants were correct, or there was no meeting of the minds.

Here, the initial communications which were accepted reflected a meeting of minds that the entire case would be dismissed with prejudice. So, it is entirely

possible that the parties came to a decision and full payment was made based on that agreement, only to have the Plaintiffs change the terms of the agreement. In that case, the Plaintiffs' unilateral mistake as it relates to the clear and unambiguous meaning of "this case is now closed and dismissed with prejudice" is insufficient to modify the terms of the June 11 Agreed Proposed Order. *See Hilley v. Hilley*, 140 Mich. App. 581, 364 N.W.2d 750, 753 (Mich. App. 1985).

There is no way to determine that the Plaintiffs' understanding was understood by both sides, as the initial communications supported that the case would be dismissed entirely.

However, in the event that this Court should find that there was no meeting of minds, then the Court should order that the $500,000 which was paid to the Defendants be returned forthwith, and that the case would proceed against all of the Defendants as though no agreement had been made.

## Conclusion

The agreement between the Plaintiffs and the Defendant, Bill Bachenberg, is valid and enforceable. The court should enforce the original terms of the agreement, which provided for dismissal of the case with prejudice as to all defendants. The Plaintiffs' attempt to unilaterally modify the agreement after receiving payment is improper and should be rejected. Moreover, if this Court finds that there had been no mutual assent, the $500,000 payment to Plaintiffs must be returned as no valid

11

contract had been formed.

WHEREFORE, the Defendants, Stefanie Lambert, The Law Office Of Stefanie L. Lambert, PLLC, and Bill Bachenberg respectfully requests that this Honorable Court deny the Plaintiffs' Motion to Dismiss Bill Bachenberg only, and dismiss the entire case with prejudice, permitting the Plaintiffd to keep the $500,000 which they received or in the alternative, determine that there is no agreement and no settlement, and order that the Plaintiffs return the $500,000 which they were paid, and grant such further and other relief as this Honorable Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L. Perry II*
David L. Perry II , Esquire
Fla Bar No. 1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YAACOV APELBAUM, and XRVISION, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> STEFANIE LAMBERT, THE LAW OFFICE OF STEFANIE L. LAMBERT, PLLC, and BILL BACHENBERG, <br><br> Defendants. | Case No. 2:23-cv-11718-RJW-APP <br><br> Honorable Robert J. White |

**BRIEF FORMAT CERTIFICATION FORM**

  I, David L. Perry II, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☐ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (<u>not</u> "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☐ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

*/s/ David L. Perry II*
David L. Perry II, Esquire
*Attorney for Defendants Stefanie Lambert, The Law Office Of Stefanie L. Lambert, PLLC, and Bill Bachenberg*

2