UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAACOV APELBAUM, a New York resident, and XRVISION, LTD., a New York corporation,

        Plaintiffs,

v.

STEPHANIE LAMBERT, a Michigan resident, and THE LAW OFFICE OF STEPHANIE L LAMBERT, PLLC, A Michigan professional limited liability company, and BILL BACHENBERG, a Pennsylvania resident,

        Defendants.

Case No. 2:23-cv-11718

Hon. Robert J. White

---

**BURNS LAW FIRM**
John C. Burns
Attorneys for Plaintiffs
PO Box 191250
St. Louis, Missouri 63119
(314) 329-5040
TBLF@pm.me


**STUART LAW PLC**
Todd A. Stuart (P70187)
Attorneys for Plaintiff
2851 Charlevoix Dr SE, STE 207
Grand Rapids, MI 49546
Mailing: 5557 28th Street SE
STE B 328, Grand Rapids, MI 49512
(616) 209-9270
tstuart@stuartlawplc.com

**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire
David L. Perry II, Esquire
Fla Bar No. 1045902
THE TICKTIN LAW GROUP
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Serv608@LegalBrains.com
Telephone: (561) 232-2222
*Attorneys for Defendants Bill Bachenberg, Stefanie Lambert, and The Law Office of Stefanie L. Lambert, PLLC*

---

**PLAINTIFFS' VERIFIED RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT**

1

The Court should not reward a consistent pattern of bad-faith, multi-year gamesmanship by setting aside the clerk's default. Granting Defendants' motion will simply embolden other parties in other cases to engage in similar conduct and undermine the litigation process. Stefanie Lambert and her law firm (the "Lambert Defendants") spent the **entire two years of this lawsuit** dodging service of numerous summonses and subpoenas when <u>dozens</u> of service attempts were made on residences, former residences, multiple lawyers representing them in other matters, and also Lambert's firm office. And this is in addition to multiple rounds of US mail service.

## **LEGAL STANDARD**

To set aside an entry of default pursuant to Rule 55(c), Defendants must establish that their conduct was not willful or culpable, that setting aside the default will not prejudice the plaintiffs, and that their alleged defenses are meritorious. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011). In determining willfulness or culpability, "mere carelessness is not enough." **Rather, there must be "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."** *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir.1986) (emphasis added).

## **ARGUMENT**

**Defendants' Conduct Across The Past Two (2) Years Evidences Either An Intent To Thwart These Proceedings Or A Reckless Disregard For The Effects Of Their Conduct**.

2

In their motion to vacate ("Motion") and the accompanying declaration of Stefanie Lambert, the Lambert Defendants are noticeably silent as to when they learned the Court entered them in default.[1] *See* ECF 61 & 61-1, Motion and Lambert's Declaration, *passim*.

And this silence really says it all.

This Court **ordered** Plaintiffs to seek entry of default after Lambert failed to file an Answer[2] and in the same Order, *this* Court **found** that the Lambert Defendants spent "**months evading service … and delaying their answer to the complaint**." ECF 14 at 1.

And that was nearly 17 months ago.

For the past two (2) years, the Lambert Defendants have been well aware of this lawsuit, yet they have deliberately *chosen* not to participate:

- **They gave trash-talking statements to the media about this lawsuit** stating that they had not yet been served, but that they were "chomping at the bit" and looking forward to being served and fighting this case in court (*see* ECF 8-2, at 10-11)[3];

---

[1] In open court on July 14, 2025, Ms. Lambert stated that she became aware of the lawsuit in either late 2023 or early 2024. She was quoted discussing this case with the Arizona Republic on November 16, 2023. *See* ECF 8-2 at PageID 124-125.

[2] Lambert had directed her attorney in another matter, Michael Smith, to inform Plaintiffs' counsel that she would be filing her answer on or before February 23, 2024, Mr. Smith was not authorized to accept service of process. *See* Motion at PageID 545.

[3] "I have received NO contact (in person, by mail, or email) from counsel for Jacob Applbaum [sic], Yaacov 'E'pplebaum [sic], Yaacov Applebaum, or whatever false identity he is currently using … But I hope that I get served soon. My federal whistleblower is chomping at the bit to get the truth out. I know. I know all of it." (ECF 8-2 at PageID 124-125).

- Defendants originally refused to allow their criminal defense attorney as of **2023** (Michael Smith) to accept service of the summons (*see* ECF 6 – motion for alternative service, at ¶ 19)[4];

- After months of efforts spent in nearly twenty service attempts, this Court granted alternative service (ECF 10), and Plaintiffs' counsel then complied with the Court's respective Order to the extent possible at what now appears to be confirmed as her home residence, and also serving Lambert's lawyer and her business office (ECF 11), as well as by US mail;

- Defendants then refused to permit attorney Smith to accept service, but communicated through him a promise to file an Answer in February 23 of **2024** (see ECF 13 and exhibit thereto),

- Defendants failed to file their Answer and this Court ordered Plaintiffs to seek entry of default, which Plaintiffs did, and the Clerk entered Defendants in default (ECF 16) in **February of 2024**;

- Defendants were served pursuant to Court's Order at their business, via former counsel, via home attempts and via US mail (*see* ECF 31);

---

[4] Mr. Smith indicated in November of 2023 that he was not authorized to accept service on behalf of the Lambert Defendants. HOWEVER, it should be noted that Plaintiffs had reached out to Smith in **JULY of 2023** asking him if he would accept service on behalf of the Lambert Defendants. *See* ECF 6-8.

- Defendants then refused service via recent legal counsel (Dan Hartman)[5] who subsequently refused to accept service of a subpoena for deposition when Plaintiffs' counsel confronted their successor criminal defense attorney in **May of <u>2025</u>** (*see* ECF 50-3);

- Defendants refused to confirm their home address when Plaintiffs' counsel confronted their successor criminal defense attorney in May of 2025 (ECF 50-4 at 2 – texts with counsel Dan Hartman);

- Plaintiff's counsel confronted their successor criminal defense attorney in May of 2025 (*id*.), and defense counsel instructed Plaintiffs to contact the Lambert Defendants directly, but refused to provide Defendants' phone number;

- Defendants contacted at least one witness (Jason Rybak) <u>on the day of his deposition</u> and encouraged the witness not to comply with or otherwise obstruct a federal subpoena (*see* ECF 50-5 at 2);

- Defendant coordinated with Defendant Bachenberg in the background enough to know that Bachenberg had sought to terminate his former lawyer, Michael Smith, and Lambert communicated this to witness Rybak (*see* ECF 50-5 and 50-6 at 2), who used this information in yet another attempt to wiggle out of his deposition;

- and Defendants continued to dodge service as recently as the end of May, **<u>2025</u>**, when **Plaintiffs' process server could observe Lambert through the window of her home**

---

[5] Dan Hartman represented Lambert in multiple criminal cases, but filed a motion to withdraw on July 10, 2025, **<u>four days</u>** before Lambert was set to be tried for multiple felonies in Oakland County (*People v. Stefanie Lynn Lambert Juntilla*, 2023-285759-FH, pending in Oakland County).

5

**and could hear her instructing her children to hide and not to open the door** (*see* ECF 50-2 at 2).

*Now*, the Lambert Defendants have the stunning audacity to suggest that *their own efforts* to evade service are somehow *Plaintiffs' failure* and that the Court lacked jurisdiction to enter the default. *See* ECF 61 - Motion at 2. Setting aside the fact that this Court ordered (and Plaintiffs complied) Plaintiffs to serve Defendants via counsel Mike Smith (electronically and via mail) and also via US mail (to what has turned out to be her home residence, and to her business office) and also having served an adult at her business office (*see* ECF 13 and 31), Stefanie Lambert is not an inexperienced *pro se* litigant. She is an attorney and litigator and has courted clients and litigated high profile, widely written-about cases all over the nation, **raising <u>millions</u> of dollars** from donors in the process.

Defendants claim they were not served pursuant to the Order re alternative service (ECF 10), in that there is no evidence that an adult was served at all the addresses listed in the Order, except one. (ECF 61 – Motion at PageID 545). It is true that an adult was only personally served at one location relating to that Order. However, it is also true that pursuant to this Court's *subsequent* Order of October 24, 2024, Plaintiffs also served Plaintiffs' Motion for Default Judgment as well as the notice of hearing for the same upon an adult at Lambert's <u>law firm address</u>.[6] *See* ECF 31 & 31-1 at PageID 289. Plaintiffs also served an adult at a separate address,

---

[6] *See* **Exhibit 3**, Defendant The Law Office of Stefanie L. Lambert, PLLC's **2023** annual report, listing Lambert as the registered agent, and listing the registered agent's service address as being 500 Griswold Street, Ste. 2340, Detroit, MI 48226. Plaintiffs attempted service of this location in 2023 and 2024. *See* **Exhibit 4** (photos taken by Plaintiffs' process server on or about November

and **physically posted** the documents to the buildings at each of the other addresses. (ECF 31-1 at PageID 290-292). Defendants should have affirmatively stated, in their motion or declaration, whether they received these *posted* materials. That information was omitted.

Defendants *implied* they were not served via mail, without explicitly stating whether they were served via mail. *Compare* ECF 61 at ¶4, PageID 539, with PageID 545 ("Moreover, as the Plaintiffs did not require a signature for delivery of the documents, it is unknown whether anyone received any of the mailings"). While Plaintiffs did not require signature verification, Plaintiffs *did* request proof of FedEx service, which did include photos of the documents having been delivered at the various locations. *See* ECF 11-2. For example, at one address in South Lyon, FedEx confirmed service. ECF 11-2 at PageID 186-190. Compare the photo of that proof of delivery with the real estate listing and photograph from Redfin.com.[7] *See* **Exhibits 1 & 2**. Defendants should have affirmatively stated, in their motion or declaration, whether they received these materials by mail. That information was omitted.

---

11, 2023 showing Defendants' names on the wall plaque business identifier, and the larger firm within which they operated.
(continued on next page…)
Interestingly, on July 2, 2025, or one day after Defendants filed their Motion to Vacate Entry of Default, Lambert filed her law firm's **2024** and **2025** annual reports, listing her as the registered agent and the service address as 400 Renaissance Center, Detroit, MI 48243. *See* **Exhibit 5**.

Notably, Lambert was also listed as the Registered Agent for DePerno Lambert, PLLC. *See* ECF 6-2, listing the registered agent address as 9089 Spencer, South Lyon, Michigan 48178. Plaintiffs made numerous service attempts at this address as well. *See* ECF 6-1.

[7] https://www.redfin.com/MI/South-Lyon/1162-Horseshoe-Dr-48178/home/99218375 (last accessed July 15, 2025).

7

Defendants *implied* they were not served (*see* ECF 61 at ¶4, PageID 539) via attorney Michael Smith, either.  However, the undersigned spoke with attorney Smith and the latter confirmed that at every point, he passed along everything that was provided to/ served upon him for ultimate receipt by Defendants.  That information was omitted.

Defendants *imply once, without definitively stating*, that *none* of the residential addresses used for service attempts were accurate.  *See* Motion at PageID 549 ("Here, the issue with serving Stefanie Lambert was not one of her own doing, rather it was by the Plaintiffs' failure to identify Stefanie Lambert's residential address").  If this is the case, why not just affirmatively state this in Lambert's Declaration?  This information was omitted.

Lambert's attempts to throw attorney Michael Smith under the bus are ridiculous and strain the bounds of credulity.  She argues her failure to engage in the case was due to either a miscommunication with Smith or Smith's failure to follow her instructions and file a motion to dismiss (*see* Motion at PageID 545), even though Defendants argue she instructed Smith **not** to accept service (*see id.*) ("Moreover, Smith was never authorized to accept service on the behalf of either Ms. Lambert or for her law office"), but to communicate to Plaintiffs that Lambert would file her **Answer** on or before February 23, 2024 (*see* ECF 13-1) – yet emails exchanged by Plaintiffs' counsel with Smith indicate he *did* accept service on her behalf.  *Id*.

Pointing a finger at Smith, Defendants proffer contradictory arguments, simultaneously arguing (1) Defendants instructed Smith to file a Motion to Dismiss in the present suit, and that he failed to do so (*see* Motion at PageID 545), and (2) that Smith was not authorized to accept service, not counsel of record, and had not entered his appearance on behalf of the Lambert Defendants (*id.*, at PageID 549, n.2).  Defendants should have explained why Smith was ordered to file a

8

motion to dismiss while simultaneously being forbidden from entering his appearance and accepting service. This information was omitted.

Defendants also state that they were under the false impression (1) that Smith had filed a motion to dismiss and (2*) that the claims against them had been dismissed* (*see* Motion at PageID 545)("After the default was entered, Stefanie Lambert was shocked to learn that no such Motion to Dismiss had ever been filed") (*see also* ECF 61-1 – Declaration of Stefanie Lambert at ¶17) ("The DECLARANT has mistakenly believed that this case had been dismissed, and no further action would be necessary"). However, Defendants fail to state why they believed a motion to dismiss had been filed on their behalf, or why they believed that the claims against them had been dismissed. Defendants failed to provide any documentary evidence, such as emails or texts, that would support their self-serving statements. These explanations and evidence were omitted.

Defendants also fail to explain how they knew that witness Jason Rybak had been subpoenaed for deposition, how they knew Defendant Bachenberg had decided to terminate attorney Smith, or why the Lambert Defendants were actively encouraging Rybak not to testify, and why they were dodging service of subpoenas as recently as May of this year. Presumably someone unaware of the default would also be unaware of the service of a subpoena, which isn't even filed with the Court.

Defendants also argue that they haven't been properly served, while simultaneously stating that they've repeatedly refused to permit Smith, Dan Hartman or anyone else to accept service on their behalf, though fully aware of the suit and that Plaintiffs were making great efforts to serve them. Defendants cannot have their cake and eat it, too.

Defendants have also failed to identify any legitimate reason for not accepting service when they could have easily done so and despite having admitted that they were aware of the case (*see*

9

Motion, at 3).  Nor have they addressed all manner of service attempted by Plaintiffs.  For example, Defendants **have not claimed** they did not receive the Complaint and Summons by mail, nor have they denied that at least one of the residential addresses at which Plaintiffs repeatedly attempted service of the Complaint and Summons (as well as subpoena attempts) is Lambert's home address, or that the identified business address was accurate.

Defendants have also failed to address whether they were repeatedly forwarded the court-ordered service materials Smith received on their behalf from Plaintiffs.

In sum, Defendants' arguments are simply not credible.

*This Court previously found that the Lambert Defendants were deliberately evading service* (ECF 14 at 1), and there is nothing about their conduct that suggests the Lambert Defendants have made any good faith efforts to participate in this litigation at any point prior to June 18, 2025 when their present counsel, David Perry, entered his appearance.  Defendants' conduct has evidenced either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings, and the Court should not reward this behavior by vacating the entry of default.  *Cf.*, *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir.1986).  Plaintiffs believe that an evidentiary hearing might be of some help.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion.

## VERIFICATION

The undersigned swears or affirms under penalty of perjury that the foregoing is true and correct to the his knowledge.

Dated: July 15, 2025                                                            Signed: */s/ John C. Burns*


Respectfully Submitted


/s/ John C. Burns
John C. Burns
Attorneys for Plaintiffs
PO Box 191250
St. Louis, Missouri 63119
(314) 329-5040
TBLF@pm.me


## CERTIFICATE OF SERVICE

The undersigned certifies that on July 15, 2025, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.

*/s/ John C. Burns*