IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO.  2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

      Plaintiff,

v.

STEFANIE LAMBERT, THE
LAW OFFICE OF STEFANIE
L.  LAMBERT, PLLC, and
BILL BACHENBERG,

      Defendants.
_____/

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO VACATE CLERKS DEFAULT

    The Defendants, Stefanie Lambert, The Law Office Of Stefanie L. Lambert, PLLC, by and through their undersigned counsel, hereby files this Reply in Support of Motion to Vacate Clerks Default, and in support thereof state:

## Introduction

    At this stage of litigation, three outcomes are possible: 1) the Court may vacate the clerks default against Defendants Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC, allowing the claims to be decided on their merits; 2) the Court may require Plaintiffs to amend their Complaint due to its shotgun pleading

structure; or 3) the Court may dismiss Counts 2 through 10 and proceed to determine whether to grant default judgment for Plaintiffs on Count 1.

**Complaint Must Be Amended or Dismissed**

The Complaint is a shotgun pleading because Counts 2 through 10 improperly incorporate all prior allegations, making it difficult to discern which facts support which claims. (ECF 1, PageID 9-24). This violates F.R.Civ.P. 8(a)(2) by failing to provide adequate notice of the claims and their grounds. The Sixth Circuit, following the Eleventh Circuit, has identified this as the most common form of shotgun pleading, which burdens the Court and Defendants by requiring them to untangle the allegations. In such cases, courts should strike the complaint and allow repleading to ensure compliance with procedural rules. *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392 (6th Cir. 2020). *See also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).

In regards to shotgun pleadings, even if the parties do not request it, the district court "should strike the complaint and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed.R.Civ.P. 11(b). *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds. In the

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings.")

**Improper Service**

The Defendants, Mrs. Lambert and her law firm, argue that service was improper because the Plaintiffs failed to comply with the Courts order for alternate service, which required documents to be left with adults at four specified addresses. Plaintiffs only left documents with an adult at one address, failing to meet the orders requirements. Under F.R.Civ.P. 4, proper service is a prerequisite for default, and improper service renders a default invalid, warranting vacatur. *C.A.T. Glob. Inc. v. Gill X Transp. Grp.*, No. 24-cv-10319, 2025 U.S. Dist. LEXIS 7998, at *13 (E.D. Mich. Jan. 15, 2025). See also *Reed-Bey v. Pramstaller*, No. 06-10934, 2013 U.S. Dist. LEXIS 40359, at *4 (E.D. Mich. Jan. 10, 2013). The Plaintiffs reliance on FedEx delivery confirmations and communications with attorney Smith does not cure their failure to follow the Courts specific instructions. Moreover, the Plaintiff's proofs of service failed to specify what, if any, of the necessary documents were served.

**Meritorious Defense**

In their opposition to the Defendants Motion to Vacate Clerks Default, the Plaintiffs did not address Mrs. Lambert and her law firm's meritorious defenses. The

3

Defendants, Stefanie Lambert and her lawfirm, have articulated meritorious defenses to the Plaintiffs' claims.

Mrs. Lambert and her law firm's meritortious defenses, as they relate to the Plaintiff's defamation claims, include the denial of making the alleged defamatory statements, the substantial truth of the statements, to the extent any statements were made, immunity under the Noerr-Pennington Doctrine as the statements related to government actions, qualified privilege in discussions with state and federal representatives, fair comment as to an issue of public interest, lack of retraction notice provided by the Plaintiffs, and being barred by the statute of limitations.

Mrs. Lambert and her law firm's meritortious defenses, as they relate to the Plaintiff's breach of contract and quantum merouit claims include statute of frauds, illegality of enforcement.  laches, unclean hands, acquiessence, and estoppel.

The key consideration is "to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Invst Fin. Grp. v. Chem-Nuclear Sys.*, 815 F.2d 391, 399 (6th Cir. 1987)

The Defendants defenses are legally sufficient and warrant resolution on the merits.

**<u>Prejudice to the Plaintiff</u>**

In their opposition to the Defendants' Motion to Vacate Clerks Default, the Plaintiffs have failed to argue that the Plaintiff would be prejudiced by vacating the

4

entry of Clerks Default as to the Defendants, Stefanie Lambert and her law firm. Prejudice in the context of vacating a clerks default means the loss of evidence, increased difficulties of discovery, or provide greater opportunity for fraud and collusion. *Invst Fin. Grp. v. Chem-Nuclear Sys*., 815 F.2d 391, 398 (6th Cir. 1987). For setting aside entry of clerks default to be considered prejudicial, it must result in more than delay. *United Coin Meter Co. v. Seaboard C*. R.R., 705 F.2d 839, 845 (6th Cir. 1983).

Setting aside entry of clerks default in the case *sub judice* will not be prejudicial to the Plaintiff as the Plaintiffs' defamation claims relate to slander and libel which the Plaintiffs allege were captured *vis a vis* Mrs. Lambert's written and oral communications with state and federal policymakers. Such evidence would be fixed into a discoverable medium, namely audiovisual recordings or written word and are unlikely to be destroyed by the passage of time. Moreover, evidence to support the Plaintiffs breach of contract and quantum meroit claims would exist almost entirely already in the Plaintiffs' possession and or be fixed in email communications between the parties and unlikely to risk loss. Very little opportunity for fraud and collusion exist as the relevant and discoverable evidence would already be either in the public domain or the Plaintiffs' own possession.

**<u>Culpable Conduct</u>**

In determining whether to vacate entry of clerks default, the three factors are

5

to be balanced by the court. *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).[1] Where a party has displayed a meritorious defense, a lack of prejudice to the Plaintiff, and has moved to vacate a clerks default prior to entry of a judgment, "the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*,796 F.2d 190, 195 (6th Cir. 1986). Courts in the Sixth Circuit have held that defaults caused by honest mistakes or misunderstandings, such as the case *sub judice*, rather than intentional conduct, are not willful. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Mere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010). Any doubts should be resolved in favor of the party seeking relief from default, as the preference is to resolve disputes on their merits. *Makris v. Ebay, Inc*., No. 22-3775, 2023 U.S. App. LEXIS 4419, at *3 (6th Cir. Feb. 23, 2023).

The Defendants, Stefanie Lambert and her lawfirm, have provided a credible explanation for the delay, acted prior to entry of a judgment to address the default,

---

[1] The standard for vacating entry of Clerks Default pursuant to F.R.Civ.P. 55 is a balancing test with no single factor being dispositive. This standard is more lenient than the standard for vacating a Default Judgment pursuant to F.R.Civ.P. 60 in which all three prongs must be satisfied.

and courts favor resolving disputes on their merits.

Stefanie Lambert and her law firm's entry of Clerks Default resulted from a misunderstanding with her attorney, Michael J. Smith, who was representing Mrs. Lambert in other cases. The Defendants believed their legal representation, Mr. Smith, would be filing a Motion to Dismiss, and that no further action would be necessary unless informed by counsel. As such, Mrs. Lambert and her law firm's delay in responding to the Complaint was unintentional, and a result of mistaken belief that their legal representation was handling the matter.. Moreover, in light of the numerous death threats made to Mrs. Lambert and her family, the Plaintiffs' claim that Mrs. Lambert instructed her children not to answer the door, if true, would be reasonable in light of the death threats. (ECF 61-1, PageID 567-9). An unannounced stranger in the darkness of winter is not a harbinger of safety.

## Conclusion

WHEREFORE, the Defendants, Stefanie Lambert and The Law Office Of Stefanie L. Lambert, PLLC, respectfully request that this Honorable Court grant this Motion to Vacate Clerk's Default, set aside entry of the Clerk's Default entered against Defendants Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC; enter the attached Answer and Affirmative Defenses as a separate docket entry; and grant such further and other relief as this Honorable Court may deem just and proper.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L. Perry II*
David L. Perry II , Esquire
Fla Bar No. 1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendants*