IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO.  2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

      Plaintiff,

v.

STEFANIE LAMBERT, THE
LAW OFFICE OF STEFANIE
L.  LAMBERT, PLLC, and
BILL BACHENBERG,

      Defendants.
_____/

### DEFENDANT BILL BACHENBERG'S
### MOTION TO HOLD FUNDS PENDING APPEAL

The Defendant, Bill Bachenberg, by and through his undersigned counsel, respectfully moves this Court for an Order directing that the $500,000.00 payment previously made by the Defendant in connection with the underlying claims be held in the trust (IOLTA) account of the Plaintiff's counsel or otherwise return to the Defendant, pending resolution of the forthcoming appeal.  In support thereof, the Defendant states:

1.    The Complaint alleges claims for breach of contract and quantum meruit against the Defendant, Mr. Bachenberg.

2. On June 11, 2025, the parties reached a settlement agreement whereby the Defendant, Bill Bachenberg, would pay the Plaintiffs, Yaacov Apelbaum and XRVision, Ltd. consideration of $500,000.00 in exchange for dismissal of the entire case with prejudice.

3. The initial draft of the Order of Dismissal, sent by attorney Thomas Siver on behalf of Defendant Bachenberg on June 11, 2025, explicitly stated: "This Court finds that Defendant Bill Bachenberg has satisfied the $500,000.00 demand, and this case is now closed and dismissed with prejudice."  The Plaintiffs' counsel agreed to this language, requesting only changes to attorney names and addresses in the caption.

4. On June 12, 2025, Mr. Bachenberg wired $500,000 to the Plaintiffs' counsel as consideration for the entire case to be closed and dismissed with prejudice.

5. On June 13, 2025, after receiving payment, the Plaintiffs attempted to unilaterally modify the terms of the settlement agreement by submitting a revised order that would dismiss the case only as to the Defendant, Mr. Bachenberg, while keeping the case open against the Defendants Stefanie Lambert and her law firm.

6. On July 14, 2025, the Court accepted the Plaintiffs' interpretation of the settlement agreement and entered an Order granting the Plaintiffs' Motion to Dismiss Bill Bachenberg only.

7. The Defendant, Mr. Bachenberg, intends to appeal this Court's order to the United States Court of Appeals for the Sixth Circuit on the grounds that the Court applied a subjective standard in determining the terms of the settlement agreement and that there was no meeting of the minds between the parties.

8. This Court has the authority under the All Writs Act to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 USCS § 1651.

9. Federal Rule of Civil Procedure 62(d) provides that while an appeal is pending, "the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

10. The Defendant, Mr. Bachenberg, seeks to preserve the status quo pending appeal by requesting that this Court order the $500,000.00 settlement funds to be held in escrow until the Sixth Circuit resolves the appeal.

11. The Defendant, Mr. Bachenberg, will be filing his appeal within the next week.

12. The requested relief is necessary to prevent irreparable harm to Mr. Bachenberg, as the Plaintiffs' counsel has already received the full settlement amount while simultaneously seeking to pursue claims against Mrs. Lambert and her law office, contrary to Mr. Bachenberg's understanding of the settlement agreement.

13. If the Plaintiff Yaacov Apelbaum, were to receive the $500,000.00 paid

by Mr. Bachenberg from their counsel's IOLTA account, there is a likelihood that the Plaintiffs will transfer the funds out of their accounts over the pendency of the appeal, and Mr. Bachenberg would be harmed prior to entry of an Order for the Plaintiffs to return the funds.  It is doubtful that Mr. Apelbaum has the wherewithal to repay those funds, once obtained.

14. The four factors that courts consider when determining whether to grant a stay pending appeal weigh in favor of granting this motion: (a) Mr. Bachenberg has a substantial likelihood of success on the merits; (b) Mr. Bachenberg will suffer irreparable injury absent a stay; (c) a stay will not substantially injure other interested parties; and (d) the public interest favors maintaining the status quo.

15. Preserving the status quo by holding the settlement funds in escrow pending appeal is an appropriate exercise of this Court's discretion to protect the rights of all parties while the appellate court reviews the disputed interpretation of the settlement agreement.

WHEREFORE, the Defendant, Bill Bachenberg, respectfully requests that the Court enter an Order directing that the $500,000.00 previously paid by the Defendant be held in the Plaintiffs' counsel's IOLTA account, or alternatively returned to the Defendant and held in escrow pending the resolution of the Defendant's appeal; and grant such further and other relief as thus Court may deem just and proper.

## **CERTIFICATE OF CONFERRAL**

Pursuant to L.R. 7.1.(a) I hereby certify that on July 14, 2025, the undersigned counsel requested, in open Court that the funds be held either in the Plaintiffs' Counsel's IOLTA account or alternatively placed in escrow and this Court informed the undersigned that he may file the instant Motion in two weeks.  Nonetheless, out of an abundance of caution, the undersigned counsel attempted to confer with Counsel for the Defendants on July 26, 2025, and no response was given.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

    */s/ David L. Perry II*
    David L. Perry II, Esquire
    Fla Bar No. 1045902
    **THE TICKTIN LAW GROUP**
    270 SW Natura Avenue
    Deerfield Beach, Florida 33441
    Serv514@LegalBrains.com
    Telephone: (561) 232-2222
    *Attorney for the Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO.  2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

      Plaintiff,

v.

STEFANIE LAMBERT, THE
LAW OFFICE OF STEFANIE
L.  LAMBERT, PLLC, and
BILL BACHENBERG,

      Defendants.
      _____/

## DEFENDANT BILL BACHENBERG'S
## MOTION TO HOLD FUNDS PENDING APPEAL

The Defendant, Bill Bachenberg, by and through his undersigned counsel, respectfully files this Brief in Support of Motion to Hold Funds Pending Appeal, and in support thereof, the Defendant states:

**Statement of Facts**

On June 11, 2025, the Defendant, Bill Bachenberg, reached a settlement agreement with Plaintiffs Yaacov Apelbaum and XRVision, Ltd., agreeing to pay $500,000 in exchange for dismissal of the case with prejudice as to all defendants. The Plaintiffs' counsel initially agreed to the proposed order language reflecting this

understanding.

On June 12, 2025, Defendant Bachenberg wired the settlement funds to Plaintiffs. However, the Plaintiffs later submitted a revised order dismissing the case only as to the Defendant, Mr. Bachenberg, leaving claims against the other Defendants ongoing. The Court adopted the Plaintiffs interpretation, prompting Mr. Bachenberg to appeal the Order and seek to hold the settlement funds in escrow pending resolution of the appeal.

**Legal Standards**

Under Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8(a), courts consider four factors when determining whether to grant a stay pending appeal, 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). "These factors are not prerequisites that must be met but are interrelated considerations that must be balanced together." *SEIU Local 1 v. Husted,* 698 F.3d 341, 343 (6th Cir. 2012).

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

**Analysis**

**Likelihood of Success on the Merits**

Here, the initial draft of the dismissal order explicitly stated that the case would be dismissed with prejudice as to all defendants, and the Plaintiffs' counsel agreed to this language before payment was made. In granting the Plaintiffs' Motion to Dismiss Bill Bachenberg only, the Court took the view that the Plaintiffs' counsel could not have known that Mrs. Lambert and her law office were intended to be included in the settlement as neither the Defendant, Mrs. Lambert nor her law office, were involved in the settlement discussions. The Court's reliance on a subjective interpretation of the agreement, rather than the clear and unambiguous terms agreed upon, raises substantial questions about the validity of its ruling.

The Court erred in its interpretation of the settlement agreement. Under the principles of contract law, a settlement is enforceable if the parties have agreed on all material terms, and a meeting of the minds is required to enforce the agreement. *Innotext, Inc. v. Petra'Lex USA Inc*., 694 F.3d 581, 588 (6th Cir. 2012).

**Irreparable Harm Absent a Stay**

Mr. Bachenberg will suffer irreparable harm if the settlement funds are not held in escrow. If the Plaintiffs were to receive the $500,000 paid by Mr. Bachenberg from their counsel, there is a likelihood that, during the pendency of the appeal, such funds will be transferred from the Plaintiffs' accounts, and no longer

available to be returned to Mr. Bachenberg upon reversal of this Court's Order Grating Plaintiffs' Motion to Dismiss Bill Bachenberg Only.

While monetary injuries are generally not considered irreparable, the unique circumstances of this case where the Plaintiffs have received the full settlement amount but continue to pursue claims against the Defendants, Stefanie Lambert and her law office, create a risk of harm that cannot be adequately remedied through compensatory relief after litigation concludes. Holding the funds in escrow ensures that Mr. Bachenberg's rights are protected pending appellate review.

## Harm to Other Parties

The Plaintiffs' counsel has already received the settlement amount and requiring that their counsel either temporarily hold the funds in the IOLTA account or an escrow account during the pendency of the appeal will not subject the Plaintiffs to any substantial harm.  to holding the funds temporarily will not deprive them of their ability to pursue claims against the remaining Defendants. In contrast, allowing the Plaintiffs to retain the funds while continuing litigation undermines the purpose of the settlement agreement and prejudices Mr. Bachenberg's rights. F.R.Civ.P. 62.

## Public Interest

The public interest favors granting the stay to uphold the integrity of settlement agreements and ensure that parties cannot unilaterally alter agreed-upon terms after performance has occurred. Allowing the funds to remain in escrow

4

pending appeal promotes fairness and judicial efficiency by preserving the status quo while the appellate court resolves the dispute. F.R.Civ.P. 62. *See also City of Green v. Nexus Gas Transmission, LLC*, No. 17-4016, 2017 U.S. App. LEXIS 23725, at *3 (6th Cir. Nov. 22, 2017).

A stay serves the purpose of preserving the status quo pending further proceedings. Courts have emphasized that maintaining the status quo is essential to protect the rights of all parties and ensure fairness during the appellate process. *City of Green v. Nexus Gas Transmission, LLC*, No. 17-4016, 2017 U.S. App. LEXIS 23725, at *3 (6th Cir. Nov. 22, 2017). In this case, maintaining the $500,000 in the Plaintiffs' counsel's IOLTA account or an escrow account would preserve the status quo and protect Mr. Bachenberg's rights pending appeal.

## Conclusion

The Defendant, Mr. Bachenberg, has demonstrated a strong likelihood of success on the merits, irreparable harm absent a stay, minimal harm to the Plaintiffs, and alignment with the public interest in maintaining the status quo. Accordingly, the motion to hold the $500,000 settlement funds in escrow pending appeal should be granted to preserve the status quo and protect the Defendant, Mr. Bachenberg's rights during the appellate process.

WHEREFORE, the Defendant, Bill Bachenberg, respectfully requests that the

Court enter an Order directing that the $500,000.00 previously paid by the Defendant be held in the Plaintiffs' counsel's IOLTA account, or alternatively returned to the Defendant and held in escrow pending the resolution of the Defendant's appeal; and grant such further and other relief as thus Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L. Perry II*
David L. Perry II, Esquire
Fla Bar No. 1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YAACOV APELBAUM, and XRVISION, LTD., <br><br> Plaintiff, <br><br> v. <br><br> STEFANIE LAMBERT, THE LAW OFFICE OF STEFANIE L. LAMBERT, PLLC, and BILL BACHENBERG, <br><br> Defendants. | Case No. 2:23-cv-11718-RJW-APP <br><br> Honorable Robert J. White |

**BRIEF FORMAT CERTIFICATION FORM**

I, David L. Perry II, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (<u>not</u> "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

- ☒ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

- ☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.


*/s/ David L. Perry II*
David L. Perry II, Esquire
Attorney for Defendant Bill Bachenberg