No. 25-1717

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 18, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| YAACOV APELBAUM; XRVISION, LTD., ) | |
| ) | |
|    Plaintiffs-Appellees, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| STEPHANIE LYNN LAMBERT, ) | |
| ) | |
|    Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| BILL BACHENBERG, ) | |
| ) | |
|    Defendant-Appellant. ) | |

      In 2023, Yaacov Apelbaum and his cybersecurity firm, XRVision, Ltd. (collectively "Apelbaum"), filed a civil action against Stephanie Lynn Lambert, an attorney; the Law Office of Stephanie Lynn Lambert, PLLC (collectively "Lambert"), and Bill Bachenberg, a resident of Pennsylvania. The complaint stemmed from Lambert's participation in election fraud investigations and lawsuits following the 2020 presidential election and Bachenberg's investment in her efforts. In February 2024, a clerk's entry of default was entered as to Lambert. Apelbaum then moved for default judgment, but the district court denied that motion without prejudice in November 2024 because Bachenberg's liability had not yet been determined.

      The parties subsequently engaged in settlement negotiations. Apelbaum moved to dismiss Bachenberg from the suit, asserting that the parties had reached a resolution of all claims against Bachenberg only and that Bachenberg had tendered the agreed-upon settlement amount of $500,000. Lambert and Bachenberg (now represented by the same counsel) filed a joint motion

No. 25-1717
- 2 -

to enforce the settlement agreement, in which they argued that the negotiations had resulted in settlement of all claims against *all* parties. Lambert also moved to vacate the entry of default.

On July 15, 2025, the district court granted the motion to dismiss the claims against Bachenberg with prejudice and terminated him as a party to the action. The district court denied the motion to enforce the settlement agreement. Bachenberg has filed a notice of appeal from the order dismissing him from the action.

We have appellate jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

The district court's dismissal of Bachenberg did not end the litigation on the merits. Nor did the district court direct entry of a final, appealable judgment under Federal Rule of Civil Procedure 54(b). *See Solomon v. Aetna Life Ins.*, 782 F.2d 58, 59-60 (6th Cir. 1986). Lambert remains a defendant and her motion to set aside the default remains pending. Moreover, there is a question of Bachenberg's standing to appeal, given that he has satisfied his obligations under the settlement and has been dismissed from the action. *See City of Cleveland v. Ohio*, 508 F.3d 827, 835 (6th Cir. 2007) (noting that a party has standing to appeal if the party is "aggrieved by the judgment or order from which the appeal is taken"); *Hoskins v. Pratt*, 928 F.2d 404 (6th Cir. 1991) (recognizing that a settlement agreement is not generally appealable).

The court therefore **ORDERS** Bachenberg to **SHOW CAUSE** in writing within 14 days of the date of this order why this appeal should not be dismissed for lack of jurisdiction. Following a response from Bachenberg or the expiration of the response period, the appellees have 7 days in which to file a reply. Thereafter, the issue of appellate jurisdiction will be referred to the court for disposition.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk