IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO. 2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

    Plaintiff,

v.

STEFANIE LAMBERT, and THE
LAW OFFICE OF STEFANIE L.
LAMBERT, PLLC,

    Defendants.
_____/

## DEFENDANTS' MOTION TO RECUSE

The Defendants, Stefanie Lambert and The Law Office Of Stefanie L. Lambert, PLLC, by and through their undersigned counsel, pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144, and hereby respectfully move this Court for the disqualification of the Honorable Robert J. White, United States District Judge, from presiding over this case, and in support thereof state:

### Introduction

This case was originally assigned to Stephen J. Murphy, III, District Judge, but reassigned to Robert J. White pursuant to Administrative Order 24-AO-020, concerning re-balancing of case workloads by random assignment.

This Motion seeks to return this case to Judge Stephen J. Murphy, III, upon the disqualification of the Honorable Robert J. White based an appearance of conflict arising from newly released, previously-secret, information creating an appearance of impropriety and potential conflict of interest that requires recusal under federal law.[1] The circumstances described herein raise reasonable questions about impartiality that necessitate transfer of this case to another judge to maintain public confidence in the judicial process.

## Factual Background

As explained below, a conflict can be and usually is "imputed" to a law firm in general. The U.S. Department of Justice is recognized as equivalent to a law firm for the United States of America.

It has just recently been revealed by the unsealing of documents concerning an investigation "Arctic Frost" that Special Prosecutor Jack Smith was investigating an enormous number of people holding political views or associations contrary to the then-President Joseph Biden and then-Attorney General Merrick Garland. This

---

[1] The Defendants in no way seek to represent that the Honorable Judge White was in any way directly involved in Jack Smith's Arctic Frost Investigation. Rather, those outside of the case *sub judice* are likely find the Honorable Judge White's decisions biased, whether in favor of, or in opposition to the Defendants in light of his Honor's prior employment in the DOJ Computer Division. As such, the Defendants seek to avoid any such later allegations of partiality altogether through the instant motion, thereby preserving the repution of this Court.

2

included investigation of persons for their political beliefs in the Eastern District of Michigan, specifically Stephanie Lambert individually and through her law firm, and the co-Defendant Bill Bachenberg.

Subpoeanas in the Eastern District of Michigan and other investigative steps would likely have been handled by the U.S. Attorney's Office for the Eastern District of Michigan, particularly given the extraordinary number of persons being targeted. "Arctic Frost" and its associated investigations "Crossfire Hurricane" were high priority and massive undertaking calling upon large numbers of DOJ and FBI personnel.

Such an effort within DOJ amplified by tremendous publicity in general, particularly a notable drag net of targets with little or no basis for being investigated is the type of matter unlikely to be pursued without many in the USAO's office becoming aware of it. Even worse, these facts have been kept secret for many years, add to the public impression that there are likely to be more revelations waiting in the wings. The public appearance of doubt is significant under this combination of factors, especially if there are other District Court judges available.

The Honorable Judge Robert J. White previously worked at the Department of Justice in the Eastern District of Michigan from 2018 to 2024. He was honored for his work in Homeland Security Investigations in 2023, as well as singled out for other honors over several years. The Defendants understand that Homeland Security

3

Investigations includes critical infrastructure, i.e., election equipment. The Michigan Secretary of State along with Michigan Attorney General requested that the Eastern District of Michigan prosecute Matt Depierno and Stefanie Lambert. While the Eastern District of Michigan DOJ declined to prosecute Mr. Depierno or Mrs. Lambert, the MIED DOJ nonetheless was exposed to this information.

As presented to the U.S. Senate Judiciary Committee for his nomination hearing, by Senator Gary Peters,

> Judge Robert Jerome White served as Assistant U.S. Attorney in the Western District of Texas and then the Eastern District of Michigan since 2018….. Mr. White's range of experience as both a defense attorney and a prosecutor will help him serve effectively on the Federal branch. Over his career, he has practiced before multiple Federal Circuits, District Courts as well as State courts. As an Assistant U.S. Attorney in Texas and in Michigan, he prosecuted complex cases on drug trafficking, organized crime, financial regulatory violations and the dark web.
>
> Through these roles, Mr. White has worked across many levels of our legal system, has tackled a wide variety of caseload that will translate well to the purview of the District Court.
>
> More important this this impressive resume is his remarkable commitment, discretion, and good judgment. ….
>
> Even defense attorneys who have gone up against him in court have seen Mr. White's commitment to fairness, impartiality, first-hand, and have recommended him wholeheartedly for this position. …."

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

https://www.youtube.com/watch?v=IA8M1ICCK8c

Thus, Judge-nominee White was praised for his reputation and commitment to "fairness and impartiality" and his "discretion and good judgment."

However, recently revealed information shows that Defendants Stefanie Lambert and Bill Bachenberg within the Eastern District were subjects of an investigation designated by the code name "Arctic Frost" conducted by Special Counsel Jack Smith and his staff. This investigation included accessing telephone records of the Defendants as well as numerous other individuals. The U.S. Attorney's Office Division of the DOJ would have provided support within the Eastern District to various investigations including Jack Smith's Special Counsel activities, which included a specific focus on technical and computer aspects of the Special Counsel's investigation concerning phone records and other data.

This information was previously unknown to the Defendants and likely unknown to the Plaintiffs, possibly even to Judge White who was then working in the USAO. The Arctic Frost investigation was opened in April 2022 by the FBI and was later assigned to Special Counsel Jack Smith in November 2022. The investigation included Bill Bachenberg and Stefanie Lambert in her role as Bill Bachenberg's attorney.

The Department of Justice issued a subpoena related to matters in which

5

Stefanie Lambert served as counsel opposing Jocelyn Benson.[2][3][4] This would likely have been issued from the USAO in the Eastern District of Michigan where Judge White worked.

Mrs. Benson requested meetings at the Department of Justice in the Eastern District and attempted to have Mrs. Lambert charged with federal crimes.[5] Benson's staff confirms that the meetings involved Lambert and Bachenberg and accusations that prosecution should be initiated by the USAO in which Judge White was then a prosecutor as AUSA. This case involves matters directly related to the aforementioned investigation and parties.

---

[2] Zachary Cohen, "DOJ subpoenas officials in Wisconsin, Michigan and Arizona for communications with Trump around 2020 election," CNN, December 6, 2022, https://www.cnn.com/2022/12/06/politics/jack-smith-subpoena-local-officials-michigan-wisconsin

[3] Kyle Cheney and Nicholas Wu, "Special counsel subpoenas Trump-related documents from state and local election officials," Politico, December 6, 2022, https://www.politico.com/news/2022/12/06/trump-subpoena-special-counsel-documents-00072582

[4] Rick Pluta, "MI Dept of State complies with 1/6 special counsel subpoena," WKAR News, January 7, 2023, https://www.wkar.org/wkar-news/2023-01-07/mi-dept-of-state-complies-with-1-6-special-counsel-subpoena

[5] Secretary Benson requests law enforcement investigation of possible unauthorized access, Michigan Department of State, February 10, 2022, https://www.michigan.gov/sos/resources/news/2022/02/10/secretary-benson-requests-law-enforcement-investigation-of-possible-unauthorized-access

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## Legal Standard

The Due Process Clause of the Fifth Amendment requires a "fair trial in a fair tribunal before a judge with no actual bias against the defendant." *Bracy v. Gramley*, 520 U.S. 899, 904-05, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (internal quotation marks and citations omitted); see *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process.").

The leading case from the Supreme Court on recusal under § 455 is is *Liteky v United States 510 U.S. 540* (1994). Under *Liteky*, the terms "bias or prejudice" connote instances of partiality or opinions that are "somehow wrongful or inappropriate." 510 U.S. at 550-52, 114 S.Ct. 1147.

Under the Due Process Clause, "recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Rippo v. Baker,* 580 U.S. 285, 287, 137 S.Ct. 905, 197 L.Ed.2d 167 (2017) (per curiam) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)).

We ask "not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Williams v.*

*Pennsylvania,* 579 U.S. 1, 8, 136 S.Ct. 1899, 195 L.Ed.2d 132 (2016) (internal quotation marks omitted) (quoting *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 881, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009)).

Because "[b]oth the appearance and reality of impartial justice are necessary to the public legitimacy of judicial pronouncements and thus to the rule of law itself," an unconstitutional failure to recuse is structural error and thus not amenable to harmless-error review. *Id.* at 16, 136 S.Ct. 1899.

Federal law provides clear standards for when a judge must disqualify himself from a proceeding. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This provision establishes an objective standard that focuses on whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Under § 455, "a judge must sua sponte recuse himself if he knows of facts that would undermine the ***appearance of impartiality***." (emphasis added) *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003) (citing *Liteky v. United States*, 510 U.S. 540, 547-48 (1994)). *Moralez v. Moore*, Case No. 2:17-cv-10567 (E.D. Mich. Nov 21, 2017). It is settled that "'disqualification under section 455(a) must be predicated ... upon extrajudicial conduct rather than on judicial conduct.'" *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (emphasis added) (quoting *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980)). For the conduct

8

presiding over a case to show bias requires extreme examples.

Moreover, Section 455 "is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint." *Story*, 716 F.2d at 1091. *See also, Easley v. Univ. of Michigan Bd. of Regents,* 853 F.2d 1351, 1356 (6th Cir. 1988) (quoting *Story*, 716 F.2d at 1091).

Additionally, 28 U.S.C. § 455(b) requires disqualification in specific circumstances, including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" or where the judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

The procedure for seeking disqualification based on bias or prejudice is further outlined in 28 U.S.C. § 144, which provides that when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

These provisions are reinforced by the ethical standards set forth in the Code of Conduct for United States Judges, which requires judges to "avoid impropriety

9

and the appearance of impropriety in all activities" and to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon of Judicial Administration 2A.

## Argument

**Judge White's Prior Governmental Employment and Potential Knowledge of Disputed Facts Requires Disqualification**

Judge White's prior employment at the Department of Justice in a division likely to be called upon to support the Special Counsel's investigation, during the time when Defendants were under investigation in the Arctic Frost probe, creates an appearance of impropriety that requires disqualification.

The standard under § 455(a) is whether a reasonable observer, informed of all the facts, might reasonably question the judge's impartiality. Here, a reasonable person would likely question whether Judge White's prior DOJ employment might influence his handling of this case, particularly given the subject matter overlap between his former division and the issues in this litigation.

The recently revealed information that the Defendants were subjects of the "Arctic Frost" investigation, combined with Judge White's prior work on technical aspects of criminal investigations in the District, creates a situation where a reasonable observer might question the judge's impartiality.

Even if Judge White had no actual knowledge of the investigation into these

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

specific the Defendants, the appearance of a potential conflict is sufficient to warrant disqualification under the objective standard of § 455(a).

**Imputed Disqualification Principles Support Recusal**

Even if Judge White did not have direct involvement with the investigation of the Defendants, principles of imputed disqualification support recusal in this case. When a judge has been part of a governmental unit that investigated a party to a case, the conflict of interest may be imputed to the judge even without direct personal involvement.

The circumstances here present more than a mere imputed conflict, they suggest the possibility of direct involvement. However, even under an imputed disqualification analysis, the connection between Judge White's prior work and the investigation of the Defendants is sufficient to require recusal.

**Imputed Disqualification Principles Apply**

Under principles of imputed disqualification, Judge White should be disqualified because his prior governmental employment at the DOJ creates a reasonable inference that he may have had knowledge of, or connection to, the investigation of the Defendants.

While 28 U.S.C. § 455(b)(3) specifically requires disqualification where a judge directly participated in a matter during prior governmental service, the broader principle of imputed knowledge applies when a judge worked in a governmental

11

department with responsibility for matters involving the litigants.  Even without direct evidence that Judge White personally participated in the Arctic Frost investigation, his employment in a related division during the relevant time period creates sufficient grounds for imputed disqualification.

The principle of imputed disqualification recognizes that conflicts of interest can extend beyond direct personal involvement to situations where a judge's prior organizational affiliation creates an appearance of conflict.  This situation presents a stronger case for disqualification than merely being a member of a law firm with a conflict of interest, as it appears Judge White may have had direct involvement with the type of investigations that targeted Bill Bachenberg with Mrs. Lambert listed as his counsel.  See Exhibit A.

The purpose of imputed disqualification is to ensure not only the reality but also the appearance of impartial justice.  When a judge has served in a governmental capacity with potential connections to matters or parties now before the court, public confidence in judicial impartiality requires disqualification.

**The Unique Circumstances of This Case Warrant Disqualification**

The circumstances of this case present a unique situation where standard disclosure procedures would not have revealed the potential conflict.  As noted in the factual background: the information about the Arctic Frost investigation was non-public until recently; the parties were unaware of the problem; and this type of

12

conflict would not normally be caught by standard procedures. Those factors underscore why disqualification is necessary in this case. The recent revelation of the Arctic Frost investigation and Judge White's prior DOJ employment creates a situation where, through no fault of any party or the Court, a potential conflict has emerged that was previously unknown.

**Disqualification Is Necessary to Maintain Public Confidence in the Judiciary**

The requirement that judges avoid even the appearance of impropriety serves to maintain public confidence in the integrity and impartiality of the judiciary. This case presents a situation where allowing Judge White to continue presiding would undermine that confidence.

**Request For Stay Of Proceedings**

Pending resolution of this Motion to Disqualify, the Defendants respectfully request a stay of all proceedings in this case. A stay is appropriate to preserve the status quo while the disqualification issue is resolved and to prevent any potential prejudice to the parties.

## Conclusion

Judge White's prior employment at the Department of Justice during the time when the Defendants were subjects of the Arctic Frost investigation creates, at minimum, an appearance of impropriety that requires disqualification. Additionally, principles of imputed disqualification apply based on Judge White's governmental

13

service in a division related to the subject matter of this litigation.

The unique circumstances of this case, where the potential conflict was unknown to all parties until recent disclosures, further support the need for disqualification to maintain public confidence in the impartiality of these proceedings.

WHEREFORE, the Defendants, Stefanie Lambert and The Law Office Of Stefanie L. Lambert, PLLC, respectfully requests that this Honorable Court grant this Motion to Disqualify Judge Robert J. White from presiding over this case; transfer this case to another judge in accordance with the Court's procedures; stay all proceedings in this case pending resolution of this Motion; and grant such other and further relief as this Honorable Court may deem just and proper.

### Certificate of Conferral

I hereby certify that pursuant to L.R. 7.01 the undersigned counsel conferred with Counsel for the Plaintiff as to the issues raised in the instant motion, and the Counsel for the Plaintiff opposes the relief sought herein.

*/s/ David L. Perry II*
David L. Perry II

*/s/ Stefanie Lambert*
Stefanie Lambert Junttila

14

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 17, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L. Perry II*
David L. Perry II , Esquire
Florida Bar No. 1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Serv608@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendants*

*/s/ Stefanie Lambert*
Stefanie Lambert Junttila, Esquire
Law Office of Stefaniue L. Lambert, PLLC
400 Renaissance Drive, 26th Floor
Detroit, Michigan 48243

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YAACOV APELBAUM, and XRVISION, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>STEFANIE LAMBERT, and THE LAW OFFICE OF STEFANIE L. LAMBERT, PLLC,<br><br>Defendants. | Case No. 2:23-cv-11718-RJW-APP<br><br>Honorable Robert J. White |

**BRIEF FORMAT CERTIFICATION FORM**

    I, David L. Perry, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☐ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;

☐ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

<u>*/s/ David L. Perry II*</u>
David L. Perry II , Esquire
*Attorney for Defendants*
Stefanie Lambert and
The Law Office of Stefanie Lambert