IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO.  2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

       Plaintiffs,

v.

STEFANIE LAMBERT, and
THE LAW OFFICE OF STEFANIE
L. LAMBERT, PLLC,

       Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS

The Defendants, Stefanie Lambert and The Law Office Of Stefanie L. Lambert, PLLC, by and through their undersigned counsel, pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure, and hereby respectfully move this Court to dismiss all claims against them in the Complaint for failure to state a claim upon which relief can be granted, and in support thereof state:

---

[1] Had the Complaint stated claims with sufficient particularity to provide the Defendants with notice as to the context, setting, and precise statements for which the Complaint alleges to be defamatory, the Defendants would also have moved to dismiss the Complaint in the case at bar on the basis of Arizona (A.R.S. § 12-751) and Pennsylvania (42 Pa. Stat. 8320.1 et seq) Anti-Strategic Lawsuits Against Public Participation ("Anti-SLAPP) statutes.

## Introduction

The Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert retained the Plaintiff, Yaacov Apelbaum, a self-proclaimed renowned computer expert, who is relied upon by the Make America Great Again movement for his forensic work on the Hunter Biden Laptop and his firm support of President Donald J. Trump.

In her capacity as an attorney, Ms. Lambert retained Mr. Apelbaum on behalf of her clients to perform forensic and cyber analysis of election equipment relating to the 2020 Presidential Election. Rather than doing a competent job, Mr. Apelbaum was entirely inept, and it became necessary for his services to be terminated.

In the course of his work for Ms. Lambert, Mr. Apelbaum obtained certain materials. After Ms. Lambert terminated his employment, he threatened to use those materials to work for the Pennsylvania legislature. Ms. Lambert was shocked at thie lack of professionalism and she notified the proper legislative bodies to prevent Mr. Apelbaum from doing so. As such, Ms. Lambert vocalized that there was a conflict arising from Mr. Apelbaum's actions to at least one state legislative body.

The Plaintiffs Yaacov Apelbaum and XRVision, Ltd. have retailiated by filing a ten-count Complaint against the Defendants Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC, setting forth claims that include defamation, breach of contract, tortious interference, promissory estoppel, and unjust enrichment.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

This Court should dismiss the Complaint in its entirety as the Complaint fails to provide a legally sufficient basis for its claims and it is a Shotgun pleading.  Most important, the Complaint lacks the necessary factual support for the averments within it, and their claims do not meet the plausibility standard required under the Federal Rules of Civil Procedure.

The Complaint fails to outline the particularities of the alleged wrongful acts by the Defendants, does not adequately distinguish between parties in its allegations, and lacks the specificity required to support each of the asserted causes of action. The Plaintiffs rely largely on conclusory statements, speculative allegations, and insufficient legal arguments to prop up their Complaint.  As such, the claims do not rest on a solid foundation of fact or law and cannot survive the scrutiny of a motion to dismiss.

## Background

The entirety of the factual allegations in support of the Complaint's claims for Defamation and Tortious Interference are as follows:

57.   Upon information and belief, on or about August of 2022, Defendants Lambert and PLLC began a defamation campaign directed against Plaintiffs.

58.   Upon information and belief, Lambert and PLLC began speaking with Plaintiffs' business relationships, including but not limited to the Pennsylvania Senate, in texts, phone calls, in person, and in other communications, actively and

3

deliberately trying to persuade these business relationships against doing business with Plaintiffs.

59.   Upon information and belief, as reasons to avoid doing business with the Plaintiffs, Defendants Lambert, and PLLC falsely stated that the Plaintiffs had conflicts of interest with her clients and/or her firm, that she would sue the Plaintiffs if they were to be engaged in these relationships, and implicitly that she would take legal action against the relationships themselves if they were to hire Plaintiffs. To wit:

"Your office will receive a formal letter from my office today. Yaacov Apelbaum has a conflict of interest. He was hired by Fulton County. He is bound by privilege. His firm will be sued if he performs any analysis on Fulton County data for the Senate."

60.   Specifically, upon information and belief, Lambert and PLLC also indicated, in written and verbal communications with representatives of the Pennsylvania Senate, the Wisconsin State Legislature, and the Arizona Senate, that the Plaintiffs were:
   a. incompetent.
   b. secretly working as malicious operatives of the federal government; and
   c. entirely lacking any ability in the fields of cybersecurity and forensic analysis.

The Complaint factual allegations in support of its claims for defamation and confirm five key points.

First, the claims all relate to statements made by Stefanie Lambert and her law firm were all directed towards state legislative bodies engaged in their official

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

capacity investigating deeply contentious matters with broad public interest, namely, the integrity and oversight of election processes relate to a matter of public interest, namely forensic analysis of the election machines used in the 2020 Presidential Election. Secondly, the claimed defamatatory statements occurred in Arizona, Wisconsin, and/or Pennsylvania. Thirdly, the claimed defamatory statements relate to the Plaintiff's involvement in the forensic analysis of election machines and the data thereof. Fourthly, the Complaint states only a single alleged quote from the Defendant Lambert, with all other alleged statements being completely inprccise and solely on the basis of "information and belief." Compl. ¶ 59. Finally, the claimed tortious interference with a business relationship relates to Ms. Lambert's legal opinion as to the Plaintiff's conflicts as they relate to the Plaintiff's work in Fulton county.

## Legal Standard

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8(a)(2). Moreover, pursuant to F.R.Civ.P. 10(b) a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

A "shotgun pleading" is one in which every count which follows Count I incorporates the allegations of one or more of the Counts already stated. As such,

each count relies on the success of the preceeding counts.  This sloppy or inept means of drafting a pleading fails to meet the basic requirements of what the averments of a complalint must contain, and is a term may also be used to describe complaints which are disorganized, repetitive, or excessively incorporate unnecessary or irrelevant material.  Courts in this Circuit and elsewhere have consistently recognized that shotgun pleadings violate procedural norms.  *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020).  *See also Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1321 (11th Cir. 2015).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  F.R.Civ.P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A pleading that offers mere " conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  F.R.Civ.P. 8.

Meanwhile, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and instead "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of. [unlawful conduct]." *Binno v. ABA*, 826 F.3d 338, 345-46 (6th Cir. 2016).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Under the standard set out in *Iqbal* and *Twombly*,

6

a court accepts as true all factual allegations, but the court does not apply this presumption of truth to conclusory or legal assertions. *Binno v. ABA*, 826 F.3d 338, 345-46 (6th Cir. 2016). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017).

## <u>Argument</u>

**The Complaint is an Impermissible Shotgun Pleading**

The Complaint, as drafted, is an impermissible and procedurally defective "shotgun pleading" that fails to give the Defendants adequate notice of the claims against them or the specific basis of those claims. Each count in the Complaint incorporates by reference all preceding allegations, regardless of relevance, resulting in a confusing and disorganized collection of claims that defies Rule 8(a)'s requirement for a "short and plain statement" of the claims. This lack of clarity prejudices the Defendants by forcing them to speculate as to the actual allegations and legal theories being asserted against them.

The Complaint consists of 171 paragraphs and ten distinct counts, spread over 26 pages, yet fails to assign specific allegations to specific legal claims. Each count improperly incorporates every prior paragraph, compounding confusion and making it impossible for the Defendants to ascertain which factual allegations serve as the basis for any given cause of action. For instance, the Complaint repeatedly folds

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

allegations of defamation into purported contract claims, and *vice versa*, without distinguishing between factual assertions that relate to defamation, breach of contract, or tortious interference.  Similarly, the inclusion of quantum meruit and unjust enrichment claims is presented in a manner indistinguishable from allegations regarding promissory estoppel, leaving the Defendants unable to discern the precise nature of these claims.

This sprawling and indiscriminate incorporation by reference is particularly problematic when considering the Defendants' right to understand and adequately respond to specific allegations.  The defamation-related counts (Counts 1 through 4), for example, fail to identify which statements form the basis of the claims within each count or how they satisfy the elements of defamation.  Instead, they incorporate all preceding allegations, including those unrelated to defamation, creating an unnecessarily complex pleading that results in confusion.

Similarly, Count 5 for breach of contract references the entire corpus of preceding paragraphs, including the allegations pertaining to defamation, quantum meruit, and other inapplicable claims, demonstrating a disregard for the necessity of separating irrelevant and unrelated allegations from the allegations necessary to establish a valid contract claim.  This pattern is repeated throughout the Complaint, with all other counts incorporating all prior allegations, regardless of their relevance.

Ultimately, the Plaintiffs' use of this shotgun pleading strategy not only

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

violates procedural rules but also undermines the judicial process itself by making efficient resolution of the claims impracticable and denying the Defendants a reasonable opportunity to respond.

**Counts 1 and 2: Libel with Common Law Malice and Libel with Actual Malice and Counts 3 and 4: Slander with Common Law Malice and Slander with Actual Malice**

The Complaint's claims for libel and slander are identical and merely restate paragraphs 57 to 60 of the Complaint and state that the statements were "published false and defamatory statements. . ." that are "defamatory on their face because they acuse Plaintiffs of knowingly seeking business from parties despite possessing conflicts of interest," and that "they accuse Plaintiffs of being incompetent and providing subpar and low-quality services in their line of work."  Compl. ¶ 64 – 66.

To successfully bring a claim for libel or slander, the Complaint must establish the defamatory character of the statement, its publication by a defendant, its application to a plaintiff, the understanding by recipient of its defamatory meaning and that the statement is intended to be applied to the plaintiff, a special harm resulting to the plaintiff from its publication, and the abuse of a conditionally privileged occasion.  42 Pa.C.S. § 8343.

The allegations set forth in Counts 1 – 4 paradoxically state that the "defamatory statements were unprivileged and were made to third parties, including members of the Pennsylvania State Senate. . ." ". . . to persuade the Pennsylvania

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Senate against using Plaintiffs' forensic and intelligence services."  Compl. ¶ 67 -

69.  Together, those allegations are contradictory as they admit to the existence of a

qualified privilege because the alleged defamatory statements are claimed to be

directed to influence a legislative body against taking a government action in the

form of retaining the Plaintiff's forensic services for use in investigating election

machines.

The Complaint fails to meet the requisite pleading standard for libel and

slander for five reasons.

First, the Complaint has not set forth specific assertions that are alleged to be

defamatory.   The Complaint fails to identify with specificity the allegedly

defamatory statements made by the Defendants.  Instead, the Plaintiffs make vague

references to "statements" in paragraphs 57-60 of the Complaint.  The only specific

statement quoted in the Complaint is:

> Your office will receive a formal letter from my office
> today. Yaacov Apelbaum has a conflict of interest. He was
> hired by Fulton County. He is bound by privilege. His firm
> will be sued if he performs any analysis on Fulton County
> data for the Senate.

This statement is not defamatory on its face, as it merely states a legal position

regarding conflicts of interest and privilege.  The Complaint also alleges that the

Defendants made statements that the Plaintiffs were "incompetent," "secretly

working as malicious operatives of the federal government," and "entirely lacking

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

any ability in the fields of cybersecurity and forensic analysis." Compl. ¶ 60. However, the Plaintiffs fail to provide the specific words used, when they were said, to whom they were said, or the context in which they were said. This lack of specificity fails to satisfy the pleading requirements under Rule 8(a). Generic allegations suggesting that statements were made to third parties, such as legislative bodies, are insufficient. A specific defamatory statement, including its exact content, timeframe, and medium, is necessary for a viable claim. Without this, the Complaint's claims for libel and slander lack the required detail to be actionable. Mere criticisms, opinions, or statements falling within the realm of protected speech are not actionable.. The Plaintiffs have not adequately alleged how the purported statements reach this threshold or caused quantifiable harm, rendering the defamation claims speculative and conclusory.

Secondly, the Complaint broadly claims that the allegedly defamatory statements were "published" to third parties, yet fail to describe how, when, and to whom such statements were made. For example, any statements allegedly made before legislative bodies require specific context, including the circumstances surrounding their dissemination. Without those specific details, it is impossible to assess whether the statements are actionable or privileged.

Thirdly, the Complaint fails to articulate how the statements attributed to the Defendants are demonstrably false. The allegations are conclusory and devoid of

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

particularized facts to explain why the statements regarding alleged conflicts of interest or competence were fallacious.  Such vague assertions are insufficient to support a claim.  Furthermore, the Complaint offers no evidence or explanation as to why the referenced statements were false as opposed to being opinion or factually accurate.   A core element of defamation is that the statements must be objectively untrue, and this requirement remains unsatisfied here.

Fourthly, to the extent that the Complaint alleges that the Defendants knowingly made false statements or acted with actual malice, such allegations are not supported by specific factual assertions.  Compl. ¶ 57 – 62.  Malice cannot be inferred simply from the existence of criticism regarding the Plaintiffs' professional conduct.  The Plaintiffs must set forth facts indicating actual knowledge of falsity or reckless disregard for the truth, yet, the Complaint contains no such corroborative details.  Assertions of malice, without supporting factual grounds, fail to meet even the most basic pleading requirements.  The assertion of actual malice requires demonstration of knowledge that the statements were false or that they were made with reckless disregard for their truth or falsity.  The Complaint fails to include factual support for its claims of libel with actual malice (Count 1) and slander with actual malice (Count 4) claims, relying instead on conclusory assertions.  This lack of specificity is fatal to the count for libel with malice and slander with malice.

Finally, the Complaint makes conclusory allegations of damage to their

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

reputation and business relationships without providing specific facts about the nature and extent of these damages.  The Complaint states that the, "Plaintiffs' reputations and brand have been damaged in excess of seventy-five thousand dollars," but fails to provide any factual basis for this calculation or any specific business relationships that were harmed.  (ECF 1, PageID 11 – 18).  The claims for libel and slander require a heightened degree of particularity given the personal and reputational harm alleged.  The Plaintiffs' broad assertions and failure to provide concrete details about the alleged statements, their circumstances, and their impact render these claims implausible and deficient as pleaded.

In light of the above deficiencies, Counts 1 - 4 should be dismissed for failure to state a claim upon which relief can be granted.

**Tortious Interference Claim**

Under Pennsylvania law, to state a claim for tortious interference, a plaintiff must allege: (1) a prosepective contractual relation; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage resulting from the defendant's conduct.  *Thompson Coal Co. v. Pike Coal Co*., 488 Pa. 198, 208-09, 412 A.2d 466, 471 (1979).

The Complaint's allegations of tortious interference fail to state a claim for four reasons.

13

First, the Complaint allege that the Plaintiffs had "contractual and business relationships and expectancies with prospective customers," but fails to identify specific business relationships or provide facts showing that these relationships were likely to result in business.   Compl. ¶ 138.   The Complaint mentions the Pennsylvania Senate but does not provide specific facts about the nature of this relationship or the likelihood that it would have resulted in business for the Plaintiffs. Compl. ¶ 61.  The Complaint does not outline the precise nature of the relationships allegedly impacted, the scope or timeframe of those relationships, or how the alleged conduct of the Defendants influenced third parties to alter, terminate, or diminish any business engagements with the Plaintiffs.  Without such details, the claim remains speculative at best.

Secondly, the Complaint alleges that the Defendants' actions were "fraudulent, unlawful, unethical, unjustified, and per se wrongful," but fail to provide any specific facts supporting these conclusions.  Compl. ¶ 141  Moreover, the statement quoted in the Complaint regarding conflicts of interest and privilege appears to be a legitimate expression of a legal position rather than improper interference.  Compl. ¶ 59.

Thirdly, the Complaint alleges that "as a direct result of Lambert and PLLC's conduct, the Pennsylvania Senate terminated its relationship with Plaintiffs," but fail to provide specific facts showing that the Defendants' statements, rather than other

14

factors, caused this termination.  Compl. ¶ 62  The Complaint does not demonstrate a clear causal connection between the Defendants' actions and any tangible harm to the Plaintiffs.  The factual allegations do not specify how the Defendants' alleged conduct led to the disruption of any purported relationships or how that disruption resulted in identifiable damages to the Plaintiffs.  Compl. ¶ 57-62.  Without a clearly pled link between the Defendants' behavior and the Plaintiffs' alleged harm, the claim lacks the necessary components to proceed.

Fourthly, the Complaint fails to provide factual allegations that demonstrate how the Defendants' conduct was intentional or wrongful.  To prevail on a tortious interference claim, the plaintiff must show that the interference was carried out through improper means or with improper intent.  The Complaint does not articulate any specific actions taken by the Defendants that would constitute improper conduct and fails to present facts showing intentional malice or an illegitimate purpose behind the Defendants' alleged interference.    The Plaintiffs' reliance on unsubstantiated conclusions does not meet the standard for pleading

The Complaint fails to demonstrate how these statements, even if made, constitute actionable interference with business relationships rather than permissible expressions of opinion or legitimate concerns regarding public matters. Accordingly, the tortious interference claim is inextricably linked to the defamation claims, which fail as a matter of law, and does not independently set forth factual

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

allegations sufficient to support a plausible claim for relief.

In light of the foregoing, the Complaint's tortious interference claim is devoid of the factual specificity required to satisfy the elements of the cause of action.  The failure to identify specific relationships, intentional and improper conduct, and causation renders this claim legally deficient.  Accordingly, the tortious interference claim should be dismissed.

**Plaintiffs' Defamation Claims (Counts 1-4) and Tortious Interference Claim (Count 6) Relate to Protected Speach**

Counts 1-4 of the Complaint allege libel and slander, and Count 6 alleges tortious interference against the Defendants Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC.  Those claims fail to state a claim upon which relief can be granted as they relate to statements that are subject to protected public speech.

First, to the extent that the Plaintiffs' claims of torts (slander, libel, and tortious interference) relate to the the Defendants', Stefanie Lambert and The Law Office of Stefanie Lambert, activites which the Plaintiffs allege are aimed at influencing government action through government officials in legislative, executive, judicial, and/or administrative bodies,  and the Plaintiffs' claimed harm is either directly as a result of, or incidental to, such governmental action, the Defendants', Stefanie Lambert and The Law Office of Stefanie Lambert, are immunized from liability pursuant to the *Noerr-Pennington* Doctrine.

16

Michigan courts have applied the *Noerr-Pennington* doctrine outside the antitrust context. *Geomatrix, LLC v. NSF Int'l*, 82 F.4th 466, 487 (6th Cir. 2023). While the *Noerr-Pennington* Doctrine "has been applied mainly in antitrust matters," it "is a principle of constitutional law that bars litigation arising from injuries received as a consequence of First Amendment petitioning activity, regardless of the underlying cause of action asserted by the plaintiffs." *Azzar v. Primebank,* FSB, 198 Mich. App. 512, 499 N.W.2d 793, 796 (Mich. Ct. App. 1993) (per curiam) (emphasis added).

Furthermore, the Complaint's claims for libel, slander, and tortious interference, against the Defendants, Stefanie Lambert and The Law Office of Stefanie Lambert, relate to statements made by the Defendants in good faith, to state representatives acting in their official capacities, and made in regard to a matter of great public interest, the 2020 Presidential Election, at or during the time that the 2020 Presidential Election was contested. Compl. ¶ 57 – 62. Hence, notwithstanding the truth of those statements, they are protected by qualified privilege. *Everett v. UAW Local* 699, 594 F. Supp. 3d 861, 865 (E.D. Mich. 2022).

Moreover, the alleged defamatory statements by the Defendants, Stefanie Lambert and The Law Office of Stefanie Lambert, relate to a matter of public interest, the 2020 Presidential Election, were believed to be true, and made by the Defendants in good faith. Compl. ¶ 57 – 62. As such, any alleged defamatory

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

statements by the Defendants, are protected by the privilege of fair comment. *Orr v. Argus-Press Co.*, 586 F.2d 1108, 1113 (6th Cir. 1978). *See also Carr v. Commonwealth*, 659 Pa. 130, 138, 230 A.3d 1075, 1079 (2020).

In this case, the Plaintiffs are improperly attempting to use the judicial process to silence the Defendants' constitutionally protected speech about election integrity and public accountability. Such misuse of the legal system not only undermines the Defendants' rights under the First Amendment but also consumes judicial resources on unsubstantiated claims.

The speech at issue concerns fundamental questions that have sparked nationwide debate about election processes, including the accuracy of voting systems and the methods used to investigate allegations surrounding election irregularities. Compl. ¶ 57 – 62. Those issues undeniably qualify as matters of public interest. To subject the Defendants to liability for expressing opinions or reporting concerns about these topics undermines the robust marketplace of ideas that democratic governance depends upon.

Furthermore, speech like the Defendants', shared in the context of legislative and public discussion, falls squarely within the scope of qualified privilege protections because it is integral to the democratic process. Compl. ¶ 57 – 62. Rather than presenting actionable claims, the Plaintiffs have resorted to vague, conclusory allegations lacking specific facts. By targeting such protected expressions, the

18

Plaintiffs' claims serve as a quintessential example of a strategic lawsuit aimed at deterring advocacy and transparency.

Moreover, courts have consistently recognized the need to balance an individual's interest in maintaining reputation against the broader societal interest in uninhibited discussion on public issues.  When speech addresses issues of governance, even critical or negative expressions related to professional performance, so long as they are grounded in opinion, are afforded extensive protection.  The Complaint fails to meet the higher standards required to withstand scrutiny in such contexts, particularly as the claims rely on generalizations and ambiguous grievances rather than clearly delineated harms or statements.  Compl. ¶ 57 – 62.

This Court should reject such attempts to weaponize the judicial process against constitutionally protected speech.  Allowing this action to proceed would set a dangerous precedent, subjecting individuals and entities engaging in legitimate public discussions to baseless legal retaliation.  Consequently, this lawsuit cannot stand under the law or the fundamental principles of free expression.  Dismissal is not only warranted but necessary to uphold the integrity of protected discourse and discourage similar abusive litigation in the future.

The Complaint fails to establish that the alleged defamatory statements and the alleged tortious interference occured without privilege or were not otherwise

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

subject to legal protection.  Statements made during judicial proceedings, legislative proceedings, in the course of legal representation, to influence official government action, or in other qualified contexts may be protected under the law.  The Complaint does not address whether the context in which the alleged statements were made might invoke such privileges, nor have they rebutted the possibility that the statements could be considered fair comment or opinion.

Taken together, the failure to identify specific, actionable statements, the lack of supporting factual allegations regarding malice or harm, and the absence of information regarding context or privilege are fatal to the Plaintiffs' defamation claims.  Accordingly, Counts 1-4 and 6 must be dismissed.

**Breach of Contract Claim (Count 5) Should Be Dismissed**

The Complaint's breach of contract claim fails as a matter of law because the Complaint does not sufficiently allege the existence of an enforceable contract between the parties.  The Complaint alleges that the Defendants entered into an agreement with the Plaintiffs for forensic analysis services related to the Fulton County Project, but fails to allege with specificity the essential terms of the purported agreement.

Additionally, the Complaint's allegations in Paragraph 171 of the Complaint acknowledge that "the existence of a contract between the Plaintiffs and Defendants is disputed in part or in whole."  That admission directly contradicts their breach of

20

contract claim and demonstrates that the Plaintiffs cannot establish the existence of an enforceable contract.

In light of the foregoing, the broad and conclusory manner in which the breach of contract claim is presented does not satisfy the basic requirements for stating a viable cause of action.  As such, the breach of contract claim should be dismissed.

**Promissory Estoppel Claim (Count 8) Should Be Dismissed**

The Complaint's promissory estoppel claim in Count 8 should be dismissed because it fails to allege sufficient facts to establish the elements of promissory estoppel.  The Complaint merely recites the elements of promissory estoppel without providing factual support.

Specifically, the Complaint fails to allege with particularity what "enforceable promise" was made by the Defendants, when it was made, or the specific circumstances surrounding the promise.  The vague allegation that the, "Defendants would ensure that Plaintiffs were fully compensated if they performed the work as requested" is insufficient to establish a clear and definite promise.  Compl. ¶ 146.

Moreover, promissory estoppel is an equitable doctrine that cannot be invoked where an express contract covers the same subject matter.  The Complaint alleges the existence of an express contract in Count 5, which covers the same subject matter as the promissory estoppel claims.  The Complaint cannot simultaneously maintain claims for breach of contract and promissory estoppel based on the same alleged

promises and conduct.

In light of the foregoing, the Complaint's promissory estoppel claim should be dismissed.

**Quantum Meruit/Unjust Enrichment Claim (Count 10) Should Be Dismissed**

The Complaint's quantum meruit/unjust enrichment claim in Count 10 should be dismissed because it is incompatible with the Plaintiffs' breach of contract claim. Like promissory estoppel, quantum meruit and unjust enrichment are equitable remedies that are only available in the absence of an express contract covering the same subject matter. The Complaint explicitly alleges the existence of an express contract in Count 5, which covers the same services and compensation that form the basis of the quantum meruit/unjust enrichment claims. The Plaintiffs cannot maintain both contract and quasi-contract claims based on the same alleged conduct and services.

Furthermore, the Complaint fails to allege sufficient facts to establish that Defendants Lambert and The Law Office of Stefanie L. Lambert, PLLC were unjustly enriched. The Complaint does not specify how the Defendants received and retained a benefit at the Plaintiffs' expense, particularly given that the Plaintiffs allege they were hired to perform services for Fulton County, Pennsylvania, not for Defendants' direct benefit.

In light of the Complaint's failure to identify any specific benefit that was

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

conferred upon the Defendants, or any specific details required to plausibly suggest that the Defendants were unjustly enriched at the Plaintiff's expense, Count 10 for Quantum Meroit/Unjust Enrichment should be dismissed.

## <u>Conclusion</u>

The Plaintiffs' allegations are overly generalized, lack critical details, and fail to meet the pleading standards necessary to move forward with their claims. The Complaint does not provide enough factual content to allow the Court to draw a reasonable inference that the Defendants are liable for the alleged misconduct, warranting dismissal of the claims in their entirety.

WHEREFORE, the Defendants, Stefanie Lambert and The  Law Office Of Stefanie L. Lambert, PLLC, request that this Court grant this Motion to Dismiss, and grant such other and further relief as this Honorable Court may deem just and proper.


## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to L.R. 7.1.(a) I hereby certify that on November 20, 2025, the undersigned counsel conferred with counsel for the Plaintiffs, regarding the issues presented, and the relief sought in this Motion. Counsel for the Plaintiffs, Jonathan Burns, stated that the Plaintiffs' oppose the relief sought in this Motion.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 20, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L.  Perry II*
David L.  Perry II , Esquire
Florida Bar No.  1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Serv608@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendants*

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAACOV APELBAUM,
and XRVISION, LTD.,

            Plaintiff,

v.

STEFANIE LAMBERT and THE
LAW OFFICE OF STEFANIE
L.  LAMBERT, PLLC,
,

            Defendants.

Case No. 2:23-cv-11718-RJW-APP

Honorable Robert J. White

---

**BRIEF FORMAT CERTIFICATION FORM**

---

I, David L. Perry II, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (<u>not</u> "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

*/s/ David L. Perry II*
David L. Perry II, Esquire
*Attorney for Defendants*
*Stefanie Lambert and The Law*
*Office of Stefanie L. Lambert, PLLC*