UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

YAACOV APELBAUM, a New York resident, and XRVISION, LTD., a New York corporation,

        Plaintiffs,

v.

STEPHANIE LAMBERT, a Michigan resident, and THE LAW OFFICE OF STEPHANIE L LAMBERT, PLLC, A Michigan professional limited liability company, and BILL BACHENBERG, a Pennsylvania resident,

        Defendants.

Case No. 2:23-cv-11718

Hon. Robert J. White

---

**BURNS LAW FIRM**
John C. Burns
Attorneys for Plaintiffs
PO Box 191250
St. Louis, Missouri 63119
(314) 329-5040
TBLF@pm.me


**STUART LAW PLC**
Todd A. Stuart (P70187)
Attorneys for Plaintiff
2851 Charlevoix Dr SE, STE 207
Grand Rapids, MI 49546
Mailing: 5557 28th Street SE
STE B 328, Grand Rapids, MI 49512
(616) 209-9270
tstuart@stuartlawplc.com

**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire
David L. Perry II , Esquire
Fla Bar No. 1045902
THE TICKTIN LAW GROUP
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Serv608@LegalBrains.com
Telephone: (561) 232-2222
*Attorneys for Defendants Bill Bachenberg, Stefanie Lambert, and The Law Office of Stefanie L. Lambert, PLLC*

---

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO RECUSE**

1

The Lambert Defendants' motion to recuse (ECF 84 or "Motion") should be denied because they have affirmatively stated that the Court has no personal bias or prejudice against them (28 USC § 144), and because they have failed to credibly allege, beyond mere speculation, that the Court took any part in "Arctic Frost" or otherwise received extrajudicial information about the defendants (28 USC § 455).  Failing on both counts, no reasonable person could possibly find the Court lacks impartiality.  Defendants' motion is a waste of the Court's time, and Plaintiffs' resources.  It is part of a transparent effort by Defendants to improperly impede and delay these proceedings.  Plaintiffs hope the Court will compel Defendants to prove their absurd and attenuated allegations.  If the Court denies Defendants' motion, it should consider sanctioning Defendants, including awarding Plaintiffs their reasonable fees and costs in responding to the motion.

Defendants abandoned their section 144 claims when they affirmatively stated their faith in the Court's integrity.  (ECF 84 at n.1, p. 2; *see also* p. 13 ("The recent revelation of the … investigation … creates a situation where, through no fault of any party or the Court, a potential conflict of interest has emerged that was previously unknown");[1] *see In re Rodgers*, 537 F.2d 1196,

---

[1] Notably, Defendants made many factual allegations (as well as legal conclusions) without any support whatsoever and, where there was support, some of it was mischaracterized:
- "The U.S. Department of Justice is recognized as equivalent to a law firm for the United States of America." Motion, p. 2.  Unsupported. This is also misleading because the case law distinguishes government service from private practice for numerous reasons;
- "It has just recently been revealed by the unsealing of documents concerning an investigation "Arctic Frost" that Special Prosecutor Jack Smith was investigating an enormous number of people **holding political views or associations contrary** to the then-President Joseph Biden and then-Attorney General Merrick Garland." *Id*., at p. 2 (Emphasis added).  Unsupported.
- "Subpoeanas [sic] in the Eastern District of Michigan and other investigative steps would likely have been handled by the U.S. Attorney's Office for the Eastern District of Michigan, particularly given the extraordinary number of persons being targeted." *Id*., at p. 3.  Unsupported.  Main Justice is quite capable of issuing its own subpoenas certainly does not, as a rule, rely upon local offices to issue subpoenas or even seek the assistance of local AUSA's in its investigations, though it can.
- "'Arctic Frost' and its associated investigations 'Crossfire Hurricane' were [a] high priority and massive undertaking calling upon large numbers of DOJ and FBI personnel." *Id*., at p. 3.  Unsupported – this is based on rank speculation, and also totally irrelevant.
- "Such an effort within DOJ amplified by tremendous publicity in general, particularly a notable drag net of targets with little or no basis for being investigated is the type of matter unlikely to be pursued without many in the USAO's office becoming aware of it." *Id*., at p. 3. Unsupported.

2

1197 (4th Cir. 1976) ("The petitioners affirmatively state that Judge Murray has no personal bias or prejudice against them or in favor of the government. Therefore, they do not seek to disqualify him under 28 U.S.C. s 144").  The Defendants having abandoned their section 144 bias argument, the Court may directly consider the evidence and merits (or lack thereof) on its own.

Defendants' remaining purported ground for recusal is that a lack of impartiality is imputed based on the Court's previous employment by the US Department of Justice.  To begin with, the Court's employment by the Department of Justice contemporaneously with a criminal investigation that may or may not have included Defendants as *actual targets*, is speculative.  But, even if it were not, it would also be totally irrelevant.  Defendants have not alleged that the Court received extrajudicial information about them or that the Court participated in prosecuting them in

- "Even worse, these facts have been kept secret for many years, add to the public impression that there are likely to be more revelations waiting in the wings." *Id*., at p. 3. Unsupported, speculation.
- "The Defendants understand that Homeland Security Case Investigations includes critical infrastructure, i.e., election equipment." *Id*., at p. 4. Unsupported, but also irrelevant.
- "The Michigan Secretary of State along with Michigan Attorney General requested that the Eastern District of Michigan prosecute Matt Depierno [sic] and Stefanie Lambert. While the Eastern District of Michigan DOJ declined to prosecute Mr. Depierno [sic] or Mrs. Lambert, the MIED DOJ nonetheless was exposed to this information." *Id*., at p. 4. Completely unsupported.
- "However, recently revealed information shows that Defendants Stefanie Lambert and Bill Bachenberg within the Eastern District were subjects of an investigation designated by the code name "Arctic Frost" conducted by Special Counsel Jack Smith and his staff. This investigation included accessing telephone records of the Defendants as well as numerous other individuals." *Id*., at p. 5. Unsupported.
- "The U.S. Attorney's Office Division of the DOJ would have provided support within the Eastern District to various investigations including Jack Smith's Special Counsel activities, which included a specific focus on technical and computer aspects of the Special Counsel's investigation concerning phone records and other data." *Id*., at p. 5. Unsupported.
- "This information was previously unknown to the Defendants and likely unknown to the Plaintiffs, possibly even to Judge White who was then working in the USAO. The Arctic Frost investigation was opened in April 2022 by the FBI and was later assigned to Special Counsel Jack Smith in November 2022. The investigation included Bill Bachenberg and Stefanie Lambert in her role as Bill Bachenberg's attorney." *Id*., at p. 5. Unsupported.
- "The Department of Justice issued a subpoena related to matters in which Stefanie Lambert served as counsel opposing Jocelyn Benson. This would likely have been issued from the USAO in the Eastern District of Michigan where Judge White worked." *Id*., at p. 6. Unsupported.
- "Mrs. Benson requested meetings at the Department of Justice in the Eastern District and attempted to have Mrs. Lambert charged with federal crimes. Benson's staff confirms that the meetings involved Lambert and Bachenberg and accusations that prosecution should be initiated by the USAO in which Judge White was then a prosecutor as AUSA." *Id*., at p. 6. This passage to footnote five - this footnote does not reference any attempt to have Lambert charged with federal crimes.

3

the **same** case – in fact, there's no allegation Defendants were ever charged with a federal crime. *Cf.*, *Johnson v. Mitchell*, 585 F.3d 923, 945-46 (6th Cir. 2009)(finding no need for recusal where judge did not play any part in defendant's prosecution or the adjudication of his state trials, appeals, or petitions for post-conviction relief; also holding that a judge need not recuse himself on the basis of prior contact with a party or a witness, as long as the judge does not have a familial, financial, or similarly close relationship with the party or witness and as long as the judge has not received out-of-court information about the case at hand); *see also U.S. v. Ruff*, 472 F.3d 1044, 1046–1047 (8th Cir. 2007), cert. denied, 127 S. Ct. 2069, 167 L. Ed. 2d 793 (U.S. 2007) (Section 455(a) did not require district judge to recuse from sentencing defendant who had pled guilty to drug charges, notwithstanding that judge's law clerk was former special assistant United States Attorney who initiated prosecution against defendant. An average observer, aware of all the facts, could not reasonably question the judge's impartiality); *United States v. Simon*, 937 F.3d 820, 827-28 (7th Cir. 2019), cert. denied, 140 S. Ct. 824, 205 L. Ed. 2d 495 (2020) (28 U.S.C.A. § 455(a) did not require recusal of district judge who had earlier, as an Assistant United States Attorney (AUSA), had supervised another AUSA's prosecution of the defendant on an unrelated crime. The unrelated crime was relevant to the present proceeding, however, because it enhanced the sentence in the present case. The court of appeals held that a reasonable person apprised of the relevant facts would not harbor doubts about the judge's impartiality. "True, the prior conviction enhanced the sentence for the present conviction … But this is mere happenstance").

## **CONCLUSION**

Defendants have nothing to support their position other than rank speculation, buttressed by whispers and rumors. Their motion should be denied, and they should be sanctioned for filing a frivolous motion and wasting everyone's time and resources.

Dated: November 24, 2025

                                                  Respectfully Submitted

                                                  /s/ John C. Burns  
                                                  John C. Burns  
                                                  BURNS LAW FIRM  
                                                  PO Box 191250  
                                                  St. Louis, Missouri 63119  
                                                  (314) 329-5040  
                                                  TBLF@pm.me

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 24, 2025, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.

                                                                       */s/ John C. Burns*