IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO. 2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

    Plaintiff,

v.

STEFANIE LAMBERT, and THE
LAW OFFICE OF STEFANIE L.
LAMBERT, PLLC,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR STAY AND EXTENSION OF TIME TO CONFER REGARDING RULE 26(f)

The Defendants, Stefanie Lambert and The Law Office Of Stefanie L. Lambert, PLLC, by and through their undersigned counsel, respectfully move this Court to stay all proceedings in this matter pending resolution of their Motion to Recuse and an extension of time for the parties to confer and file their Joint Scheduling Report until after the Court rules on the recusal motion, and in support thereof state:

### Factual Background

This case involves the Plaintiffs Yaacov Apelbaum and XRVision, Ltd.

against the Defendants Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC, currently pending before the United States District Court for the Eastern District of Michigan. The matter was initially assigned to Judge Stephen J. Murphy, III but was reassigned to Judge Robert J. White pursuant to an administrative order aimed at balancing case workloads.

On November 17, 2025, the Defendants filed a Motion to Recuse Judge White, asserting that his prior employment at the Department of Justice in the Eastern District of Michigan from 2018 to 2024 creates an appearance of impropriety and potential conflict of interest. This motion is grounded in recently revealed information revealing that Defendants were subjects of a federal investigation code-named "Arctic Frost," conducted by Special Prosecutor Jack Smith during the period of Judge White's DOJ service.

The Defendants contend that even if Judge White had no direct involvement in the investigation, the objective appearance of potential bias or conflict requires his disqualification under federal law, including 28 U.S.C. §§ 455 and 144. The motion to recuse remains pending before the Court.

The case is in its early stages, with no discovery completed and no trial date set. The parties have not yet filed a Joint Scheduling Report, which is ordinarily required to be submitted following the initial conference between counsel. Given the pending recusal motion and the uncertainty regarding the presiding judge,

2

Defendants seek a stay of all proceedings and an extension of time for the parties to confer and file the Joint Scheduling Report until the Court resolves the recusal motion.

<u>**Argument**</u>

**The Court Should Grant a Stay of Proceedings Pending Resolution of the Motion to Recuse**

Federal district courts possess inherent authority to stay proceedings as an incident to their power to control their own dockets. The Supreme Court has recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 57 S. Ct. 163 (1936). This power requires the court to "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 57 S. Ct. 163 (1936).

The decision to grant a stay "ordinarily rests with the sound discretion of the district court." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014). The Sixth Circuit has consistently affirmed that district courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 117 S. Ct. 1636 (1997).

Courts in the Eastern District of Michigan consider three primary factors when

3

deciding whether to grant a stay: "(1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial date has been set." *Parker v. Lee*, No. 23-11684, 2025 U.S. Dist. LEXIS 194481 (E.D. Mich. Oct. 1, 2025).

Additionally, when evaluating a request for a temporary stay, courts examine: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Francois v. Wilkinson*, 141 S. Ct. 652 (2021).

**A Stay Will Conserve Judicial Resources and Promote Efficiency**

Granting a stay pending resolution of the Motion to Recuse would promote judicial economy by preventing potentially duplicative proceedings. If Judge White is ultimately recused after having made substantive rulings in this case, those rulings may need to be reconsidered by the newly assigned judge, resulting in wasted judicial resources and inefficiency. Moreover, a transfer of this case to another judge in the iterim period may cause further delays as a scheduling order may be required to be revisited.

The recusal motion raises substantial questions regarding Judge White's

4

impartiality based on his prior employment at the Department of Justice during a time when Defendants were subjects of an investigation that would likely have involved support from the U.S. Attorney's Office where Judge White worked. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455.  Section 455(b)(3) specifically "mandates recusal where the judge has served in governmental employment and in such capacity expressed an opinion concerning the merits of the particular case in controversy." Cheney v. United States Dist. Court, 541 U.S. 913, 124 S. Ct. 1391 (2004).

Given the serious nature of these concerns, judicial economy strongly favors resolving the recusal motion before proceeding with substantive matters in this case. Courts have recognized that stays are appropriate tools "to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *FTC v. E.M.A. Nationwide, Inc*., 767 F.3d 611 (6th Cir. 2014).

**The Requested Stay Would Cause Minimal Prejudice to Plaintiffs**

Any prejudice to the Plaintiffs would be minimal, as the requested stay would be temporary and limited to the time necessary to resolve the recusal motion.  The case is in its early stages, with no discovery completed and no trial date set.  The parties have not yet filed a Joint Scheduling Report. Given these circumstances, a brief pause in proceedings would not cause substantial harm to the Plaintiffs.

The Supreme Court has noted that the "suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Ohio Envtl. Council v. United States Dist. Court, S. Dist., etc.*, 565 F.2d 393 (6th Cir. 1977).  Here, the balance of hardships clearly favors a temporary stay. Proceeding with the case while the recusal motion is pending could create hardship for Defendants by forcing them to litigate before a judge whose impartiality they have reasonably questioned, while causing minimal prejudice to the Plaintiffs given the early stage of the proceedings.

**The Public Interest Favors Granting a Stay**

The public interest strongly favors granting a stay pending resolution of the recusal motion.  Congress enacted the judicial recusal statutes "to promote public confidence in the impartiality of the courts by eliminating even the appearance of impropriety."  Proceeding with this case while a substantial question regarding the judge's impartiality remains unresolved could undermine public confidence in the judicial system.

The 1974 amendments to the recusal statute were specifically designed to "broaden the grounds and loosen the procedure for disqualification in the federal courts."  These amendments eliminated the "duty to sit" doctrine, meaning that "the benefit of the doubt is now to be resolved in favor of recusal."  This legislative

history underscores the importance of addressing recusal motions before proceeding with substantive matters.

**Good Cause Exists to Extend the Deadline for Filing the Joint Scheduling Report**

Federal Rule of Civil Procedure 6(b)(1) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." F.R.Civ.P. 6.  This rule gives the court broad discretion to extend deadlines upon a showing of good cause when the request is made before the original deadline expires.

Courts distinguish between the "good cause" standard applicable to requests made before a deadline expires and the stricter "excusable neglect" standard applicable to requests made after a deadline expires. *Brokaw v. Comm'r of Soc. Sec.*, No. 2:15-cv-13914, 2017 U.S. Dist. LEXIS 39983 (E.D. Mich. Mar. 21, 2017).  The "good cause" standard is more flexible and requires the court to consider factors such as the reason for the delay, whether the moving party has been diligent, and whether the extension would prejudice the non-moving party. *Boyd v. City of Warren*, No. 16-12741, 2019 U.S. Dist. LEXIS 54851 (E.D. Mich. Mar. 29, 2019).

**The Pending Motion to Recuse Constitutes Good Cause for an Extension**

The pending Motion to Recuse Judge White provides good cause for

7

extending the deadline to file the Joint Scheduling Report. The uncertainty about which judge will ultimately preside over this case makes it difficult for the parties to develop a meaningful scheduling plan. F.R.Civ.P. 16 requires the court to issue a scheduling order that includes deadlines for various pretrial activities. This scheduling order must be issued "as soon as practicable" after any defendant has appeared. F.R.Civ.P. 16. The Joint Scheduling Report serves as the foundation for this order, making it important that it accurately reflects realistic timeframes and expectations.

Different judges may have different preferences and requirements for case management. Without knowing which judge will be presiding over the case, the parties cannot effectively tailor their proposed schedule to accommodate judicial preferences and availability. This uncertainty constitutes good cause for extending the deadline to file the Joint Scheduling Report.

**An Extension Would Promote Judicial Economy and Efficient Administration of Justice**

Requiring the parties to confer and develop a case management plan while the recusal motion is pending would be inefficient and potentially wasteful. If Judge White is recused, the newly assigned judge may have different scheduling preferences or requirements, necessitating a revised plan. This would result in duplicative efforts and wasted time for both the parties and the Court.

8

Courts have recognized that extensions are appropriate tools "to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *FTC v. E.M.A. Nationwide, Inc*., 767 F.3d 611 (6th Cir. 2014).  In this case, extending the deadline for filing the Joint Scheduling Report would promote judicial economy by preventing the need for multiple scheduling conferences or amendments to the scheduling order.

**The Requested Extension Would Cause Minimal Prejudice to Plaintiffs**

The requested extension would cause minimal prejudice to the Plaintiffs.  The extension would be limited to the time necessary for the Court to resolve the recusal motion, not an indefinite delay.  The case is still in its early stages, with no discovery completed and no trial date set.  A brief delay in filing the Joint Scheduling Report would not significantly impact the overall progress of the case.

Courts must consider whether "there is even a fair possibility that the stay for which [a party] prays will work damage to someone else." *Ohio Envtl. Council v. United States Dist. Court, S. Dist., etc*., 565 F.2d 393 (6th Cir. 1977).  In this case, there is little risk of damage to the Plaintiffs from a temporary extension.  The delay would be proportionate to the importance of resolving the recusal issue before proceeding with case management planning.

## Conclusion

For the foregoing reasons, the Defendants Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC respectfully request that this Court grant a stay of all proceedings in this case pending resolution of the Motion to Recuse Judge Robert J. White; extend the deadline for the parties to confer and file a Joint Scheduling Report until after the Court resolves the Motion to Recuse; and grant such other and further relief as this Honorable Court may deem just and proper.

## Certificate of Conferral

I hereby certify that pursuant to L.R. 7.01 the undersigned counsel conferred with Counsel for the Plaintiff as to the issues raised in the instant motion, and the Counsel for the Plaintiff opposes the relief sought herein.

*/s/ David L. Perry II*
David L. Perry II

*/s/ Stefanie Lambert*
Stefanie Lambert Junttila

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.


*/s/ David L.  Perry II*
David L.  Perry II , Esquire
Florida Bar No.  1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Serv608@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendants*


*/s/ Stefanie Lambert*
Stefanie Lambert Junttila, Esquire
Law Office of Stefaniue L. Lambert, PLLC
400 Renaissance Drive, 26th Floor
Detroit, Michigan 48243

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YAACOV APELBAUM, and XRVISION, LTD., <br><br> Plaintiff, <br><br> v. <br><br> STEFANIE LAMBERT and THE LAW OFFICE OF STEFANIE L. LAMBERT, PLLC, , <br><br> Defendants. | Case No. 2:23-cv-11718-RJW-APP <br><br> Honorable Robert J. White |

**BRIEF FORMAT CERTIFICATION FORM**

I, David L. Perry II, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

- ☒ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

- ☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.


<u>*/s/ David L. Perry II*</u>
David L. Perry II, Esquire
*Attorney for Defendants*
*Stefanie Lambert and The Law*
*Office of Stefanie L. Lambert, PLLC*