# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

YAACOV APELBAUM, a New York resident,
and XRVISION, LTD., a New York
corporation,

        Plaintiffs,

v.

STEPHANIE LAMBERT, a Michigan resident,
and THE LAW OFFICE OF STEPHANIE L
LAMBERT, PLLC, A Michigan professional
limited liability company, and BILL
BACHENBERG, a Pennsylvania resident,

        Defendants.

Case No. 2:23-cv-11718

Hon. Robert J. White

---

**BURNS LAW FIRM**
John C. Burns
Attorneys for Plaintiffs
PO Box 191250
St. Louis, Missouri 63119
(314) 329-5040
TBLF@pm.me

**STUART LAW PLC**
Todd A. Stuart (P70187)
Attorneys for Plaintiff
2851 Charlevoix Dr SE, STE 207
Grand Rapids, MI 49546
Mailing: 5557 28th Street SE
STE B 328, Grand Rapids, MI 49512
(616) 209-9270
tstuart@stuartlawplc.com

**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire
David L. Perry II, Esquire
Fla Bar No. 1045902
THE TICKTIN LAW GROUP
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Serv608@LegalBrains.com
Telephone: (561) 232-2222
*Attorneys for Defendants Bill Bachenberg, Stefanie Lambert, and The Law Office of Stefanie L. Lambert, PLLC*

---

## PLAINTIFFS' RESPONSE IN OPPOSITION
## TO DEFENDANTS' MOTION TO STAY

1

The Lambert Defendants' ("Lambert") Motion to Stay (ECF 87 or "Motion") should be denied because she cannot meet the necessary elements: (1) her motion for recusal (ECF 85) is doomed because it's speculative, without any **evidence** or basis in fact, frivolous, and should be denied;[1] (2) she cannot demonstrate she would win on appeal (because she lacks evidence and her arguments are attenuated to the point of absurdity); (3) she cannot show the prospect of irreparable harm (for the foregoing reasons but also because the ultimate argument itself is contrived); and (4) and she cannot show any harm to the public interest (because there is none).  *See In re Haas*, 292 B.R. 167, 180-181 (Bankr. S.D. Ohio 2003).  Lambert's request is also untimely: she requested this stay apparently as an afterthought to her motion to recuse, once Plaintiffs pressed for a Rule 26(f) conference.  *See Deuer Mfg., Inc. v. Kent Prods., Inc.*, 760 F. Supp. 609, 612 (E.D. Mich. 1989).

From the beginning of this suit, Lambert has sought to obstruct and delay these proceedings.  She deliberately evaded service of process for nearly two and a half years, while having **full knowledge** of the suit, bragging to the press that she would win, and refusing to permit multiple lawyers from providing her contact information to further avoid service – most recently in May of this year, only finally deigning to enter the suit when it suited her.  *See, for e.g.,* ECF 50 and exhibits thereto; *see also* ECF 8, at p. 3.  At the last status conference, the Court ordered the parties to meet and confer per Rule 26, and to propose deadlines to the Court.  Plaintiffs reached out to Lambert on November 21st with a proposed Rule 26 report; her counsel requested a delay to November 24th to discuss, and this was ultimately pushed back to November 26th.  Upon finally conferring on the 26th, counsel represented that his client had informed him she thought a stay

---

[1] Plaintiffs renew their request for sanctions first made in ECF 86.  Lambert's present motion to stay is an extension of her motion to recuse and is similarly worthy of sanction because it seeks a prejudicial delay without any good faith basis – because the motion to recuse itself is entirely frivolous.

2

pending the outcome of the motion to recuse was appropriate. Minutes after hanging up, this motion was filed (ECF 87). The pattern is clear: Lambert will delay or string along the plaintiffs and anyone else until she can better situate herself to seek further delays or obstruction. Delay is her strategy in this case; it is her strategy in her concurrent criminal suits as well. Lambert has not and is not operating in good faith.

In the alternative, should the Court deem a stay in order, Plaintiffs request that any stay not apply to *discovery*, and also that the stay be postponed until *after* the court holds its Rule 16 conference and sets a new scheduling order. This suit has been gathering dust – largely because of the actions and inactions of Lambert and her lawyers. As time marches on, the prospect of losing evidence becomes more acute: some witnesses may die, move to places unknown, or simply forget information; records are destroyed on destruction schedules, etc. Delaying discovery further creates a very real and legitimate risk that Plaintiffs will be prejudiced.

On the reverse of the medallion, Lambert will face discovery irrespective of how the Court rules on the motion to recuse, so any argument of prejudice is mere throat clearing. *Lambert herself* demanded the Court grant her motion to vacate default: discovery was, of course, the consequence of that requested relief. Lambert now asks to have her cake and eat it, too.

## CONCLUSION

For foregoing reasons, Plaintiffs ask the Court to deny Lambert's Motion to Recuse and Motion to Stay, and for such other and further relief as the Court deems just and proper. Should the Court entertain a stay, Plaintiffs request a scheduling order and that discovery proceed.

Dated: November 30, 2025

pending the outcome of the motion to recuse was appropriate. Minutes after hanging up, this motion was filed (ECF 87). The pattern is clear: Lambert will delay or string along the plaintiffs and anyone else until she can better situate herself to seek further delays or obstruction. Delay is her strategy in this case; it is her strategy in her concurrent criminal suits as well. Lambert has not and is not operating in good faith.

In the alternative, should the Court deem a stay in order, Plaintiffs request that any stay not apply to *discovery*, and also that the stay be postponed until *after* the court holds its Rule 16 conference and sets a new scheduling order. This suit has been gathering dust – largely because of the actions and inactions of Lambert and her lawyers. As time marches on, the prospect of losing evidence becomes more acute: some witnesses may die, move to places unknown, or simply forget information; records are destroyed on destruction schedules, etc. Delaying discovery further creates a very real and legitimate risk that Plaintiffs will be prejudiced.

On the reverse of the medallion, Lambert will face discovery irrespective of how the Court rules on the motion to recuse, so any argument of prejudice is mere throat clearing. *Lambert herself* demanded the Court grant her motion to vacate default: discovery was, of course, the consequence of that requested relief. Lambert now asks to have her cake and eat it, too.

## CONCLUSION

For foregoing reasons, Plaintiffs ask the Court to deny Lambert's Motion to Recuse and Motion to Stay, and for such other and further relief as the Court deems just and proper. Should the Court entertain a stay, Plaintiffs request a scheduling order and that discovery proceed.

Dated: November 30, 2025

          Respectfully Submitted

          /s/ John C. Burns
          John C. Burns
          BURNS LAW FIRM
          PO Box 191250
          St. Louis, Missouri 63119
          (314) 329-5040
          TBLF@pm.me

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 30, 2025, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.

          /s/ John C. Burns