UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAACOV APELBAUM, et al.,

    Plaintiffs,

v.

STEFANIE LYNN LAMBERT, et al.,

    Defendants.

Case No. 23-cv-11718

Honorable Robert J. White

**ORDER DENYING MOTIONS TO RECUSE AND STAY**

Yaacov Apelbaum and his cyber security firm, XRVision, Ltd. (Plaintiffs), commenced this diversity breach of contract and libel action against Stephanie Lynn Lambert, her law office,[1] and Bill Bachenberg. Before the Court are Lambert Defendants' motions to (1) recuse/disqualify the Court from presiding over this case (ECF No. 84) and (2) stay all proceedings and extend the deadline to file a joint scheduling report pending resolution of the recusal motion (ECF No. 87). Plaintiffs responded to both motions, and the Court will decide them without oral argument pursuant to Local Rule 7.1(f)(2). For the reasons explained below, the Court denies Lambert Defendants' motions.

---

[1] Lambert and her firm are collectively referred to as Lambert Defendants.

I.      **Legal Standard**

"Judges are bound by the recusal standard established by Congress and set forth in 28 U.S.C. § 455(a)." *Ragozzine v. Youngstown State Univ.*, 783 F.3d 1077, 1079 (6th Cir. 2015).  Under this standard, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  "The statute requires a judge to recuse if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Ragozzine*, 783 F.3d at 1079 (cleaned up).  As relevant here, a judge "shall also disqualify himself" "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.]" 28 U.S.C. § 455(b)(3).

II.     **Analysis**

Lambert Defendants assert that recusal is warranted because the Court previously worked as an Assistant United States Attorney (AUSA) in the Eastern District of Michigan during the same period when Special Counsel Jack Smith was investigating Defendants Lambert and Bachenberg, among others, "for their political beliefs."[2] (ECF No. 84, PageID.802-06).  First, they argue that a reasonable person

---

[2] Former Attorney General Merrick Garland appointed Smith to serve as Special Counsel for the United States Department of Justice on November 18, 2022, and

would question the Court's impartiality under § 455(a)—even if it lacked knowledge of Smith's investigation of Lambert and Bachenberg—because of (1) the Court's "prior work on technical aspects of criminal investigations" for the Department of Justice (DOJ) and (2) "the subject matter overlap between [the Court's] former division [at the DOJ] and the issues in this litigation." (ECF No. 84, PageID.810-11).  They also argue that the Court's prior employment at the DOJ presents an imputed conflict under § 455(b)(3):

> Even without direct evidence that Judge White personally participated in the Arctic Frost investigation, his employment in a related division during the relevant time period creates sufficient grounds for imputed disqualification.
>
> The principle of imputed disqualification recognizes that conflicts of interest can extend beyond direct personal involvement to situations where a judge's prior organizational affiliation creates an appearance of conflict.  This situation presents a stronger case for disqualification than merely being a member of a law firm with a

---

Smith was specifically authorized, as relevant here, to investigate "'efforts to interfere with the lawful transfer of power following the 2020 presidential election.'" *United States v. Trump*, 740 F. Supp. 3d 1245, 1255 (S.D. Fl. Jul. 15, 2024) (quoting Appointment Order 5559-2022).  The scope and purpose of this investigation, termed "Arctic Frost," has recently been a subject of concern to Republican lawmakers. *See* Ashley Oliver, *Republicans claim Biden administration 'enemies list' unearthed from Arctic Frost investigation*, FOX NEWS, Oct. 29, 2025 <https://www.foxnews.com/politics/republicans-claim-biden-administration-enemies-list-unearthed-from-arctic-frost-investigation> (accessed Dec. 5, 2025) (Sen. Chuck Grassley alleging that Arctic Frost was "a fishing expedition" "used to seek testimony and documents related to hundreds of Republicans and GOP entities"); Chris Strohm, *House Republicans subpoena special counsel who probed Trump*, BLOOMBERG, Dec. 4, 2025 <https://www.msn.com/en-us/politics/general/house-republicans-subpoena-special-counsel-who-probed-trump/ar-AA1REbtU?ocid=BingNewsSerp> (accessed Dec. 5, 2025).

> conflict of interest, as it appears Judge White may have had direct involvement with the type of investigations that targeted Bill Bachenberg with Mrs. Lambert. . . .

(ECF No. 84, PageID.811-12).[3]

Lambert Defendants clarify that they do not assert the Court "was in any way directly involved in Jack Smith's Arctic Frost Investigation." (ECF No. 84, PageID.802 n. 1).  They essentially argue that it is possible the Court was exposed to or tangentially involved in Smith's investigation of Lambert and Bachenberg—or otherwise exposed to information related to the potential prosecution of Lambert—because the Eastern District's U.S. Attorney's Office "likely" assisted with issuing subpoenas and other investigatory steps in Smith's probe when the Court worked there.  Lambert Defendants elaborate that it is likely "many" at the DOJ were aware of Smith's investigation because of its extensive scope and the publicity involved.  They also assert that the Court "was honored for his work in Homeland Security Investigations in 2023," and that "Homeland Security Investigations includes [sic]

---

[3] To the extent Lambert Defendants cite 28 U.S.C. § 144 (reassignment for judge's bias or prejudice) in addition to § 455, they fail to make any substantive argument for recusal or disqualification under § 144.  Indeed, they present no facts even suggesting that the Court is biased or prejudiced in any parties' favor.  They also have not filed an affidavit "stating the facts and the reasons for the belief that bias or prejudice exists," as required by § 144.  The Court therefore deems this argument waived.  *See United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (cleaned up).

critical infrastructure, i.e., election equipment." And they note that various state officials advocated for federal prosecutors in the Eastern District to charge Lambert for her post-election activities. (ECF No. 84, PageID.803-06, 810-12).

The Court concludes that recusal is unwarranted. In terms of Lambert Defendants' evidentiary support, they only cite to information that the Court as an AUSA prosecuted cases involving drug trafficking, organized crime, violent crime, white-collar crime, and computer crimes. But to the extent Lambert Defendants allege that the Court was ever involved in (1) general election security matters or (2) any specific investigation or potential prosecution of Lambert and/or Bachenberg, this pure speculation and false.

For this reason, the Court denies Lambert Defendants' motion to recuse. *See Devolder v. Lee*, No. 14-10624, 2014 U.S. Dist. LEXIS 107071, at *9 (E.D. Mich. Aug. 5, 2014) ("Courts have been quite clear . . . in suggesting that 'unsupported, irrational, or highly tenuous speculation' is not adequate grounds for recusal.") (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)); *In re Nat'l Prescription Opiate Litig.*, No. 25-3428, 2025 U.S. App. LEXIS 23052, at *8 (6th Cir. Sep. 5, 2025) ("without more, bare speculation that a district judge engaged in improper communications cannot support a motion for recusal"); *Doherty v. Borisch*, No. 25-308, 2025 U.S. Dist. LEXIS 195045, at *7 (W.D. Mich. Apr. 1, 2025) ("no reasonable person would question the undersigned's impartiality" because

5

"Plaintiff's allegation that the undersigned is 'invested' in public officials who are among the Defendants in this case is vague, speculative, and untrue"); *see also Hassan v. Holder*, 604 F.3d 915, 924 (6th Cir. 2010) (rejecting request to recuse immigration judge who previously worked at the Department of Homeland Security (DHS) because "there is nothing in the record to suggest that the immigration judge here, while at DHS, ever participated in Petitioners' case in any of the capacities listed in [§ 455(b)(3)]"); *Jenkins v. Bordenkircher*, 611 F.2d 162, 166 (6th Cir. 1979) ("Though the duty to vacate the bench is absolute in a situation where the judge was a United States attorney at the time when the case before him began, this rule applies only when the case before him is the same as or is related to the case which was within his jurisdiction as prosecuting attorney. . . . [A] judge who as United States Attorney was 'of counsel' when a defendant was tried and convicted of one charge is not disqualified from presiding at the prosecution of the same defendant for a totally unrelated offense.") (citation omitted).

Having ruled on the motion to remand, the Court denies Lambert Defendants' motion to stay as moot.[4]

---

[4] The Court at this time declines Plaintiffs' request to sanction Lambert Defendants for filing a frivolous recusal motion. Specifically, Plaintiffs have not presented any authority justifying such relief.

\* \* \*

For the reasons given, IT IS ORDERED that Lambert Defendants' motion to recuse (ECF No. 84) is DENIED.

IT IS FURTHER ORDERED that that Lambert Defendants' motion to stay (ECF No. 87) is DENIED.

SO ORDERED.

Dated: December 9, 2025                      s/Robert J. White  
                                                               Robert J. White  
                                                                United States District Judge