**NOT RECOMMENDED FOR PUBLICATION**

No. 25-1717

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 18, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| YAACOV APELBAUM; XRVISION, LTD., | ) |
| Plaintiffs-Appellees, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| STEPHANIE LYNN LAMBERT, | ) THE EASTERN DISTRICT OF |
| | ) MICHIGAN |
| Defendant, | ) |
| and | ) |
| BILL BACHENBERG, | ) |
| Defendant-Appellant. | ) |

O R D E R

Before: BOGGS, SILER, and KETHLEDGE, Circuit Judges.

In 2023, Yaacov Apelbaum and his cybersecurity firm, XRVision, Ltd. (collectively "Apelbaum"), filed a civil action against Stephanie Lynn Lambert, an attorney; the Law Office of Stephanie Lynn Lambert, PLLC (collectively "Lambert"); and Bill Bachenberg, a resident of Pennsylvania. The complaint stemmed from Lambert's participation in election fraud investigations and lawsuits following the 2020 presidential election and Bachenberg's financial investment in her efforts. In February 2024, a clerk's entry of default was docketed as to Lambert. Apelbaum then moved for default judgment, but the district court denied that motion without prejudice in November 2024 because Bachenberg's liability had not yet been determined.

Case 2:23-cv-17125-RJW-APP  ECF No. 292, PageID.18888  Filed 12/18/25  Page 2 of 4
Case: 25-1717   Document: 22   Filed: 12/18/2025   Page: 2

No. 25-1717
- 2 -

The parties subsequently engaged in settlement negotiations. Apelbaum moved to dismiss Bachenberg from the suit, asserting that the parties had reached a resolution of all claims against Bachenberg only and that Bachenberg had tendered the agreed-upon settlement amount of $500,000. Lambert and Bachenberg (now represented by the same counsel) filed a joint motion to enforce the settlement agreement, in which they argued that the negotiations had resulted in settlement of all claims against *all* parties and that the entire case was settled. Lambert also moved to vacate the entry of default.

On July 15, 2025, following a hearing on the motions, the district court granted the motion to dismiss the claims against Bachenberg with prejudice and terminated him as a party to the action. The district court denied the motion to enforce the settlement agreement. Since then, the district court has granted Lambert's motion to vacate the entry of default.

Bachenberg filed a notice of appeal from the order dismissing him from the action. This court issued a show-cause order directing the parties to address this court's jurisdiction. In response, Bachenberg acknowledges that there has been no final order in the case. He asserts that his dismissal from the case should be considered appealable under the collateral order doctrine or that his notice of appeal should be considered as a petition for a writ of mandamus. Apelbaum asserts that the collateral order doctrine does not apply, Bachenberg lacks standing to appeal now that he has settled his claims and has been dismissed from the case, and mandamus relief is not warranted.

This court's jurisdiction is generally limited to final decisions of district courts, 28 U.S.C. § 1291, including interlocutory orders that are "sufficiently important and collateral to the merits that they should 'nonetheless be treated as final.'" *Will v. Hallock*, 546 U.S. 345, 347 (2006) (quoting *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1992)) (citation modified). Under the collateral order doctrine, an order that does not end the lawsuit may be appealed if it "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment." *Id.* at 349 (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)).

Bachenberg first asserts that the district court's July 15, 2025, order is appealable under the collateral order doctrine. He argues that the order conclusively determined that a valid settlement agreement existed, an issue separate from the merits of the action, which involved defamation and breach of contract. He also asserts that the issue will be unreviewable on appeal because, by that time, he will have been forced to participate as a witness for the claims against Lambert, to expend time and money, and to endure public scrutiny that he paid $500,000 to avoid.

We assume that the district court's order conclusively determines whether Bachenberg entered a valid settlement agreement. We also assume that enforcement of the settlement is separate from the merits of the dispute between Bachenberg and Apelbaum. Nevertheless, the order is not unreviewable on appeal after final judgment.

In *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 866 (1994), the parties entered into a settlement agreement. Several months later, the district court granted Desktop's motion to vacate the resulting dismissal. *Id*. Digital appealed, arguing that it had a "right not to stand trial" that should be protected by an immediate appeal. *Id*. at 869. The Supreme Court, disagreed, finding that the appeal did not raise an important question effectively unreviewable on final judgment. *Id*. at 875-83. The Court found that the failure to immediately review a settlement agreement did not burden the parties as compared to other subject matters normally appealable under the collateral order doctrine. *Id*.

Although further litigation against Lambert raises the possibility that Bachenberg may be called as a witness or that he may face continued public scrutiny, "the mere identification of some interest that would be 'irretrievably lost' has never sufficed to meet the third [collateral order] requirement." *Id.* at 872. Thus, even if we assume that Bachenberg has standing to appeal the district court's order approving his settlement and dismissing him from the case, the July 15, 2025, order is not appealable under the collateral order doctrine.

In the alternative, Bachenberg requests that we construe his notice of appeal as a petition for a writ of mandamus if we conclude that we lack jurisdiction over his appeal. Mandamus relief "is an 'extraordinary' remedy designed to confine a court to its proper authority or to require it to undertake a clearly articulated duty." *United States v. Martirossian*, 917 F.3d 883, 889 (6th Cir.

2019) (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)).  A court may issue the writ only if (1) the party seeking the writ has "no other adequate means to attain" the desired relief, (2) the petitioner establishes that his right to the writ is "clear and indisputable," and (3) the court, in its discretion, is "satisfied that the writ is appropriate under the circumstances."  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (internal quotations omitted).

The extraordinary circumstances that warrant mandamus relief do not exist here.  As explained above, Bachenberg has other adequate means to challenge the district court's decision after final judgment is entered.  We therefore decline to treat the appeal as a petition for a writ of mandamus.

For the foregoing reasons, we **DISMISS** this appeal.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk