IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CASE NO. 2:23-cv-11718-RJW-APP

YAACOV APELBAUM,
and XRVISION, LTD.,

Plaintiffs,

v.

STEFANIE LAMBERT, and
THE LAW OFFICE OF STEFANIE
L. LAMBERT, PLLC,

Defendants.
_______________________________/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

The Defendants, Stefanie Lambert and The Law Office Of Stefanie L. Lambert, PLLC, by and through their undersigned counsel, hereby respectfully submit this, their Reply in Support of Motion to Dismiss, and support thereof state:

**Introduction**

The Plaintiffs initiated this action against the Defendants Stefanie Lambert and The Law

The Plaintiffs, Yaacov Apelbaum and XRVision, Ltd. are cybersecurity experts who allege they were retained by the Defendants to perform forensic analysis of election equipment related to the 2020 Presidential Election. The Plaintiffs claim

they performed the requested services but were not paid the $550,000 owed under the parties' agreements. The Plaintiffs further allege that Defendants made false and defamatory statements about them to legislative bodies, including the Pennsylvania Senate, Wisconsin State Legislature, and Arizona Senate.

The Complaint identifies only one specific statement attributed to the Defendants:

> Your office will receive a formal letter from my office today. Yaacov Apelbaum has a conflict of interest. He was hired by Fulton County. He is bound by privilege. His firm will be sued if he performs any analysis on Fulton County data for the Senate. (ECF 1, PageID 9).

The Plaintiffs also allege, without specific quotations or context, that Defendants accused them of being incompetent, secretly working as malicious operatives of the federal government, and lacking ability in cybersecurity and forensic analysis.

The Plaintiffs assert that as a direct result of these statements, the Pennsylvania Senate terminated its relationship with them. The Complaint contains ten counts, each incorporating all preceding allegations, including claims for libel and slander with and without actual malice, breach of contract, tortious interference, promissory estoppel, and quantum meruit/unjust enrichment. Paragraph 171 of the Complaint acknowledges that "the existence of a contract between the Plaintiffs and the Defendants is disputed in part or in whole." (ECF 1, PageID 23).



THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## <u>Argument</u>

### The Complaint is an Impermissible Shotgun Pleading

Federal Rules of Civil Procedure 8(a) and 10(b) require a short, plain statement of each claim and separation of claims into distinct counts. The Plaintiffs violate these rules by incorporating every prior allegation into every count, producing the exact pleading defect condemned in *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), and recognized in the Sixth Circuit in *Lee v. Ohio Education Ass'n*, 951 F.3d 386 (6th Cir. 2020).

That structure prejudices the Defendants by obscuring which facts support which claims, particularly problematic where the Complaint asserts diverse theories including defamation, tortious interference, breach of contract, and quasi-contract. Courts consistently hold that such pleadings fail to provide the notice required by Rule 8 and justify dismissal with leave to amend at minimum. *Kensu v. Corizon, Inc.*, 5 F.4th 646 (6th Cir. 2021).

### The Defamation Claims Fail as a Matter of Law

Under Michigan law, a defamation plaintiff must identify the exact language alleged to be defamatory. *Ghanam v. Does*, 303 Mich. App. 522, 845 N.W.2d 128 (2014). The Plaintiffs quote only one statement verbatim and vaguely allude to others without context, speaker, timing, or content. That is fatal to their claims.



THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

To state a claim, the Plaintiffs must allege: (1) a false and defamatory statement, (2) unprivileged publication, (3) fault, and (4) damages or defamation per se. *Hieber v. Oakland Cnty*., 136 F.4th 308 (6th Cir. 2025). They do not plausibly plead any of these elements.

The sole quoted statement concerns a perceived conflict of interest and expresses a legal position, not a provably false fact. Statements incapable of defamatory meaning are non-actionable as a matter of law. *Lento L. Group, P.C. v. Lewis*, No. 24-2122, 2025 U.S. App. LEXIS 26475 (6th Cir. Oct. 8, 2025). Courts decide this issue de novo. *Sandmann v. N.Y. Times Co*., 78 F.4th 319 (6th Cir. 2023).

Vague claims that the Plaintiffs were "incompetent" or "lacking ability" are classic expressions of opinion, not verifiable facts. Under Sixth Circuit precedent, only statements with a precise, factual meaning are actionable. *Boulger v. Woods*, 917 F.3d 471 (6th Cir. 2019); *Bentkowski v. Scene Magazine*, 637 F.3d 689 (6th Cir. 2011).

The Plaintiffs also fail to plead falsity or malice with any factual support, relying instead on conclusory labels, insufficient under Rule 12(b)(6). *Parks v. LaFace Records*, 329 F.3d 437 (6th Cir. 2003).



THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

**Noerr-Pennington Immunity and Qualified Privilege Bar the Claims**

Statements to legislative bodies on matters of public concern are core First Amendment petitioning activity protected by the Noerr-Pennington doctrine. *Geomatrix, LLC v. NSF Int'l*, 82 F.4th 466 (6th Cir. 2023); J *& J Constr. Co. v. Bricklayers & Allied Craftsmen, 468 Mich*. 722, 664 N.W.2d 728 (2003).

The Plaintiffs bear the burden of pleading facts to invoke the "sham" exception. *Westmac, Inc. v. Smith*, 797 F.2d 313 (6th Cir. 1986). They plead none. They do not allege facts showing the Defendants' communications were objectively baseless or undertaken for an improper purpose as required by *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries*, 508 U.S. 49 (1993).

Separately, Michigan recognizes a qualified privilege for statements made in furtherance of public duties and matters of shared concern. Where the complaint itself shows the statements were made to legislative bodies, dismissal is proper absent well-pled facts of abuse of privilege, which the Plaintiffs do not provide.

**The Tortious-Interference Claim Fails**

To state a claim, the Plaintiffs must plead: (1) a valid business relationship or expectancy, (2) Defendants' knowledge, (3) intentional interference, (4) improper motive or means, and (5) damages. *BNA Assocs. LLC v. Goldman Sachs Specialty Lending Group, L.P.*, 63 F.4th 1061 (6th Cir. 2023).



THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

The Plaintiffs merely identify the Pennsylvania Senate without alleging any concrete contract, expectancy, or reasonable probability of future business as required by *Cedroni Assocs. v. Tomblinson*, 492 Mich. 40, 821 N.W.2d 1 (2012).

The claim also collapses because it rests entirely on the same speech that is constitutionally protected under Noerr-Pennington and common-law privilege. Protected petitioning activity cannot constitute "improper" interference. The Plaintiffs further allege malice only in conclusory terms, which Michigan law deems insufficient. *Warrior Sports, Inc. v. NCAA*, 623 F.3d 281 (6th Cir. 2010).

Finally, the Plaintiffs fail to plead causation. They do not allege facts showing Defendants' statements, rather than independent decisions by third parties, caused any termination of relationship.

**The Contract and Quasi-Contract Claims Are Defective**

The Plaintiffs concede that "the existence of a contract…is disputed in part or in whole." That admission defeats the first element of a breach-of-contract claim: the existence of an enforceable agreement. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815 (6th Cir. 1999).

They also fail to plead the essential terms of any contract with sufficient specificity.

While Rule 8 permits alternative pleading, it does not override substantive



THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

law. Where an express contract governs, claims for unjust enrichment, quantum meruit, and promissory estoppel are barred. *Terry Barr Sales Agency v. All-Lock Co.*, 96 F.3d 174 (6th Cir. 1996); *Morris Pumps v. Centerline Piping*, 273 Mich. App. 187, 729 N.W.2d 898 (2006).

The Plaintiffs cannot simultaneously assert that a contract exists and seek recovery under theories available only when no contract governs. Their attempt to do so is legally untenable.

## **Conclusion**

The Complaint is structurally defective, substantively insufficient, and legally barred by constitutional and common-law protections. The Plaintiffs fail to plead actionable defamation, tortious interference, or breach of contract, and their quasi-contract claims are incompatible with their own allegations.

In light of the foregoing, the Defendants, Stefanie Lambert and The Law Office of Stefanie L. Lambert, PLLC, respectfully request that the Court grant the Motion to Dismiss in its entirety, with prejudice, and award such further and other relief as this Honorable Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2026, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L. Perry II*
David L. Perry II , Esquire
Florida Bar No. 1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Serv608@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendants*